## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DELFINO PEDROZA and LILIANA ANDRADE,

      Plaintiffs,

vs.                                      No. CIV 07-0591 JB/ACT

LOMAS AUTO MALL, INC.; PLATTE RIVER
INSURANCE COMPANY; M.D. LOHMAN d/b/a
LOHMAN MOTORS WESTERN SURETY COMPANY;
and WACHOVIA DEALER SERVICE, INC. d/b/a
WFS FINANCIAL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Platte River Insurance Company's Motion to Dismiss for Lack of Jurisdiction, filed July 18, 2007 (Doc. 13).  The Court held a hearing on the motion on December 6, 2007.  The primary issue is whether the Court has jurisdiction over the Plaintiffs' claim that Defendant Lomas Auto Mall, Inc. sold a salvage title vehicle without disclosure by withholding the title.  Because the Court concludes that Platte River's motion is more properly characterized as a motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure, and because the nature of the Plaintiffs' case falls within the scope of the federal statute's language, the Court will deny Platte River's motion to dismiss.

## FACTUAL BACKGROUND

The Plaintiffs allege that Lomas Auto, an experienced used automobile dealer, took advantage of them, a young couple, by selling them a used 2005 GMC Sierra that had a salvage title, without disclosing that the Sierra was salvage.  See Plaintiff's Opposition to Platte River Insurance

Company's Motion to Dismiss at 1, filed August 15, 2007 (Doc. 21)("Plaintiff's Response"). The Sierra's title certificate shows that the Sierra had been branded salvage.  See Plaintiff's Response, Exhibit A, Title Certificate at 1.  The Plaintiffs contend that, except by withholding the title certificate, this scam would be no more than classic fraud by omission.  See Plaintiff's Response at 1.

The Plaintiffs allege, however, that Lomas Auto did more than fail to disclose the salvage status of the Sierra.  See id. The Plaintiffs contend that, to perpetrate the fraud, Lomas Auto also deliberately withheld the Sierra's salvage title certificate from them so that they would buy the Sierra and pay a price grossly in excess of its fair market value.  See id.  The Plaintiffs argue that Lomas Auto failed to provide them with the title certificate for the Sierra for their inspection and signature-- as the regulations under the federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §§ 32101 and 32701-32711 ("MVICSA") require.  The Plaintiffs contend that Lomas Auto Mall did this to hide from them that the Sierra had a salvage title.  See Plaintiff's Response at 1-2.

The Plaintiffs contend that, by withholding the title certificate, Lomas Auto perpetrated the fraud and violated the MVICSA.  See id. at 2. The Plaintiffs argue that, but for the violation of the MVICSA, Lomas Auto Mall would not have been able to perpetrate the fraud; conversely, had Lomas Auto Mall complied with the MVICSA by presenting the title certificate to the Plaintiffs for their signature, this action would have revealed that the Sierra was a salvage vehicle and obviated the fraud. See id.

## PROCEDURAL BACKGROUND

In their Complaint, the Plaintiffs allege that the Defendants violated 49 U.S.C. § 32701. See

Complaint for Damages and for Declaratory Relief ¶ 2, at 1 ("Complaint").  Platte River moves the Court, pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the case for lack of subject-matter jurisdiction.  <u>See</u> Defendant Platte River Insurance Company's Motion to Dismiss for Lack of Jurisdiction at 1, filed July 18, 2007 (Doc. 13). Platte River also filed a Memorandum in Support of its Motion to Dismiss.   <u>See</u> Defendant Platte River Insurance Company's Memorandum in Support of its Motion to Dismiss for Lack of Jurisdiction, filed July 18, 2007 (Doc. 14)("Platte River's Memo."). The Plaintiffs filed a response in opposition to Platte River's motion to dismiss.  <u>See</u> Plaintiff's Response.  Platte River then filed a reply to the Plaintiffs' response.  <u>See</u> Defendant Platte River Insurance Company's Reply in Support of its Motion to Dismiss for Lack of Jurisdiction, filed August 8, 2007 (Doc. 22)("Platte River's Reply").

As grounds for its motion to dismiss, Platte River states that the Plaintiffs' complaint does not state a federal cause of action.  <u>See</u> Platte River's Memo. at 2.  Platte River argues that the Court should dismiss this lawsuit, because the only federal claim brought by the Plaintiffs is without merit, and, without this claim, the federal court lacks jurisdiction. <u>See</u> <u>id.</u> at 1-2.

