IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DELFINO PEDROZA and LILIANA ANDRADE,

      Plaintiffs,

vs.                                        No. CIV 07-591 JB/RHS

LOMAS AUTO MALL, INC.; PLATTE RIVER
INSURANCE COMPANY; M.D. LOHMAN d/b/a
LOHMAN MOTORS; WESTERN SURETY COMPANY;
and WACHOVIA DEALER SERVICES, INC.
d/b/a WFS FINANCIAL,

      Defendants.

LOMAS AUTO MALL, INC. and M.D. LOHMAN d/b/a
LOHMAN MOTORS,

      Third-Party Plaintiffs,

vs.

INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD. and NEW MEXICO INDEPENDENT
AUTOMOBILE DEALERS' ASSOCIATION, INC.,

      Third-Party Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      **THIS MATTER** comes before the Court on the Letter from Rob Treinen to the Court, dated

January 30, 2008.  The Court held a hearing on February 5, 2008 to resolve the dispute between the

Plaintiffs and Defendant Platte River Insurance Company.  The primary issue is whether the Court

should require Platte River to reimburse the Plaintiffs for their attorney's fees and costs incurred in

successfully opposing Platte River's motion to dismiss on legal grounds now that the parties have

discovered that the Plaintiffs have no claim against Platte River on factual grounds.  Because the

Court does not believe that there is a sound statutory basis for deviating from the American rule, and because the Court believes that Platte River acted reasonably under the facts and circumstances, the Court will deny the Plaintiffs' request for attorney's  fees and costs from Platte River and dismiss Platte River from the case.

## FACTUAL BACKGROUND

Mr. Treinen is the associate at Feferman & Warren, the Plaintiffs' law firm, that is primarily handling this litigation for the Plaintiffs.  Feferman & Warren practices extensively in the consumer-law area.  His firm also teaches courses in this area of the law.

**1.      Mr. Treinen and His Law Firm's Background.**

Mr. Treinen received his Bachelor of Arts degree from Briar Cliff College, magna cum laude, in 1993 and graduated from the University of Minnesota Law School, cum laude, in 1999. See Declaration of Rob Treinen ¶ 4, at 2, received by the Court on January 30, 2008 ("Treinen Declaration")(Doc. 93).  Mr. Treinen is admitted to practice in New Mexico, Colorado and the Navajo Nation, although he is in inactive status with the Navajo Nation.  See id.  He is also admitted to practice before the federal district courts of New Mexico and Colorado.  See id.

Before joining the Feferman & Warren law firm in Albuquerque, Mr. Treinen worked for eighteen months at New Mexico Legal Aid in Gallup, New Mexico, handling consumer cases.  See id.  Mr. Treinen has worked with the law firm of Feferman & Warren for six years, handling exclusively consumer cases on behalf of plaintiffs.  See id.  Mr. Treinen's current standard hourly billing rate is $195.00, which is the fee that he charges to clients on an hourly basis as well as in contingency-fee matters.  See id. ¶ 12, at 5.  As an associate attorney, Mr. Treinen's hourly rate is the second lowest rate of the four attorneys at the firm, with Charles Parnell, who graduated from

law school in May, 2007, as the attorney with the lowest rate.  See id. ¶ 2, at 1-2.

The Bernalillo County District Court recently approved Mr. Treinen's former $175.00 hourly rate.  See id. ¶ 13, at 5; Mallon v. Keenan, Sr., et al., No. CV-03-1873 (Bernalillo County District Court).  The Sandoval County District Court has also recently approved his former $175.00 hourly rate.  See Treinen's Declaration ¶ 14, at 5; Tapia v. King, et al., No. D-1329-CV-04-188 (Sandoval County District Court).  In 2004, the United States District Court for New Mexico approved his former hourly rate of $135.00 in Graham v. Vengroff, Williams & Associates, Inc.  See No. 02-CV-369 MV/RLP, Memorandum Opinion and Order at 9, filed November 4, 2004  (D.N.M. November 4, 2004)(Vazquez, J.)(Doc. 92).

