IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DELFINO PEDROZA and LILIANA ANDRADE,

       Plaintiffs,

vs.                                                                                                                                 No. CIV 07-591 JB/RHS

LOMAS AUTO MALL, INC.; M.D. LOHMAN d/b/a
LOHMAN MOTORS; WESTERN SURETY COMPANY;
USAA CASUALTY INSURANCE COMPANY d/b/a USAA;
and INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD.,

       Defendants.

LOMAS AUTO MALL, INC. and M.D. LOHMAN d/b/a
LOHMAN MOTORS,

       Third Party Plaintiffs,

vs.

INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD. and NEW MEXICO INDEPENDENT
AUTOMOBILE DEALERS' ASSOCIATION, INC.,

       Third Party Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Letter from Rob Treinen to the Court (dated January 9, 2009), filed January 12, 2009 (Doc. 334). The Court held a hearing on January 12, 2009. The primary issue is what the Court should do given Defendant USAA Casualty Insurance Company d/b/a USAA's continued failure to provide documents that the Court has ordered produced. For the reasons stated at the hearing and for other reasons consistent with those already stated, the Court will grant in part and deny in part the requests contained in Mr. Treinen's January 9, 2009 letter. The Court will require USAA to provide an affidavit by 5:00 P.M., January 14, 2009, and to provide the

requested documents by January 19, 2009, but will not currently impose the various sanctions that the Plaintiffs seek.

## PROCEDURAL BACKGROUND

At the December 17, 2008 hearing, the Court ordered USAA to produce documents and information in response to Plaintiffs' Request for Production No. 17, which requested documents for those vehicles that USAA has sold in Albuquerque, New Mexico through CoPart Auto Auctions since January 1, 2006, where USAA declared the vehicle uneconomical to repair or a total loss. USAA indicated that it was unsure how long it would take to produce the requested documents. The Court therefore ordered USAA to send a letter to Rob Treinen, the Plaintiffs' attorney, within five days, detailing the method that USAA would use to comply with the Court's order for production. See Transcript of Hearing at 25:9-14 (taken December 17, 2008)(Court)("Tr.").[1] If Mr. Treinen had a dispute with USAA's approach, the Court placed the burden on him to raise the issue with the Court. See id. at 25:14-16.

The Court stated that it was aware that the production could be difficult, but that USAA would comply with the Court's order even if it entailed a file-by-file review to locate the responsive materials. See id. at 24:5-14. USAA was directed to comply with the order unless it was genuinely not possible to produce the requested documents, in which case USAA was required to explain the impossibility and raise the issue with the Court. See id. at 24:15-19. The Court followed up on its oral order with a written order and an amended order. See Order, entered January 10, 2009 (Doc. 331), and Amended Order, entered January 12, 2009 (Doc. 333).

On December 23, 2008, Jeffrey W. McElroy, USAA's new counsel, wrote Mr. Treinen

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final version may contain different page and/or line numbers.

regarding the Court's order. Mr. McElroy told Mr. Treinen that USAA was making a good-faith attempt to comply with the Court's order, and that USAA was continuing to search for and to gather any responsive information. See Fascimile Letter from Jeffrey W. McElroy to Rob Treinen (dated December 23, 2008). Mr. McElroy stated that this process had taken USAA longer than anticipated and requested additional time to comply with the order. Mr. McElroy stated that he believed the earliest that USAA could respond with this information would be December 31, 2008, and asked Mr. Treinen to let him know if Mr. Treinen had any objection to this time frame. See id.

On December 24, 2008, Richard N. Feferman, a partner at Mr. Treinen's firm, responded to Mr. McElroy's December 23, 2008 letter, stating that Mr. Treinen was out of town. Mr. Feferman informed Mr. McElroy that, if USAA was able to provide information about the wrecked vehicles sold in New Mexico and the list of all lawsuits by December 31, 2008, the Plaintiffs would be happy to oblige the request for extension of time, and the material could be brought to the hearing that day. See Facsimile Letter from Richard N. Feferman to Jeffery W. McElroy (dated December 24, 2008). Mr. Feferman also wrote, however, that, if Mr. McElroy was unable to identify the vehicles or lawsuits until January, Mr. Feferman would be concerned and that the Plaintiffs expected to receive a substantial portion of the requested information by December 31, 2008. See id.

