**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DELFINO PEDROZA and LILLIAN ANDRADE,

Plaintiffs,

vs. No. CIV 07-0591 JB/RHS

LOMAS AUTO MALL, INC.; M.D. LOHMAN d/b/a LOHMAN MOTORS; WESTERN SURETY COMPANY; USAA CASUALTY INSURANCE COMPANY d/b/a USAA; and INDEPENDENT AUTO DEALERS SERVICE CORPORATION, LTD.,

Defendants.

LOMAS AUTO MALL, INC. and M.D. LOHMAN d/b/a LOHMAN MOTORS,

Third Party Plaintiffs,

vs.

INDEPENDENT AUTO DEALERS SERVICE CORPORATION, LTD. and NEW MEXICO INDEPENDENT AUTOMOBILE DEALERS' ASSOCIATION, INC.,

Third Party Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Western Surety Company's Motion for Partial Summary Judgment, filed October 14, 2008 (Doc. 289)("Motion"). The Court held a hearing on December 31, 2008. Before the hearing, the parties resolved many of the issues in the motion. The primary remaining issue is whether emotional damages are recoverable for breach of warranty of title under New Mexico law. Because the Court concludes that emotional damages are not encompassed within the incidental and consequential damages available for breach of warranty,

the Court will grant the motion on that issue. The Court will also grant portions of the motion and defer ruling on other portions of the motion, consistent with the understanding that the parties have reached.

## FACTUAL BACKGROUND

The Court has already discussed the basic background of this case elsewhere. See Memorandum Opinion and Order at 2-3, entered January 20, 2009 (Doc. 344). Briefly, the case involves a used 2005 GMC Sierra that the Plaintiffs bought, which they allege had a salvage title and a damaged axle that were not disclosed to them. For purposes of this motion, which primarily concerns a question of law, the material facts are largely undisputed. Defendant Western Surety Company issued surety bonds to Defendants Lomas Auto Mall, Inc., and M.D. Lohman d/b/a Lohman Motors (collectively, "Dealerships"). See Second Amended Complaint for Damages and for Declaratory Relief and Jury Demand ¶ 82, at 10, filed July 9, 2008 (Doc. 193)("Second Amended Complaint"). The Plaintiffs purchased the Sierra from Lomas Auto Mall for $24,992.00. See id. ¶ 49, at 6. The Plaintiffs' expert determined that the fair market value of the Sierra at the time of the sale was $15,000.00. See Exhibit C to Motion, Report of Robert Eppes at 9 (dated May 2, 2008)(Doc. 289-4).

## PROCEDURAL BACKGROUND

The Plaintiffs' Second Amended Complaint states that the Plaintiffs' actual damages are: (i) the difference between the fair market value of the vehicle purchased -- the Sierra -- at the time of sale and the amount that the Plaintiffs paid for the Sierra; (ii) the loss of use of the Sierra; (iii) out-of-pocket expenses; (iv) lost time; (v) humiliation; and (vi) aggravation and frustration. See Second Amended Complaint ¶ 83, at 10-11.

Western Surety moves the Court to limit the damages the Plaintiffs may recover under the

bonds that Western Surety issued to the Dealerships. Western Surety does not dispute that, under N.M.S.A. 1978, § 66-4-7, the bonds are payable to the Plaintiffs for damages from the Dealerships' fraud or from failure of title. See Motion at 2. Instead, Western Surety seeks to limit the damages the Plaintiffs may recover under the bonds to out-of-pocket or benefit-of-the-bargain damages for the fraud claim, and the difference between the actual value and represented value of the Sierra for the failure of title claim. See id. at 3.

Western Surety argues that New Mexico law limits fraud damages to out-of-pocket losses or benefit-of-the-bargain damages, and that emotional damages cannot be recovered for fraud. See id. at 4, 5. Western Surety contends that Plaintiff Delfino Pedroza testified at his deposition that he had been reimbursed for his out-of-pocket expenses, while Plaintiff Liliana Andrade had incurred only out-of-pocket costs for a Carfax report. See id. at 4-5 (citing Exhibit A to Motion, Deposition of Delfino Pedroza at 92:17-21 (taken September 30, 2008)(Doc. 289-2)("Pedroza Depo."); Exhibit B to Motion, Deposition of Liliana Andrade at 35:14-18 (taken September 30, 2008)(Doc. 289-3)("Andrade Depo.")). Furthermore, Western Surety maintains that the Plaintiffs' benefit-of-the-bargain damages are the difference between what they paid for the Sierra and their expert's calculation that the Sierra was worth $15,000.00 -- a difference of $9,992.00. See Motion at 5. This amount, plus the cost of the Carfax report, totals $10,007.00, which Western Surety requests that the Court make the maximum amount of damages the Plaintiffs can recover for fraud. See id. at 5-6.

