IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DELFINO PEDROZA and LILIANA ANDRADE,

     Plaintiffs,

vs.                                  No. CIV 07-0591 JB/RHS

LOMAS AUTO MALL, INC.; M.D. LOHMAN d/b/a
LOHMAN MOTORS; WESTERN SURETY COMPANY;
USAA CASUALTY INSURANCE COMPANY d/b/a USAA;
and INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD.,

     Defendants.

LOMAS AUTO MALL, INC. and M.D. LOHMAN d/b/a
LOHMAN MOTORS,

     Third Party Plaintiffs,

vs.

INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD. and NEW MEXICO INDEPENDENT
AUTOMOBILE DEALERS' ASSOCIATION, INC.,

     Third Party Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Motion of Defendant and Third Party

Defendant Independent Auto Dealers Service Corporation, Ltd., and Third Party Defendant New

Mexico Independent Automobile Dealers' Association for Partial Summary Judgment on the Issue

of Excusable Neglect, filed October 14, 2008 (Doc. 283). The Court held a hearing on December

17, 2008. The primary issue is whether Defendant and Third-Party Defendant Independent Auto

Dealers Service Corporation, Ltd. and Third-Party Defendant New Mexico Independent Automobile

Dealers' Association (collectively, "Defendants") cannot be held liable to the Plaintiffs because their

actions constitute excusable neglect.  Because there is a genuine factual dispute whether the Defendants' removal of the salvage brand was in accordance with New Mexico Motor Vehicle Department ("MVD") policy, the Defendants are not entitled to summary judgment for excusable neglect.

## FACTUAL BACKGROUND

As this Court has discussed before, see Memorandum Opinion and Order at 2-3, entered January 20, 2009 (Doc. 344), this case involves the sale of a 2005 GMC Sierra to the Plaintiffs.  The Sierra passed through many hands on its way from being recovered in a damaged condition after it was stolen to being sold to the Plaintiffs.  As relevant here, the Defendants, who process automobile titles, originally issued a salvage title for the Sierra, but later changed the title to a clean title.  The Defendants contend that they had been told to issue a clean title, but that Leo Martinez, the employee working on the Sierra title, hit the wrong key and misbranded the title.  They contend that they never intended to brand the Sierra's title as salvage and therefore removed it when the alleged error was brought to their attention.  The Plaintiffs contend that the Defendants correctly issued a salvage title for the Sierra and then later deliberately "washed" the title.

Although the parties spend a considerable amount of time in their briefing discussing whether the Defendants' branding the title salvage was actually a mistake, at the hearing the issue was narrowed considerably to the removal of the salvage brand, regardless whether it was placed on the Sierra's title accidentally or deliberately.  The Defendants point to Martinez' testimony that the MVD allows removal of a salvage brand with the approval of an MVD bureau chief, see Exhibit 1 to Memorandum, Deposition of Leo Martinez at 29:13-25, 33:13-35:12 (taken February 20, 2008)(Doc. 284-2)("Martinez Depo."), and that a bureau chief approved removal of the salvage brand from the Sierra, see Martinez Depo. at 38:11-39:1.  The Plaintiffs highlight that the MVD

policy manual makes no mention of removing a salvage brand, <u>see</u> Martinez Depo. at 29:23-31:5, and that the MVD later refused to allow the Sierra's title to be transferred to the Plaintiffs on a clean title, <u>see</u> Exhibit A to Response, Deposition of Michael Richesin at 82:9-83:11 (taken August 29, 2008)(Doc. 309-2)("Richesin Depo.").

### PROCEDURAL BACKGROUND

The Defendants move for summary judgment, arguing that there is no evidence contradicting their assertions that they originally issued a salvage title for the Sierra because of an honest mistake. They assert that on October 13, 2006, Martinez hit the wrong key while working on the Sierra title, leading to the unintended issuance of a salvage title. <u>See</u> Memorandum of Law in Support of the Motion of Defendant and Third Party Defendant Independent Auto Dealers Service Corporation, Ltd., and Third Party Defendant New Mexico Independent Automobile Dealers' Association for Partial Summary Judgment on the Issue of Excusable Neglect at 6, filed October 14, 2008 (Doc. 284)("Memorandum").  On October 26, 2006, the Defendants maintain, at CoPart Auto Auction's request and after consulting with the MVD, Martinez corrected his clerical error and the Sierra received a clean title. <u>See id.</u>  The Defendants contend that Martinez' alleged error was an "ignorant mistake," <u>id.</u> at 8, and not a mistake of law or judgment, and thus falls within the boundaries of excusable neglect, <u>see id.</u> at 7-10.  According to the Defendants, their minor error was swiftly remedied, without any harm to the Plaintiffs.  <u>See id.</u> at 12.  The Defendants also asserts that, in the alternative, if the Court denies their motion, they should be liable only for the thirteen-day period from October 13 to October 26, 2006.  <u>See id.</u>