Platte River does not challenge its liability as the surety company.  <u>See</u> <u>id.</u> ¶ 1, at 2.  As Lomas Auto's surety, Platte River is liable for actual damages that Lomas Auto's alleged fraud caused and for actual damages that Lomas Auto's alleged failure to provide title to the Sierra caused. <u>See</u> N.M.S.A. 1978, § 66-4-7A ("[B]ond shall be payable . . . of any loss, damage and expense sustained by the purchaser or the purchaser's vendees, or both, by reason of failure of the title of the vendor, by any fraudulent misrepresentations or by any breach of warranty as to freedom from liens."); <u>Kerr v. Schwartz</u>, 82 N.M. 63, 65, 475 P.2d 457, 459 (1970)(stating that the auto dealer bond statute "provides for an automobile dealer's bond and license to protect against failure of title

or fraud at the time of purchase"); <u>Prince v. National Union Fire Ins. Co.</u>, 75 N.M. 313, 316, 404 P.2d 137, 140 (1965)("[T]he bond is to protect against failure of title or fraud"); <u>Rubio v. Bob Crow Chrysler-Plymouth-Dodge, Inc.</u>, 145 F.Supp.2d 1248, 1249-50 (D.N.M. 2001)(Hauser, J.)(noting that surety bond covers fraud claims); <u>Morey v. Miano</u>, 141 F.Supp.2d 1061, 1064 (D.N.M. 2001)(Hauser, J.)(same).  Rather, Platte River argues that the MVICSA applies only to automobile sales where the seller has failed to correctly represent the odometer reading of the vehicle. <u>See</u> Platte River's Memo. at 2.

Platte River's co-Defendants have conceded that the MVICSA provides a viable cause of action against the Defendants.  <u>See</u> Defendant's Motion to Dismiss at 2, filed July 30, 2007 (Doc. 15)("Lomas Auto Mall's Motion to Dismiss").  In the motion to dismiss that Lomas Auto Mall filed, which all the other Defendants except Platte River joined, Lomas Auto Mall stated: "Liability under 49 U.S.C. § 32705, known as the Federal Odometer Act, can attach where the transferor of the car fails to obtain the required signatures on the title certificate, if the transferor acts with intent to defraud.  The fraud need not involve the car's mileage."  Lomas Auto Mall's Motion to Dismiss at 2 (internal quotations and citations omitted).  Although Lomas Auto Mall conceded that the MVICSA is capable of providing a viable cause of action against the Defendants, it argued that it did not ultimately violate the MVICSA because -- according to it -- the Sierra did not have a salvage title at the time of sale to the Plaintiffs.  <u>See</u> <u>id.</u> at 4-5.

<b><u>STANDARDS FOR DETERMINING MOTIONS FILED UNDER<br>RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u></b>

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  The party invoking federal jurisdiction bears the burden of establishing its existence. <u>See</u> <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178, 182-89

-4-

(1936); <u>Miller v. United States</u>, 710 F.2d 656, 662 (10th Ci r. 1983).

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." <u>Mobley v. McCormick</u>, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. <u>See</u> <u>Moore v. Guthrie</u>, 438 F.3d 1036, 1039 (10th Cir. 2006); <u>Hous. Auth. of Kaw Tribe v. City of Ponca City</u>, 952 F.2d 1183, 1187 (10th Cir. 1991).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> at 1965 (internal citation omitted). "[T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. at 1967, 1969). "The United States Court of Appeals for the Tenth Circuit explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493

F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1974.)(alterations omitted).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177.

Once the court has satisfied itself that it has jurisdiction over a controversy, it may entertain motions on the case's merits.  See Bell v. Hood, 327 U.S. 678, 682 (1946)(stating "[w]hether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy."); Waconda v. United States, No. CIV 06-0101 JB/ACT, Memorandum Opinion and Order at 11, filed May 23, 2007 (D.N.M.)(Browning, J.)(Doc. 146).  The Supreme Court of the United States has cautioned lower courts not to dismiss complaints for lack of federal jurisdiction because a plaintiff fails to state a cause of action.  See Baker v. Carr, 369 U.S. 186, 199-200 (1962); Bell v. Hood, 327 U.S. 678, 682 (1946).  The Supreme Court in Bell v. Hood stated: "[W]hen the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court . . . must entertain the suit."  Id. at 681-82.