For each of the last six years, Mr. Treinen has undergone approximately twenty-five hours of speciality training in consumer-law topics.  See Treinen Declaration ¶ 5, at 2.  The attorneys at Mr. Treinen's firm also conduct several seminars and clinics a year, for the public and for the legal community, to advise consumers of their rights and to assist lawyers in recognizing and handling consumer-law matters.  See id. ¶ 8, at 4.  Mr. Treinen has presented legal-education courses on consumer-law topics on behalf of the Bankruptcy Section of the New Mexico State Bar and to New Mexico Legal Aid.  See id. ¶ 6, at 2.

As part of the firm's consumer-law practice, the attorneys devote over one-hundred hours per year of uncompensated time to pro-bono activities on consumer-law matters.  See Treinen Declaration ¶ 8, at 4.  The firm customarily accepts telephone calls from other attorneys throughout New Mexico to provide advice, without charge, on consumer-law matters.  See id.  The firm often co-counsels consumer-law cases with local or national counsel.  See id.

Mr. Treinen's practice concentrates on representing consumers in cases involving consumer-

law. See id. ¶ 3, at 2.  His firm is the only law firm in New Mexico with a practice that is exclusively consumer law.  See id.  Although there is no recognized specialty in consumer law, Mr. Treinen's firm maintains an active caseload of approximately one-hundred consumer law matters, with common-law fraud claims or statutory claims under the New Mexico Unfair Practices Act, the New Mexico Motor Vehicle Dealers Franchising Act, Truth in Lending Act, Fair Debt Collection Practices Act, Consumer Leasing Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, and the Motor Vehicle Information and Cost Savings Act.  See Treinen's Declaration ¶ 3, at 2.

Recent favorable published federal-court decisions in lawsuits that Mr. Treinen's firm has brought include: (i) Lee v. Gallup Auto Sales, Inc., 135 F.3d 1359, 1360-63 (10th Cir. 1998)(holding that a regulation which exempts vehicles more than ten-years old from coverage under Motor Vehicle Information and Cost Savings Act is ultra vires); (ii) Billsie v. Brooksbank, et al., ___ F.Supp.2d ___, 2007 WL 4329487 *2 (D.N.M. Nov. 28, 2007)(Brack, J.)(deciding that debt-collection attorney who refuses to return allegedly wrongfully garnished funds can be held liable under the Fair Debt Collection Practices Act and pendant state-law claims); (iii) Apodaca v. Discover Financial Services, et al., 417 F.Supp.2d 1220, 1234 (D.N.M. 2006)(deciding that punitive damages are available against credit-reporting agency where agency's automated system failed to take into account information provided by consumer in mixed-file dispute); (iv) Salmeron v. Highland Ford Sales, Inc., 223 F.Supp.2d 1238, 1243-44 (D.N.M. 2002)(holding that the plaintiff stated a claim under the Motor Vehicle Information and Cost Savings Act based on used-car dealer's failure to allow consumers to sign title certificate, where the title would have shown that the care was formerly a rental car); (v) Yazzie v. Amigo Chevrolet, Inc., 189 F.Supp.2d 1245, 1247-48 (D.N.M. 2001)(holding that a motor-vehicle dealer who failed to obtain buyer's signature on a title