Mr. McElroy's paralegal wrote back, stating that Mr. McElroy became very ill over the holidays and was anticipating that he would not be well enough for the hearing on December 31, 2008. See Facsimile Letter from Michele Mendibur to Rob Treinen and Richard Feferman (dated December 29, 2008). She stated that Mr. McElroy wanted to move the hearing back a week and would be available on January 5, 2009. See id. Mr. Feferman responded again, noting that Mr. Treinen was still on vacation and opposing moving the December 31, 2008 hearing. See Facsimile Letter to William F. Davis, Mark J. Klecan, Judd C. West, Michael L. Danoff & Jeffery W. McElroy

from Richard N. Feferman at 1 (dated December 29, 2008). Mr. Feferman noted that Mark J. Klecan had been representing USAA and signed the motion for summary judgment that was to be heard on December 31, 2008. Mr. Feferman stated that USAA should thus be able to present its argument on December 31, 2008, and that, given the trial date set for February 23, 2009, the Plaintiffs opposed any extension of time. See id. at 2. Soon after, Mr. Treinen wrote to Mr. Klecan, stating that he believed that Mr. Klecan would appear at the December 31, 2008 hearing and that the Plaintiffs would receive at least a substantial portion of the requested documents that day. See Facsimile Letter from Rob Treinen to Mark J. Klecan and Jeffery W. McElroy (dated December 30, 2008). Mr. Treinen stated that the Plaintiffs reserved their right to raise further concerns about USAA's production. See id.

On December 31, 2008, John P. Valdez, one of the lawyers at Mr. McElroy's firm, wrote to the Plaintiff s' attorneys, informing them that USAA was undertaking a good-faith attempt to comply with the Court's order. Mr. Valdez provided one case involving USAA similar to this case and stated that identifying the relevant vehicles that it had sold through CoPart was unduly burdensome, involving the manual review of approximately 4,500 to 4,750 records. See Facsimile Letter from John Valdez to Richard Feferman and Rob Treinen at 1-2 (dated December 31, 2008). Mr. Valdez stated that USAA would continue working with CoPart to identify relevant information and would provide an affidavit supporting USAA's contention that compliance was unduly burdensome. See id. at 2.

On December 31, 2008, the Court held a hearing, but no counsel for USAA appeared at this hearing. After that hearing, Mr. Treinen left a telephone message with USAA's counsel in an attempt to resolve this matter and/or to coordinate schedules for a teleconference with the Court. According to Mr. Treinen, he did not hear back from Mr. Valdez until after the Court's staff left a

voicemail message for Mr. Valdez. During that telephone conversation, a few minutes before Mr. Treinen sent the letter his letter to the Court, USAA stated that it cannot provide a date by which it will produce the documents. See Letter at 2.

On January 9, 2009, Mr. Treinen sent his letter to the Court, attaching the correspondence with USAA's counsel. Mr. Treinen argues that USAA has failed to comply with the Court's oral order of December 17, 2008. Mr. Treinen contends that USAA has failed to produce any documents or information, other than the name of a single lawsuit similar to this one. See Letter at 1-2. Mr. Treinen requests various forms of relief, including: (i) that USAA produce the documents by a certain date or face default on the Plaintiffs' fraud claim, with a jury instruction that USAA engaged in a practice of selling salvage vehicles under clean title or that the jury may draw a negative inference from the failure to produce; and (ii) that the Court order USAA to pay $1,000.00 per day, starting January 12, 2009, until production or default. See Letter at 2.