Western Surety next argues that the measure of breach of warranty of title damages is the difference between the actual value of the Sierra and the Sierra's warranted value. See id. at 6 (citing N.M.S.A. 1978, § 55-2-714). Western Surety contends that, based on the calculations the Plaintiffs' expert made, this amount would be. $9,992.00. Western Surety asks that the Court limit the damages for breach of warranty of title to that amount. See Motion at 6.

The Plaintiffs counter that Western Surety is seeking to unduly restrict the damages they may recover. They argue that the New Mexico surety-bond statute, N.M.S.A. 1978, § 66-4-7, should be expansively interpreted to protect consumers. See Plaintiffs' Opposition to Western Surety Company's Motion for Partial Summary Judgment at 7-8, filed November 10, 2008 (Doc. 306)("Response"). The Plaintiffs concede, however, that Western Surety would not be liable for any punitive damages or for any non-economic damages they are awarded. See id. at 8.

The Plaintiffs argue that Western Surety misrepresents the economic damages they are seeking on their fraud claim. The Plaintiffs contend that their economic damages also include: (i) loss-of-use damages, measured at the cost of a comparable rental vehicle, because the Sierra is unsafe to drive, see Response at 9-10; (ii) damages for the cost of replacement transportation, see id. at 10; (iii) damages for time lost trying to resolve problems stemming from the Dealerships' actions, see id.; and (iv) damages flowing from Lomas Auto Mall bringing a counterclaim against them for the remainder of the Sierra finance contract, see id. at 10-11. The Plaintiffs also dispute that their out-of-pocket expenses are limited to the Carfax report. See id. n.3, at 9.

The Plaintiffs also argue that they may recover more under a breach of warranty theory than Western Surety contends. The Plaintiffs maintain that, as with the fraud claim, they may recover other economic damages that Western Surety has not listed. See id. at 11-12. Moreover, the Plaintiffs contend that they are not limited to economic damages for breach of warranty. Instead, they argue that the relevant Uniform Commercial Code ("UCC") provision, N.M.S.A. § 1978, 55-2-714, allows for the recovery of incidental and consequential damages. See Response at 12. The Plaintiffs contend that they may thus recover non-economic damages, including "aggravation, frustration and humiliation damages under their breach of warranty of title claim." Id. at 13.

Finally, the Plaintiffs argue that Western Surety is liable for attorneys' fees and costs

incurred as a result of prosecuting claims recoverable under the surety bond, see id. at 13-14, and that Western Surety arguments about specific damages amounts are premature, see id. at 14-15. The Plaintiffs contend that the jury should decide any damages amount. Accordingly, they maintain that Western Surety's arguments seeking to cap its liability are premature, with the exception of Western Surety not being liable for punitive and non-economic fraud damages. See id. at 15. Plaintiffs also state they would not oppose a "reasonable special verdict form" itemizing damages awarded to isolate covered claims from non-covered claims. Id.

In reply, Western Surety argues that the case law on the UCC from other jurisdictions holds that emotional damages cannot be recovered for breach of warranty. See Defendant Western Surety Company's Reply in Support of its Motion for Partial Summary Judgment at 1-3, filed November 24, 2008 (Doc. 323)("Reply"). Western Surety contends that emotional damages are not part of consequential and incidental damages, and that the Plaintiffs have not identified any case law that supports their point. See id. at 2-3. Western Surety also notes that it did not move on the issue of attorney fees and requests that the Court defer any ruling regarding fees or costs. See id. at 3. Finally, Western Surety requests that, even if the Court does not grant its motion, the Court clarify: (i) that the difference between the fair market value of the Sierra and the purchase price is $9,992.00; (ii) that Western Surety is not liable for any punitive damages; (iii) that Western Surety is not liable for any non-economic damages on the fraud claim; and (iv) that a special verdict form itemizing damages awarded for each claim is necessary. See id. at 3-4.

At the hearing, Michael Neill, Western Surety's attorney, stated that he and the Plaintiffs were in agreement on several issues. See Transcript of Hearing at 3:7-15 (taken December 31,

2008)(Neill)("Tr.").[1] Mr. Neill stated that the parties agreed: (i) that it was premature to determine the Plaintiffs' out-of-pocket expenses at this time, but that the diminution of the Sierra's value was no more than $9,992.00, see id. at 3:16-20; (ii) that Western Surety was not liable for any punitive damages, see id. at 4:1-2; (iii) that a special verdict form on damages was necessary, see id. at 4:3-5; (iv) that Western Surety was not liable for non-economic damage on the fraud claim, see id. at 4:24-5:1; (v) that the Court should not rule on Western Surety's liability for attorneys' fees at this time, see id. at 5:1-3; and (vi) that the Plaintiffs' claims for lost time and similar damages would fall within economic damages and thus limiting them would be premature, see id. at 6:10-23 (Court & Neill). The parties' agreement thus left only a dispute over the damages available for breach of warranty. See id. at 5:5-9 (Neill).