The Plaintiffs' main attack on the Defendants' arguments is factual.  The Plaintiffs argue that a jury could reject the Defendants' assertion of a clerical error.  <u>See</u> Plaintiff's Opposition to Defendant and Third Party Defendant Independent Auto Dealers Service Corporation, Ltd., and

Third Party Defendant New Mexico Independent Automobile Dealers' Association's Motions for Summary Judgment on the Issue of Excusable Neglect and on the Issue of Conspiracy at 4, filed November 10, 2008 (Doc. 309)("Response").  The Plaintiffs also contend that new evidence casts doubt on the Defendants' story: (i) the general manager of Defendant Lomas Auto Mall, Inc. used to be a board member of one of the Defendants; and (ii) Martinez had also washed the title of a 2006 Chevrolet Tahoe that Lomas Auto Mall and Defendant M.D. Lohman d/b/a Lohman Motors (collectively, "Dealerships") sold.  See id. at 5-6.  The Plaintiffs also contend that they have sufficient evidence upon which a jury could find in their favor on each of the claims they have raised against the Defendants.  See id. at 16-23.

The Plaintiffs also make a legal challenge to the Defendants' excusable-neglect defense.  The Plaintiffs argue that the law on excusable neglect which the Defendants cite is not applicable to the causes of action the Plaintiffs have pled.  See id. at 15.  The Plaintiffs also contend that MVD regulations do not allow for a salvage title to be removed on the basis of a clerical error.  See id. at 7-8.

In reply, the Defendants contend that the Plaintiffs have failed to show any genuine factual disputes.  The Defendants argue that the Plaintiffs' supposed evidence of other title washing and of the former employment of Lomas Auto Mall's general manager are irrelevant.  See Reply of Defendant and Third Party Defendant Independent Auto Dealers Service Corporation, Ltd., and Third Party Defendant New Mexico Independent Automobile Dealers' Association to Plaintiffs' Response Opposing Partial Summary Judgment on the Issues of Excusable Neglect and Conspiracy at 2-3, filed November 24, 2008 (Doc. 322)("Reply").  The Defendants maintain that the Plaintiffs have not shown any evidence to contradict Martinez' testimony that he accidentally branded the Sierra's title as salvage.  See id. at 4-6.  The Defendants further argue that they are not liable for

downstream damage because they were not in the chain of title and that they were ultimately performing a ministerial function for the State of New Mexico for which they have no discretion. See id. at 6-8.  The Defendants also maintain that many of the cases the Plaintiffs cite and the arguments that the Plaintiffs make are unpersuasive and not on point.  See id. at 8-12.[1]

At the hearing, the Plaintiffs focused on the Defendants' removal of the salvage brand, arguing that it did not matter for present purposes how the title was branded because the Defendants failed to follow the applicable regulations when removing the brand.  Rob Treinen, the Plaintiffs' attorney, argued that the Defendants knew they had to prove to the MVD that the Sierra was not damaged before removing the salvage brand and that the Plaintiffs were suing the Defendants not for putting a salvage brand on, but for taking the brand off.  See Transcript of Hearing at 61:6-63:22 (taken December 17, 2008)(Court & Treinen).[2]  The Defendants maintained that they followed procedures and went through the right channels when they removed the salvage brand.  See id. at 66:19-68:13 (Court & Danoff).  The Court stated that it was inclined to deny the motion, but needed to look closer at the regulations governing the removal of salvage titles.  See id. at 73:8-12.  The Court now follows through on its original inclination.  The Court has not, however, been able to

_____

[1] The Dealerships also filed a response to the motion as well.  See Third Party Plaintiffs' Response in Opposition to Third Party Defendants' Motion for Partial Summary Judgment on the Issue of Excusable Neglect, filed November 10, 2008 (Doc. 300).  The Defendants objected to the response, contending that the Dealerships were not the targets of the motions for summary judgment. See Objection by Defendant and Third Party Defendant Independent Auto Dealers Service Corporation, Ltd., and Third Party Defendant New Mexico Independent Automobile Dealers' Association to the Dealerships' Response Opposing Partial Summary Judgment on Excusable Neglect and Conspiracy at 2, filed November 24, 2008 (Doc. 320).  Because the Court's ruling on this motion could impact the case against the Dealerships, the Court will overrule the Defendants' objection to the Dealerships' response and consider it with all other information and argument in the record.