The Tenth Circuit has repeated that instruction: "When a complaint is drawn to rely directly upon a federal statute, so that the question of the court's jurisdiction is intertwined with the merits of the case, the general rule is that a federal court possesses jurisdiction and should decide the case on its merits."  Bloomer v. Norman Regional Hospital, No. 99-6074, 2000 WL 963336, *2 (10th Cir. July 12, 2000)(unpublished).  See Bell v. Hood, 327 U.S. at 681-83.  There are two exceptions to this rule: "[W]here the alleged claim under the Constitution or federal statutes clearly appears to be

immaterial and made solely for the purpose of obtaining jurisdiction or where a claim is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. at 682-83.  Accordingly, this Court has refused to grant a defendant's motion to dismiss for lack of jurisdiction, even when the Court decides that the plaintiff had not pled a federal cause of action.  See Negrete v. Maloof Distributing L.L.C., No. CIV 06-0338 JB/LFG, Memorandum Opinion and Order at 12, filed Oct. 17, 2006  (D.N.M. Browning, J.)(Doc. 13)("Accordingly, even if the Court were to decide that Negrete had not sufficiently pled a § 1981 cause of action, it would not grant Maloof Distributing's motion to dismiss for lack of jurisdiction."); White v. SPE Corperate [sic] SVC, Inc., No. CIV 05-552 JB/DJS, Memorandum Opinion and Order at 6, filed July 31, 2005  (D.N.M.)(Browning, J.)(Doc. 19).  But see Clark v. Meijer, Inc., No. CIV 04-0921 JB/RLP, Memorandum Opinion and Order at 12-13, filed Jan. 31, 2005 (D.N.M.)(Browning, J.)(Doc. 68)(finding that the federal statutes in the plaintiffs' complaint were "insubstantial and frivolous," and cannot be used as a means of asserting federal jurisdiction).

## LAW REGARDING MVICSA

The United States Court of Appeals for the Eleventh Circuit has rejected the argument that the MVICSA applies only to fraud concerning mileage disclosure.  See Owens v. Samkle Auto, Inc., 425 F.3d 1318, 1321 (11th Cir. 2005)(stating that allegations that an auto dealer failed to allow consumers to examine and sign the title certificate, where the title certificate showed negative information, states a claim under the MVICSA).  The United States District Court for the District of New Mexico has also rejected arguments that the MVICSA applies only to fraud concerning mileage disclosure.  See Yazzie v. Amigo Chevrolet, Inc., 189 F.Supp.2d 1245, 1247-48 (D.N.M. 2001)(Mechem,  J.)(granting summary judgment under the MVICSA where the facts showed that

the auto dealer did not allow consumers to examine and sign the title certificate, where the title certificate showed negative information about the vehicle); Salmeron v. Highlands Ford Sales, Inc., 223 F.Supp.2d 1238, 1241-42 (D.N.M. 2002)(Vazquez, J.)(noting that allegations that an automobile dealer failed to allow customers to examine and sign the title certificate, where the title certificate showed negative information about the vehicle, states a claim under MVICSA). See also Salmeron v. Highlands Ford Sales, Inc., 248 F.Supp.2d 1035, 1037-38 (D.N.M. 2003)(Vazquez, J.)(noting that MVICSA requires disclosures to be given on the title certificate itself, not on other forms).

## ANALYSIS

The Court disagrees with Platte River's construction of the MVICSA.  The Court believes, and prior opinions from this District agree, that for a consumer to state a claim under MVICSA, he or she need not allege fraud concerning mileage disclosure.  Furthermore, the Court believes that the plain language of the relevant statute supports the Plaintiffs' claim under the MVICSA. Additionally, the Court believes it proper to follow the guidance of the Supreme Court and treat this motion as one for failure to state a claim upon which relief can be granted as opposed to deciding it for want of jurisdiction.  For these reasons, the Court believes that it is not divested of subject-matter jurisdiction over the Plaintiffs' claim and thus will deny Platte River's motion to dismiss.

## I.      THE COURT IS NOT DIVESTED OF SUBJECT-MATTER JURISDICTION.

Platte River contends that the Plaintiffs have failed to meet their burden of establishing that the Court has subject-matter jurisdiction over the law suit.  See State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269, 1271 (10th Cir. 1998)(stating that the burden of proving jurisdiction is on the party asserting it).  The Court is aware that the Supreme Court has cautioned lower courts, when

a Complaint attempts to raise a federal question, to resolve a motion to dismiss as one for failure to state a claim upon which relief can be granted under rule 12(b)(6), as opposed to deciding it for want of jurisdiction under rule 12(b)(1).  See Bell v. Hood, 327 U.S. at 681-82.  The Court cannot say that the Plaintiffs' reference to the MVICSA is immaterial.  They did not merely toss a reference to the MVICSA into a lengthy complaint; instead they made a conscious decision to invoke both federal question jurisdiction and plead a federal cause of action.