certificate in its possession at time of sale, where certificate would have shown vehicle had been driven on rough reservation roads, violated Motor Vehicle Information and Cost Savings Act with intent to defraud as a matter of law); (vi) Rubio v. Bob Crowe Chrysler, 145 F.Supp.2d 1248, 1249-50 (D.N.M. 2001)(stating that a New Mexico auto-dealer consumer-protection bond statute allows a direct action against surety-bond company where consumer has alleged fraud in the sale of the motor vehicle); (vii) Morey v. Miano, 141 F.Supp. 2d 1061, 1064 (D.N.M. 2001)(holding that a New Mexico auto-dealer consumer-protection bond statute applies where the consumer has alleged fraud in the sale of a motor vehicle); (viii) Dimezza v. First USA Bank, Inc., et al., 103 F.Supp.2d 1296, 1299-1301 (D.N.M. 2000)(upholding private right of action against creditor or other furnisher of information for failure to conduct investigation into disputed information on consumer credit report); (ix) Campos v. Brooksbank, 120 F.Supp.2d 1271, 1274 (D.N.M. 2000)(finding  that the statute of limitations under the Fair Debt Collection Practices Act begins running on the date the collection attorney's conduct allegedly violated the Act, not the date the attorney first filed his collection case); (x) Taylor v. United Management, Inc., 51 F.Supp.2d 1212, 1215-16 (D.N.M. 1999)(stating that a motor-vehicle lease which failed to state the amount allowed as a trade-in violated the Consumer Leasing Act); (xi) Yazzie v. Ray Vicker's Special Cars, Inc., 12 F.Supp.2d 1230, 1232-33 (D.N.M. 1998)(holding that pawn "storage fee" was undisclosed finance charge under Truth in Lending Act); and (xii) Bitah v. Global Collection Services, Inc., et al., 968 F.Supp. 618, 622-23 (D.N.M. 1997)(deciding that an attorney debt collector was liable under the Fair Debt Collection Practices Act).  See Treinen's Declaration ¶ 7, at 2-4.

      **2.**      **The Factual Background of this Case.**

      The Plaintiffs allege that Lomas Auto Mall, an experienced used-automobile dealer, took

advantage of them, a young couple, by selling them a used 2005 GMC Sierra that had a salvage title, without disclosing that the Sierra was salvage.  <u>See</u> Plaintiff's Opposition to Platte River Insurance Company's Motion to Dismiss at 1, filed August 15, 2007 (Doc. 21)("Plaintiff's Response").  The Sierra's title certificate shows that the Sierra had been branded salvage.  <u>See</u> Plaintiff's Response, Exhibit A, Title Certificate at 1.   The Plaintiffs contend that, except by withholding the title certificate, this scam would be no more than classic fraud by omission.  <u>See</u> Plaintiff's Response at 1.

The Plaintiffs allege, however, that Lomas Auto Mall did more than fail to disclose the salvage status of the Sierra.  <u>See</u> <u>id.</u> The Plaintiffs contend that, to perpetrate the fraud, Lomas Auto Mall also deliberately withheld the Sierra's salvage title certificate from them so that they would buy the Sierra and pay a price grossly in excess of its fair market value.  <u>See</u> <u>id.</u>  The Plaintiffs argue that Lomas Auto Mall failed to provide them with the title certificate for the Sierra for their inspection and signature -- as the regulations under the federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §§ 32101 and 32701-32711 ("MVICSA") require.  The Plaintiffs contend that Lomas Auto Mall failed to provide this certificate to hide from them that the Sierra had a salvage title.  <u>See</u> Plaintiff's Response at 1-2.

The Plaintiffs contend that, by withholding the title certificate, Lomas Auto Mall perpetrated the fraud and violated the MVICSA.  <u>See</u> <u>id.</u> at 2. The Plaintiffs argue that, but for the violation of the MVICSA, Lomas Auto Mall would not have been able to perpetrate the fraud; conversely, had Lomas Auto Mall complied with the MVICSA by presenting the title certificate to the Plaintiffs for their signature, this action would have revealed that the Sierra was a salvage vehicle and obviated the fraud. <u>See</u> <u>id.</u>

The Plaintiffs, by letter to the New Mexico Motor Vehicle Department ("MVD"), requested bonding information for Lomas Auto Mall.  <u>See</u> Letter from Rob Treinen to Kevin Sexton at 1, dated January 11, 2008 ("January 11, 2008 Letter").  On May 5, 2007, the Plaintiffs obtained bonding information and documents from the MVD relating to Lomas Auto Sales, in which the MVD stated that Platte River issued the surety bond for Lomas Auto Sales.  <u>See</u> Letter from Kevin Sexton to Rob Treinen at 1, dated January 28, 2008 ("January 28, 2008 Letter").  Before filing suit against Platte River, however, the Plaintiffs had documents reflecting that Western Surety Company was the only bonding company for Lomas Auto Mall, Inc. from April 1, 2003, until March 1, 2007.  <u>See</u> January 28, 2008 Letter at 2.  The Plaintiffs' law firm obtained this information in <u>Lunceford v. Auto Liquidation Center</u>, No. CV-2006-09738 (Second Judicial District Court, State of New Mexico, filed in 2006).  <u>See</u> <u>id.</u>