Also on January 9, 2009, Mr. Valdez sent a letter to the Court. USAA argues that it has been diligently seeking to comply with the Court's order, but that obtaining the requested documents has required working with CoPart, using customized database searches. See Facsimile Letter from John P. Valdez to the Court at 1 (dated January 9, 2009), filed January 12, 2009 (Doc. 335). Furthermore, USAA contends that identifying when an uneconomical-to-repair determination was made would be impossible, involving a manual search of approximately 3,200 records. See id. at 1-2. USAA stated that it had continued working with CoPart despite the difficulty, that it would be able to provide information on January 19, 2009, and that it could also provide a supporting affidavit. See id. at 2.

The Court held a hearing on January 12, 2009, at which Mr. Valdez appeared telephonically. Mr. Treinen argued in support of the requests in his Letter. Mr. Valdez stated that USAA intended

to comply with the Court's order, although it considered the compliance to be unduly burdensome, and was not going to refuse to produce the requested documents.

## ANALYSIS

The Court has carefully considered this matter. The Court has previously ordered USAA to produce documents in response to the Plaintiffs' Request for Production No. 17, orally on December 17, 2008, and later in written orders. To date, USAA has not produced any of the documents ordered produced. The Court will require USAA to comply with the conditions expressed below, which entail USAA submitting an affidavit about its efforts on January 14, 2009, and fully complying with the Court's previous order and turning over the requested documents to the Plaintiffs by January 19, 2009.

As stated at the hearing, USAA will prepare an affidavit and file it with the Court by 5:00 P.M., January 14, 2009, signed by an officer of USAA. The affidavit will explain in detail what USAA has done to comply with the Court's order, and what USAA will be doing in the future to comply with the order and to produce the requested documents to the Plaintiffs. USAA should detail how many people it is devoting and will devote to the search, and how long USAA expects the search to take. The Court reiterates that USAA will comply with the Court's order, even if compliance requires a manual, hand-by-hand review of files, and the Court is not interested whether it is impossible for USAA to comply if USAA only relied on computer searches. The Court is also concerned with USAA's documents, not with what documents CoPart may have.

USAA will comply with the Court's previous order in this matter and will produce the documents responsive to the Plaintiff's Request for Production No. 17 by January 19, 2009. If USAA is unable to meet that deadline, USAA must seek an extension from the Court before the January 19 deadline, preferably by January 16, 2009. If USAA does not comply with the Court's

order by January 19, 2009, or by a later date the Court sets, then USAA will be at risk of having the Court give the jury instructions that the Plaintiffs request. Counsel for USAA and the Plaintiffs will appear, either in person or telephonically, on January 20, 2009, at 8:00 A.M. to update the Court on whether USAA has complied.

**IT IS ORDERED** that the requests in the Letter from Rob Treinen to the Court are granted in part and denied in part. The Court orders USAA to file an affidavit signed by an officer of the corporation describing its past and future efforts to comply with the Court's previous order by January 14, 2009, and orders USAA to produce the documents requested in the Plaintiffs' Request for Production No. 17 by January 19, 2009, as further detailed in this order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Rob Treinen
Charles S. Parnall
Feferman & Warren
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

William F. Davis
Charles R. Hughson
Brett Steinbook
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Lomas Auto Mall, Inc.*
      *and M.D. Lohman d/b/a Lohman Motors*

Judd C. West
Michael Neill
Doughty and West PA
Albuquerque, New Mexico

    *Attorneys for Defendant Western Surety Company*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

-- and --

Jeffrey W. McElroy
John Paul Valdez
Ray, Valdez, McChristian & Jeans, PC
El Paso, Texas

    *Attorneys for Defendant USAA Casualty Insurance Company*
     *d/b/a USAA*

Michael L. Danoff
Michael Danoff & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendants Independent Automobile*
     *Dealers Service Corporation, Ltd. and New Mexico Independent*
     *Automobile Dealers Association, Inc.*