At the hearing, Rob Treinen, the Plaintiffs' attorney, brought up a New Mexico case that he had not mentioned in his briefing, Hale v. Basin Motor Co., 110 N.M. 314, 795 P.2d 1006 (1990). In Hale v. Basin Motor Co., Mr. Treinen argued, the Supreme Court of New Mexico held that emotional damages for frustration, aggravation, and embarrassment were recoverable under the New Mexico Unfair Trade Practices Act on facts similar to this case's facts. See Tr. at 11:20-12:22 (Treinen). Mr. Treinen also contended that damages for aggravation, frustration, and humiliation could not be directly equated with emotional-distress damages. See id. at 10:23-11:8 (Court & Treinen).

## CONSEQUENTIAL AND INCIDENTAL DAMAGES FOR BREACH OF WARRANTY

The UCC provides for the recovery of both consequential and incidental damages that

[1] The Court's citations to the transcripts of the hearings refer to the court reporter's original, unedited versions. Any final transcripts may contain different page and/or line numbers.

occurred because of a breach of warranty:

> 1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.
>
> (2) Consequential damages resulting from the seller's breach include:
>
> > (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
> >
> > (b) injury to person or property proximately resulting from any breach of warranty.

N.M.S.A. 1978, § 55-2-715.

New Mexico does not have any case law discussing emotional damages in the context of these particular provisions of the UCC. Courts in other jurisdictions have generally held, however, that emotional damages are not available for breach of warranty, absent particularly unusual circumstances. See, e.g., Chambley v. Apple Restaurants, Inc., 233 Ga.App. 498, 504-05, 504 S.E.2d 551, 556-57 (1998)(holding that damages for "psychic injuries" not available as consequential damages for breach of warranty under the UCC); Kwan v. Mercedes-Benz of North America, Inc., 23 Cal.App.4th 174, 187-92 (Cal. App. 1 Dist. 1994)(discussing in detail law on emotional distress claims in warranty and contract cases and holding that emotional distress damages not available for breach of warranty under the UCC in a contract for sale of a car); Woodward v. Naylor Motor Sales, 1974 WL 21755 (Mich. Dist.)(holding that mental distress damages not available for breach of warranty where sale of car was not of a deeply personal nature).

**ANALYSIS**

Because the parties have reached an agreement on many points, several of the issues that

Western Surety raised in its motion are undisputed or should be left for another day. The lone remaining issue is whether emotional damages can be recovered under breach of warranty. The Court concludes that, on the facts of this case, emotional damages are unavailable for breach of warranty under the UCC.

## I. MANY ISSUES ARE NOW UNDISPUTED OR PREMATURE.

Based on the parties' agreement, the Court will grant the motion with respect to: (i) Western Surety not being liable for punitive damages; (ii) Western Surety not being liable for non-economic damages on the Plaintiffs' fraud claim; and (iii) diminution of the Sierra's value being no more than $9,992.00. The Court will defer ruling on: (i) Western Surety's liability for fees and costs; and (ii) the extent of any out-of-pocket costs. The Court notes that Western Surety and the Plaintiffs agree on the need for a special-verdict form, but will not rule on the issue at this time in case other parties in the case have objections to such a form.

## II. WESTERN SURETY IS NOT LIABLE FOR EMOTIONAL DAMAGES UNDER THE BREACH-OF-WARRANTY-OF-TITLE CLAIM.

The Plaintiffs contend that the Court should read consequential and incidental damages to encompass non-economic damages. The Plaintiffs' argument that the plain language of these terms would embrace non-economic damages has some merit, but it cannot prevail given the special meaning these terms have acquired in the law. That acquired meaning for the terms consequential damages and incidental damages does not include non-economic damages. See Khan v. Albuquerque Public Schools, CIV 03-0118 JB/RLP, Memorandum Opinion and Order at 8-11, entered December 31, 2003 (Doc. 39)(discussing general rule that emotional damages not recoverable for breach of contract). For example, in New Mexico, in an "ordinary breach-of-contract case, emotional and punitive damages are usually outside the scope of

consequential damages . . . ." Ettenson v. Burke ¶ 32, 130 N.M. 67, 77, 17 P.3d 440, 450 (Ct. App. 2000). There are certain exceptions to this general rule. The Supreme Court of New Mexico has quoted approvingly from the Restatement (Second) of Contracts that, for breaches of contract: ""Recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result."" Flores v. Baca, 117 N.M. 306, 314, 871 P.2d 962, 970 (2004)(quoting Restatement (Second) of Contracts § 353 (1979)). Where there is no bodily injury, the requisite emotional disturbance may come where the contract's express intent is either to enhance or to protect a plaintiff's mental state. See Restatement (Second) of Contracts § 353, at 159. Severe emotional distress arising from a breach of a funeral services contract is one scenario envisioned as an exception to the general rule. See Flores v. Baca, 117 N.M. at 314, 871 P.2d at 970.