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

consider the regulations in detail because the relevant rules are not publicly accessible and the Court has not been provided with a copy of the rules.  Nonetheless, given that the motion is one for summary judgment, the Court can make a ruling because there is a factual dispute about the MVD's policy that precludes summary judgment.

## ANALYSIS

Even if the Defendants acted in good faith in placing the salvage brand on the Sierra's title, they have not conclusively shown that their taking the brand off was excusable neglect.  It remains a disputed issue whether the Defendants acted properly when removing the Sierra's salvage brand. The Defendants argue that changing the salvage title to a clean title was proper after Martinez spoke with an MVD bureau chief, while the Plaintiffs contend that the Defendants did not properly remove the brand.  Both the Plaintiffs and the Defendants have offered evidence in support of their side.

The Defendants note that Martinez testified that the MVD allows removal of a salvage brand if an MVD bureau chief authorizes removal.  See Martinez Depo. at 29:13-25, 33:13-35:12.  They contend that a bureau chief approved removal of the salvage brand from the Sierra.  See id. at 38:11-39:1.  The Plaintiffs counter that the MVD policy manual makes no mention of removing a salvage brand.  See Martinez Depo. at 29:23-31:5.  The Plaintiffs also note that the  MVD later refused to allow the Sierra's title to be transferred to the Plaintiffs with a clean title.  See Richesin Depo. at 82:9-83:1.

There is a sufficient conflict between these two versions of the MVD policies to preclude summary judgment here.  While Martinez has stated that he followed MVD policy and properly removed the salvage brand, he also admitted that this policy was not in the MVD manual.  The language of the manual quoted at the deposition does not seem to allow for the removal of a salvage brand.  Additionally, MVD's later refusal to allow the title to be transferred provides circumstantial

-6-

evidence that MVD policies were not satisfied.  The Court cannot say it is undisputed that the salvage brand was properly removed.

While the primary dispute here is over the rules or policies of a governmental agency, the dispute is not a legal question that the Court can resolve on this motion.  The record before the Court indicates that there is a factual dispute over the existence of an unwritten policy.  Additionally, while it appears that MVD has a policy manual that may bear on this issue, the Court does not have access to that manual, which is apparently not a generally available document, and cannot determine whether the manual would legally allow or preclude an unwritten policy for removing salvage brands.  See MCCORMACK ON EVIDENCE § 335, at 458-60 (6th ed. 2006)(noting that municipal ordinances and similar laws and regulations were questions of fact at common law, although modern trend is treating such issues as a question of law, provided the parties give the court the relevant documents).  Accordingly, whether the MVD has a policy that allows for the removal of an erroneous salvage brand and what the policy might be is a disputed factual question.  Without being able to definitively show that they complied with MVD regulations, the Defendants cannot establish on summary judgment that should be absolved of any potential liability on the basis of excusable neglect.

**IT IS ORDERED** that the Motion of Defendant and Third Party Defendant Independent Auto Dealers Service Corporation, Ltd., and Third Party Defendant New Mexico Independent Automobile Dealers' Association for Partial Summary Judgment on the Issue of Excusable Neglect is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Rob Treinen
Charles S. Parnall
Feferman & Warren
Albuquerque, New Mexico

     *Attorneys for the Plaintiffs*

William F. Davis
Charles R. Hughson
Brett Steinbook
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

     *Attorneys for Defendants Lomas Auto Mall, Inc.*
       *and M.D. Lohman d/b/a Lohman Motors*

Judd C. West
Michael Neill
Doughty and West PA
Albuquerque, New Mexico

     *Attorneys for Defendant Western Surety Company*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

-- and --

Charles J. Vigil
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Jeffrey W. McElroy
John Paul Valdez
Ray, Valdez, McChristian & Jeans, PC
El Paso, Texas

-- and --

Robert E. Valdez
Ray, Valdez, McChristian & Jeans, PC
San Antonio, Texas

 *Attorneys for Defendant USAA Casualty Insurance Company*
  *d/b/a USAA*

Michael L. Danoff
Michael Danoff & Associates, P.C.
Albuquerque, New Mexico

 *Attorneys for Third-Party Defendants Independent Automobile*
  *Dealers Service Corporation, Ltd. and New Mexico Independent*
  *Automobile Dealers Association, Inc.*