The Plaintiffs did not make the MVICSA claim solely for the purpose of obtaining jurisdiction, but to bring a claim under the federal statute.  In such a situation, the Court believes that the Supreme Court's admonishment to decide the merits seems appropriate.  See Patton v. Foley's, 66 Fed. Appx. 188, 190 n.1 (10th Cir. June 6, 2003)(stating that "we conclude that their complaint has been drawn to seek recovery under the Constitution and laws of the United States and falls under neither of Bell's two exceptions.").  While their claim may not survive a rule 12(b)(6) challenge, the Court cannot say the federal statutes included in the Complaint are "insubstantial and frivolous," and cannot be used as a means of asserting federal question jurisdiction.  Bell v. Hood, 327 U.S. at 682-83.

The Plaintiffs have met their burden of establishing that the Court has federal question jurisdiction over their claims.  The Court has subject-matter jurisdiction over the federal claims, and the Court therefore has jurisdiction over the remaining claims that the Plaintiffs have brought against the Defendants.  The federal and state claims against all Defendants appear to "form part of the same case or controversy," and the Court therefore may, in its discretion, exercise supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(a). See Bell v. Hood, 327 U.S. at 682-83. The Court will, for the present time, continue to exercise supplemental jurisdiction over the state

claims.

II.    **THE PLAINTIFFS PRESENT A VALID CLAIM UNDER THE MVICSA, 49 U.S.C. §§ 32101, 32701-32711.**

Two judges of the United States District Court for the District of New Mexico have rejected Platte River's argument that the MVICSA applies only to fraud concerning mileage disclosures. Nevertheless, the Court undertook an independent review of the statute and its language to determine whether a cause of action exists in this case.   The Court agrees with the prior precedent in this District.

A.    **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO HAS, IN TWO PUBLISHED OPINIONS, REJECTED ARGUMENTS SIMILAR TO THOSE THAT PLATTE RIVER ADVANCES.**

Platte River's argument -- that the MVICSA applies only to fraud concerning mileage disclosure -- has been previously rejected in two published opinions from this district.  See Yazzie v. Amigo Chevrolet, Inc., 189 F.Supp.2d 1245 (D.N.M. 2001)(Mechem, J.); Salmeron v. Highlands Ford Sales, Inc., 223 F.Supp.2d  1238 (D.N.M. 2002)(Vazquez, J.).   Furthermore, other district courts and circuit courts across the country have rejected Platte River's argument.

In Yazzie v. Amigo Chevrolet, Inc., Judge Mechem granted summary judgment under the MVICSA where the facts showed that the auto dealer did not permit the consumers to examine the title certificate where the title certificate showed negative information about the vehicle.  See 189 F.Supp.2d at 1247-48.  By failing to show the consumers the title certificate, the auto dealer sought to conceal "not the number of miles the truck had been driven, but the location of the miles driven and the verification of the odometer's reading" by the transferor of the car.  Id. at 1248.  Judge Mechem stated:

> Defendants argue that the intent of the Motor Vehicle Information and Cost Savings Act is merely to prohibit tampering with odometers and to protect purchasers in the event an odometer reading has been altered for the purpose of sale.  While this is correct, the Act's regulations specifically requires that a certificate of title signed by the transferor be the primary means of providing odometer information.  By reason of these regulations, a dealer is not in compliance with the Act if substituting its own procedures . . . . The enforcement scheme of both the statute and the regulations is obviously intended to insure the accuracy and consistency of the information transferred . . . . Thus the use of the title certificate and not whatever document or process Defendant may select is a mandatory course of compliance.

Id. at 1247-48.

Similarly, in Salmeron v. Highlands Ford Sales, Inc., Judge Vazquez held that allegations that an auto dealer failed to allow the consumer to examine and sign the title certificate, where the title certificate showed negative information about the vehicle, stated a claim under the MVICSA. See 223 F.Supp.2d at 1241-42.  In Salmeron v. Highlands Ford Sales, Inc., the auto dealer did not show the consumer the title to the car and thus did not disclose to her that a rental car company had previously owned the car. See id. at 1240.  Judge Vazquez held that because the consumer did not see the title of the car, the auto dealer did not comply with  MVICSA regulations and the regulation's requirement to disclose the car's mileage on the title.  See id. at 1242.  Judge Vazquez further held that, even though the auto dealer disclosed the mileage to the consumer on two separate documents, because the auto dealer was not in compliance with MVICSA regulations, the consumer stated a claim for relief under the MVICSA.  See id. at 1242.  Judge Vazquez also specifically rejected the auto dealer's argument  that the consumer failed to state a claim for relief under the MVICSA because she did not allege odometer tampering or failure to disclose an accurate odometer reading. See id.