## **PROCEDURAL BACKGROUND**

Mr. Treinen is an associate attorney with the law firm that represents the Plaintiffs in this case.  <u>See</u> Treinen Declaration ¶ 1 at 1.  Mr. Treinen is the attorney primarily handling this lawsuit. <u>See</u> <u>id.</u>  Mr. Treinen's firm has handled this case entirely on a contingent-fee basis, taking all the risk if the case is not successful.  <u>See</u> <u>id.</u> ¶ 11, at 5.  The firm also advanced all the costs of the litigation.  <u>See</u> <u>id.</u>

The Plaintiffs represent that they had a good-faith basis for the allegation in their Complaint that Platte River issued Lomas Auto Mall's surety bond.  <u>See</u> January 11, 2008 Letter at 2.  The Plaintiffs did not seek clarification from the MVD, however, regarding what turned out to be administrative error, but rather, filed a lawsuit against Lomas Auto Mall.  <u>See</u> January 28, 2008 Letter at 1.  The filing of the lawsuit resulted in Lomas Auto Sales' dealer bond being canceled,

which, in turn, caused Thomas D.Springer d/b/a Lomas Auto Sales to close his business for a period of time.  See id.

After the Plaintiffs filed their lawsuit against Platte River, the law firm representing Platte River told the Plaintiffs' counsel, on several occasions, that Lomas Auto Mall and Lomas Auto Sales were separate and distinct entities.  See id. at 2.  Mr. Treinen represents that, early in this litigation, he told Ms. Susan Johnson, one of Platte River's counsel, that the Plaintiffs would consider any affidavits or documentary evidence that Platte River had concerning the issue whether Platte River issued the surety bond for Lomas Auto Mall.  See January 11, 2008 Letter at 1.  Platte River represents that, in September of 2007, it offered to provide the Plaintiffs with affidavits of Springer, the sole proprietor of Lomas Auto Mall, and of a person from Platte River, regarding the fact that Platte River never bonded Lomas Auto Mall.  See January 22, 2008 Letter at 2.

Platte River represents that Mr. Treinen's response was that such affidavits would be inadequate to prove a lack of relationship between Lomas Auto Mall and Lomas Auto Sales. See id. Mr. Treinen states that he told Ms. Johnson that an affidavit by Mickey Richesin, the owner of Lomas Auto Mall, would not be enough to convince the Plaintiffs to voluntarily dismiss Platte River, but that he invited Platte River to present any other evidence that it might have available to it.  See January 11, 2008 Letter at 1.  Platte River decided not to present the documents until after the Court decided the motion to dismiss.  See id.

In response to Platte River's request, and before the Court decided the motion to dismiss, Mr. Treinen sent to the law firm for Platte River the letter and documents that the MVD provided to him. See id. at 2.  At that time, Mr. Treinen told Platte River's law firm that the MVD had misinformed Mr. Treinen's firm in the past about the identity of the issuer of a particular consumer-protection

automobile-dealer surety bond, but that he could not agree to the voluntary dismissal of Platte River without evidence from Platte River to support its assertion that it was not the issuer of Lomas Auto Mall's surety bond.  See id.  Mr. Treinen states that he told Ms. Johnson that the Plaintiffs would conduct discovery on the identity of the issuer of the bond as soon as they were able to do so.  See id.