The Plaintiffs' breach of warranty claim is a species of contract claim, although arising under the UCC rather than under the common law. This difference does not change the result. The UCC defines incidental damages for breach of warranty as including "expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach." N.M.S.A. 1978, § 55-2-715(1). Consequential damages are defined to include "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise," id. § 55-2-715(2)(a), and "injury to person or property proximately resulting from any breach of warranty," id. § 55-2-715(2)(b). The Plaintiffs argue that this last clause, involving "injury to person or property," should be construed as covering non-economic damages, and particularly as embracing their emotional distress damages.

"Injury to person or property," however, seems to contemplate physical injury. The common meaning of injury is a physical harm to a person, and this seems particularly apt given the that the UCC uses injury to cover remediable harm to both people and property. Such personal injury damages might be non-economic damages, but they would not be emotional damages, which is what the Plaintiffs are seeking.

Furthermore, while New Mexico courts have not addressed this precise issue, other courts have, and the UCC is to be construed to "make uniform the law among the various jurisdictions." Id. § 55-1-103(a)(3). Those courts that have considered the issue have determined that emotional damages are generally not recoverable in a standard breach of warranty action under the UCC. See, e.g., Chambley v. Apple Restaurants, Inc., 233 Ga.App. at 504-05, 504 S.E.2d at 556-57 (holding that damages for "psychic injuries" not available as consequential damages for breach of warranty under the UCC); Kwan v. Mercedes-Benz of North America, Inc., 23 Cal.App.4th at 187-92 (discussing in detail law on emotional distress claims in warranty and contract cases and holding that emotional distress damages not available for breach of warranty under the UCC in a contract for sale of a car); Woodward v. Naylor Motor Sales, 1974 WL 21755 (holding that mental distress damages not available for breach of warranty where sale of car was not of a deeply personal nature). This case, involving allegations of commercial fraud, does not fall within any of the special categories where damages for emotional distress might be available for a breach of warranty.

Hale v. Basin Motor Co., which Mr. Treinen cited at the hearing, also does not persuade the Court that it should award emotional damages here. In Hale v. Basin Motor Co., the Supreme Court of New Mexico did not rule on a frustration damages claim because the issue had been raised for the first time on appeal. See 110 N.M. at 321, 795 P.2d at 1013. The Supreme Court of New Mexico noted: "We may have looked favorably on such a damage claim if one actually had been

made." Id. The damages claim, however, was not one for purely emotional damages, but for lost-vacation time. See id. Hale v. Basin Motor Co. is thus not particularly on point. Even if it were stronger authority on emotional damages in the UPA context, however, the significant weight of authority to the contrary on the UCC would caution the Court against importing a UPA standard into the UCC. A UPA cause of action resembles more of a tort action than a breach-of-contract claim. Accordingly, Western Surety's liability on its bonds to the Dealerships cannot extend to any damages for "aggravation, frustration, and humiliation."

**IT IS ORDERED** that Defendant Western Surety Company's Motion for Partial Summary Judgment is granted in part and deferred in part. The Court holds that: (i) Defendant Western Surety Company is not liable for emotional damages for breach of warranty under the UCC; (ii) Western Surety is not liable for punitive damages; (iii) Western Surety is not liable for non-economic damages on the Plaintiffs' fraud claim; and (iv) the diminution of the Sierra's value is no more than $9,992.00. The Court defers ruling on the other issues raised in Western Surety's motion.

James O. Browning

UNITED STATES DISTRICT JUDGE

*Counsel*:

Rob Treinen
Charles S. Parnall
Feferman & Warren
Albuquerque, New Mexico

*Attorneys for the Plaintiffs*

William F. Davis
Charles R. Hughson
Brett Steinbook
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

*Attorneys for Defendants Lomas Auto Mall, Inc. and M.D. Lohman d/b/a Lohman Motors*

Judd C. West
Michael Neill
Doughty and West PA
Albuquerque, New Mexico

*Attorneys for Defendant Western Surety Company*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

-- and --

Charles J. Vigil
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Jeffrey W. McElroy
John Paul Valdez
Ray, Valdez, McChristian & Jeans, PC
El Paso, Texas

-- and --

Robert E. Valdez
Ray, Valdez, McChristian & Jeans, PC
San Antonio, Texas

*Attorneys for Defendant USAA Casualty Insurance Company d/b/a USAA*

Michael L. Danoff
Michael Danoff & Associates, P.C.
Albuquerque, New Mexico

*Attorneys for Third-Party Defendants Independent Automobile Dealers Service Corporation, Ltd. and New Mexico Independent Automobile Dealers Association, Inc.*