The Plaintiffs' situation is similar to the situations in both of these cases from the District of New Mexico.  The Plaintiffs allege that Lomas Auto Mall deliberately failed to provide them with

the title certificate for the vehicle for their inspection and signature. <u>See</u> Plaintiff's Response at 1. The Plaintiffs contend that Lomas Auto Mall deliberately did so to preclude them from seeing that the vehicle was branded as salvage. <u>See id.</u> Failure to provide the Plaintiffs with the title certificate for their inspection and signature in an effort to hide the salvage title is against MVICSA regulations. <u>See</u> 49 U.S.C. §§ 32191, 32701-32711. Thus, like the plaintiffs in <u>Yazzie v. Amigo Chevrolet, Inc.</u> and <u>Salmeron v. Highlands Ford Sales, Inc.</u>, although the plaintiffs are not specifically alleging odometer fraud, the facts of their case state a valid claim under the MVICSA.

### B.    THE PLAIN LANGUAGE OF THE MVICSA SUPPORTS THE PLAINTIFFS' CLAIM.

The Court is in agreement with the Plaintiffs that the language of the MVICSA supports their claim. The MVICSA's liability provision provides: "A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $1,500, whichever is greater." 49 U.S.C. § 32710(a). Thus, the language of the statute shows that, to establish a private cause of action under the MVICSA, the consumer must prove: (i) that the defendant violated the MVICSA or its regulations; (ii) with the intent to defraud. <u>See id.</u> "As in any case of statutory construction, our analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well." <u>Hughes Aircraft Co. v. Jacobson</u>, 525 U.S. 432, 438 (1999)(internal quotations and citations omitted). The Tenth Circuit has stated that "[o]ur own statutory interpretation begins with the plain language of the Act." <u>Qwest Corp. v. Public Utilities Comm'n of Co.</u>, 479 F.3d 1184, 1192 (10th Cir. 2007)(internal quotations and citations omitted). According to the statute's plain language, Congress provides for a private cause of action under the MVICSA if any MVICSA regulation is violated with the intent to defraud. "On its face, this statute's meaning is direct, clear and

unambiguous. No language limits the meaning of the clause 'with intent to defraud.'" <u>Owens v. Samkle Automotive Inc.</u>, 425 F.3d 1318, 1321 (11th Cir. 2005)(quoting 49 U.S.C. § 32710(a)). Absent any such limitation to the clause "intent to defraud," the statute's meaning is clear: "[I]f you violate the Odometer Act, and you do so with the intent to defraud your victim in any respect relating to the Odometer Act or the regulations passed pursuant to it, you are liable." <u>Owens v. Samkel Automotive Inc.</u>, 425 F.3d at 1321.

The operative provision of the regulations states that, "[i]n connection with the transfer of ownership of a motor vehicle, each transferor shall disclose the mileage to the transferee in writing <u>on the title</u>." 49 C.F.R. § 580.5(c) (emphasis added). The Plaintiffs contend that they were not shown the title of the vehicle, which would be in violation of the regulation's plain language. <u>See</u> 49 C.F.R. § 580.5(c).  The Plaintiffs further allege that the reason that Lomas Auto Mall witheld the title certificate was to hide the vehicle's salvage status and thus defraud them.  <u>See</u> Plaintiff's Response at 4; Complaint, ¶¶ 32-34, at 5; 49 U.S.C. § 32710(a)(stating that "A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $1,500, whichever is greater.") Thus, because the Court must accept the Plaintiffs' allegations as true on a motion to dismiss, the Plaintiffs have properly stated a claim under the MVICSA.

**IT IS ORDERED** that the Defendant Platte River Insurance Company's Motion to Dismiss for Lack of Jurisdiction is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Rob Treinen
Charles Parnall
Feferman & Warren
Albuquerque, New Mexico

> *Attorneys for the Plaintiffs*

William F. Davis
Charles R. Hughson
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

> *Attorneys for the Defendants Lomas Auto Mall, Inc., Lohman Motors and Wachovia Dealer Services, Inc.*

Kevin M. Sexton
Susan Johnson
Sturges, Houston & Sexton, P.C.
Albuquerque, New Mexico

> *Attorneys for the Defendant Platt River Insurance Company*

Judd West
Doughty & West, P.A.
Albuquerque, NM

> *Attorneys for the Defendant Western Surety Company*