At the hearing on December 6, 2007, the Court orally denied Platte River's motion to dismiss for lack of jurisdiction.  See Transcript of Hearing at 16:12-13, taken December 6, 2007 ("Tr.")(Court).[1]  That same day, after the hearing on Lomas Auto Mall's motion to dismiss, Platte River again approached Mr. Treinen, requesting that the Plaintiffs voluntarily dismiss Platte River from the lawsuit.  See January 28, 2008 Letter at 2.  Platte River represents that, as a basis for refusing to dismiss Platte River, Mr. Treinen stated that the MVD documents reflected that Platte River was a surety for Lomas Auto Mall.  See id.

Lomas Auto Mall, in its recent answer, admits that Platte River is not the company that issued its surety bond.  See  Answer of Lomas Auto Mall, Inc. and M.D. Lohman d/b/a Lohman Motors to Plaintiffs' Complaint ¶ 6, at 2, filed December 21, 2007 (Doc. 43).  After the Court denied Platte River's motion to dismiss, Platte River presented documentary evidence and affidavits to the Plaintiffs that showed that it did not issue Lomas Auto Mall's surety bond.  See January 11, 2008 Letter at 1.  Platte River did not, however, present the Plaintiffs with documents concerning whether it issued Lomas Auto Mall's surety bond until after it lost the motion to dismiss.  See id.  At the scheduling conference, on January 4, 2008, the Court offered to hold a telephone conference about

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

any issues in dispute when the parties want to avoid the expense of briefs and a formal hearing.  The Plaintiffs served discovery on the issue whether Platte River issued the surety bond on the first day that discovery was allowed.  See January 22, 2008 Letter at 2.  On January 4, 2008, Mr. Kevin Sexton also wrote Mr. Rob Treinen a letter making certain representations about the facts on the merits of the case.  See id.  Mr. Sexton's letter also included his letter affidavits.  See id.  While the Court does not have a copy of that letter, the Court presumes that Mr. Sexton made a compelling case that the claims against his client must be dismissed.

On January 9, 2008, the Court issued an opinion denying Platte River's motion to dismiss. See Memorandum Opinion and Order, filed January 9, 2008 (Doc. 66) in Pedroza v. Lomas Auto Mall, Inc., et al., No. Civ. 07-0591 JB/ACT (D.N.M. January 9, 2008)(Browning, J.).  In a letter dated January 11, 2008, Mr. Treinen made a proposal on the Plaintiffs' behalf.  See January 11, 2008 Letter at 1.  Under the proposal, the Plaintiffs would dismiss their claims against Platte River if Platte River paid the Plaintiffs for the attorney's fees that the Plaintiffs accrued in responding to Platte River's motion to dismiss.  See id.  The Plaintiffs stated that they had accrued $3,003.00 in attorney's fees dealing with Platte River's unnecessary motion to dismiss and in making a demand for the fees.  See id. at 2.  Mr. Treinen stated that, if Platte River refuses to pay the Plaintiffs for the attorney's fees it caused by its allegedly unnecessary motion to dismiss, perhaps the issue could be the subject of a telephone conference with the Court.  See id.

Mr. Treinen's January 11, 2008 letter to Mr. Sexton, of which the Court has a copy, included his affidavit, which declared under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that his statements therein were true.  See January 11, 2008 Letter, Treinen's Declaration.  Mr. Treinen also attached the firm's redacted statement of services to his

-10-

January 11, 2008 Letter.  See January 11, 2008 Letter, Statement of Services ("Statement of Services").  Mr. Treinen represents that all of the activities in the statements which he attached to his affidavit were necessary to Platte River's motion to dismiss and are correctly stated.  See Treinen's Declaration ¶ 9, at 4.  He also states that the information in the statements that he attached was recorded contemporaneously on a computerized time and billing program called "TimeSlips." Id. ¶ 10, at 5.  He represents that all time is actual, rounded up to the tenth of an hour.  See id.  Mr. Treinen represents that his firm uses a "running clock," to keep a more accurate record of time actually spent.  See id.  Entries reflect actual-clock time, instead of charging a minimum-billing unit for each separate activity.  See id.

The entries in Mr. Treinen's bills include the following items charged at $195.00 per hour: (i) 7/19/2007 Review of motion to dismiss filed by Platte River, .2 hour, $39.00; (ii) 7/19/2007 Dictate letter to Sexton, atty for Platte River requesting that he withdraw motion to dismiss, .2 hour, $39.00; (iii) 7/25/2007 Call to Sexton re:  Platte River's motion to dismiss (left voicemail), .1 hour, $19.50; (iv) 7/27/2007 Dictate letter to Sexton re: extension on response to Platte River's motion to dismiss, .1 hour, $19.50; (v) 8/13/2007 Work on brief in opposition to Platte River's motion to dismiss, 1.00 hour, $195.00; (vi) 8/14/2007 Work on opposition to Platte River's motion to dismiss, 5.1 hours $994.50; (vii) 8/15/2007 Work on opposition to Platte River's motion to dismiss, 3.6 hours, $702.00; (viii) 8/25/2007 Review Platte River's reply brief in support of its motion to dismiss, .1 hour, $19.50; (ix) 10/25/2007 Call to Sanchez @ Court (left voicemail); Hughson and Sexton re: resetting 10/31 hearing, .2 hour, $39.00; (x) 10/29/2007 Draft motion to reset 10/31 hearing and proposed order re: same and fax same to counsel for their approval, .5 hour, $97.50; (xi) 10/29/2007 Prepare motion and proposed order to reset 10/31 hearing for filing after obtaining opposing

counsels' consent to form of motion and order, .1 hour, $19.50; (xii) 10/29/2007 Teleconference with court to reset 10/31 hearing, .1 hour, $19.50; (xiii) 12/5/2007 Prepare for oral argument on Platte River's motion to dismiss, 2.6 hours, $507.00; (xiv) 12/6/2007 Appear and argue at hearing re: Platte River's motion to dismiss, 1.0 hour, $195.00; and (xv) 1/9/2008 Review of opinion rejecting Platte River's motion to dismiss, .5 hour, $97.50.  See Statement of Services.

Platte River did not respond to this proposal. See Letter from Rob Treinen to Kevin Sexton, dated January 28, 2008 ("Treinen's January 28, 2008 Letter"). On January 28, 2008, Mr. Treinen sent Mr. Sexton another letter, asking Mr. Sexton to let him know Platte River's position.  See id. Mr. Treinen also asked Platte River, again, to agree to a teleconference with the Court about this matter if the parties could not reach a voluntary agreement.  See id.

On that same day, January 28, 2008, Mr. Sexton responded to Mr. Treinen's January 11, 2008 letter. See January 28, 2008 Letter.  Mr. Sexton characterized Mr. Treinen's letters as finally acknowledging that Platte River is not a proper party to the litigation.  See id. at 1.  Platte River stated that it agreed that the immediate and unconditional dismissal, with prejudice, of Platte River is warranted. See id.

With regard to the Plaintiffs' attempt to extract a fee from Platte River, Platte River characterized the Plaintiffs' demand for money before the Plaintiffs do what they are legally compelled to do as "simply outrageous." Id.  Platte River stated that, in the event that the Plaintiffs persist in their refusal to promptly dismiss Platte River from the case, it will file a motion for summary judgment, pursuant to which it will request, as a sanction, payment of all of its attorney's fees and costs to date in defending what it characterizes as a "patently meritless lawsuit." Id.

Platte River accepted the opportunity to meet with the Court and discuss the issues separating

them, and gave the dates on which its counsel was available. <u>See</u> <u>id.</u> at 2.  To get this issue before

the Court, Mr. Treinen has submitted correspondence that explains the substance of the dispute.  <u>See</u>

Letter from Rob Treinen to the Court, dated January 30, 2008 ("January 30, 2008 Letter").  Springer

has indicated to his counsel that he is considering legal action relating to the loss of income that he

experienced as a result of what he characterizes as a frivolous lawsuit by the Plaintiffs.  <u>See</u> January

28, 2008 Letter at 1.

<u>**LAW REGARDING THE AWARD OF ATTORNEY'S FEES**</u>

"As a general rule, trial courts are without authority to award attorney's fees unless the right

exists by contract or statute." <u>Paramount Pictures Corp. v. Thompson Theaters, Inc.</u>, 621 F.2d 1088,

1091 (10th Cir. 1980).  <u>See</u> <u>Craft v. Sunwest Bank of Albuquerque</u>, 84 F.Supp.2d 1226, 1238-39

(D.N.M. 1999) ("In the absence of statutory authority to the contrary, parties pay their own

attorney's fees.").  28 U.S.C. § 1927 concerns a counsel's liability for excessive costs.  It states:

> Any attorney or other person admitted to conduct cases in any court of the United
> States or any Territory thereof who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy personally the
> excess costs, expenses, and attorneys' fees reasonably incurred because of such
> conduct.

28 U.S.C. § 1927.

New Mexico also follows the American rule with respect to attorney's fees. <u>See</u> <u>Craft v.</u>

<u>Sunwest Bank of Albuquerque</u>, 84 F.Supp.2d 1226, 1238-39 (D.N.M. 1999) ("In the absence of

statutory authority to the contrary, parties pay their own attorney's fees."). "Generally, a party may

recover attorney fees only when authorized by statute, court rule, or an agreement expressly

providing for their recovery." <u>Garcia v. Jeantette</u>, 2004-NMCA-004, ¶ 16, 82 P.3d 947, 951 (citing

<u>Monsanto v. Monsanto</u>, 119 N.M. 678, 681, 894 P.2d 1034, 1037 (Ct. App. 1995)); <u>see</u> <u>Credit Inst.</u>

-13-

v. Veterinary Nutrition Corp., 2003-NMCA-010, ¶ 38, 62 P.3d 339, 347 ("'As a general rule, litigants are responsible for their own attorney fees absent statutory authority or some other authority such as a contract allowing such fees.'")(quoting Springer Group, Inc. v. Wittelsohn, 1999-NMCA-120, ¶ 23, 988 P.2d 1260, 1266).

The Local Rules for the District of New Mexico set out the application process for attorney's fees in New Mexico Federal District Court.  The Local rule states:

**54.5 Application for Award of Attorney's Fees.**

**(a) Filing of Motion.** A motion for attorney's fees not brought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), must be filed and served within thirty (30)calendar days after entry of judgment. Failure to file and serve within this time constitutes waiver of a claim to attorney's fees. Movant must submit a supporting brief and evidence (affidavits and time records). The motion must comply with D.N.M.LR Civ. 7.

**(b) Time Records.** An attorney must keep concurrent time records in 42 U.S.C. § 1983 cases and in other actions where there is a potential for an award of attorney fees. Time records are kept by the attorney and are not filed until after final judgment unless otherwise ordered.

D.N.M.L.R. Civ. 54.5.

## ANALYSIS

The Plaintiffs contend that the motion to dismiss was frivolous.  See January 11, 2008 Letter at 1.  The Plaintiffs argue that, at the time that Platte River filed its motion to dismiss, it had available to it records that would show it was not the issuer of Lomas Auto Mall's surety bond.  See id.  The Plaintiffs maintain that Platte River could have obtained the documents and affidavits that it now provides earlier, and presented them to the Plaintiffs along with a request for dismissal. See id. The Plaintiffs argue that Platte River choose not to present its factual evidence, but, instead, Platte River filed a motion to dismiss based on an argument that the United States District Court for

-14-

the District of New Mexico has twice rejected.  See id.  The Plaintiffs contend that the motion to dismiss was unnecessary given that Platte River had a valid basis for dismissal all along.  See id.  The Court notes, however, that the Plaintiffs do not list any particular statute under which they are requesting attorney's fees.  The Court assumes that the Plaintiffs' request is being made pursuant to 28 U.S.C. § 1927.

The Plaintiffs note that they did not make Platte River's strategy decisions.  See id.  The Plaintiffs maintain that their good-faith basis for the allegation in their Complaint that, Platte River issued Lomas Auto Mall's surety bond, does not excuse Platte River waiting to present evidence that it did not issue the bond until after it had lost its motion to dismiss.  See id.  The Plaintiffs contend that, at the very least, Platte River could have delayed filing its motion to dismiss until Lomas Auto Mall filed its answer or until the Plaintiffs' counsel had an opportunity to receive discovery responses concerning the identity of the issuer of the surety bond.  See id. at 2.

The Plaintiffs' lawsuit against Platte River appears not to have a factual or legal basis.  Platte River contends that the Plaintiffs' position about refusing to accept, as adequate, information to prove lack of relationship between Lomas Auto Mall and Lomas Auto Sales, was particularly egregious given the Plaintiffs' disregard of information that they possessed before filing suit against Platte River.  See January 28, 2008 Letter, at 2.  The Plaintiffs' assertion that the MVD documents reflected that Platte River was a surety for Lomas Auto Mall did not have a factual basis, and Mr. Treinen has now acknowledged this problem.

The Plaintiffs' effort to extract a payment from Platte River in exchange for dismissal, which the Plaintiffs admit is required, is premised on a wrong assumption.  While the Plaintiffs have correctly asserted that, at the time that Platte River filed its motion to dismiss for lack of subject-

matter jurisdiction, it knew that Lomas Auto Mall was not bonded by Platte River, that fact does not mean the motion to dismiss was legally frivolous. Platte River cannot be faulted for trying for a quick, clean legal decision rather than trying to file a motion for summary judgment before any discovery took place. Moreover, Platte River had been trying to get the Plaintiffs to dismiss Platte River on that basis for months before filing the motion to dismiss.

Despite the lack of evidence implicating Platte River in any aspect of the sales transaction, the Plaintiffs have repeatedly refused to agree to a dismissal. Given the Plaintiffs' persistent refusal to dismiss Platte River, Platte River was compelled to proceed with a zealous defense. It was not unreasonable for Platte River to attempt the motion to dismiss. At any time, the Plaintiffs could have avoided the expenditure of attorney's fees and costs by agreeing to a dismissal. The Court cannot say that Platte River's motion was unnecessary, frivolous, or baseless.

Platte River contends that the law compelled dismissal from the outset of this litigation. While the Plaintiffs have recently acknowledged that its claims against Platte River should be dismissed, the Plaintiffs have not acknowledged that it should have been dismissed at the very beginning of the case. Nor can the Court say that the Plaintiffs' actions at the beginning of the suit were unfounded.

Both sides have proceeded cautiously and conservatively. The Court cannot fault any of the parties. Accordingly, neither side is entitled to a deviation from the American rule in this case.

The Court has carefully reviewed the statement of services that Mr. Treinen's firm rendered in this case. Mr. Treinen maintains that his rate is consistent with the rates of specialty practitioners of his experience and ability in New Mexico, and that his work was necessary. Because the Court does not believe any fee-shifting is appropriate in this matter, the Court need not decide whether the

-16-

amount of fees that Mr. Treinen seeks is appropriate for the work done.

**IT IS ORDERED** that the Plaintiffs' request for fees and costs incurred in responding to

Defendant Platte River Insurance Company's Motion to Dismiss is denied.  Defendant Platte River

Insurance Company is dismissed with prejudice from this lawsuit.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Rob Treinen
Charles Parnall
Feferman & Warren
Albuquerque, New Mexico

 *Attorneys for the Plaintiffs*

William F. Davis
Charles R. Hughson
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

 *Attorneys for the Defendants Lomas Auto Mall, Inc., Lohman Motors and Wachovia*
 *Dealer Services, Inc.*

Kevin M. Sexton
Susan Johnson
Sturges, Houston & Sexton, P.C.
Albuquerque, New Mexico

 *Attorneys for the Defendant Platt River Insurance Company*

Judd West
Doughty & West, P.A.
Albuquerque, NM

> *Attorneys for the Defendant Western Surety Company*

Michael L. Danoff
Albuquerque, NM

> *Attorney for Independent Auto Dealers Service Corporation, Ltd. and New Mexico*
> *Independent Automobile Dealers' Association, Inc.*