IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DELFINO PEDROZA and LILIANA ANDRADE,

      Plaintiffs,

vs.                                                                No. CIV 07-0591 JB/RHS

LOMAS AUTO MALL, INC.; M.D. LOHMAN d/b/a
LOHMAN MOTORS; WESTERN SURETY COMPANY;
USAA CASUALTY INSURANCE COMPANY d/b/a USAA;
and INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD.,

      Defendants.

LOMAS AUTO MALL, INC. and M.D. LOHMAN d/b/a
LOHMAN MOTORS,

      Third Party Plaintiffs,

vs.

INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD. and NEW MEXICO INDEPENDENT
AUTOMOBILE DEALERS' ASSOCIATION, INC.,

      Third Party Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Motion of Defendant and Third Party Defendant Independent Auto Dealers Service Corporation, Ltd., and Third Party Defendant New Mexico Independent Automobile Dealers' Association for Partial Summary Judgment on the Issue of Conspiracy, filed October 14, 2008 (Doc. 281). The Court held a hearing on December 17, 2008. The primary issue is whether there is sufficient evidence that Defendant and Third-Party Defendant Independent Auto Dealers Service Corporation, Ltd. ("IADSC") and Third-Party Defendant New Mexico Independent Automobile Dealers' Association (collectively, "Defendants"), were involved

in a conspiracy to wash the title of the 2005 GMC Sierra that the Plaintiffs purchased. Because the evidence the Plaintiffs identify does not provide the minimal support necessary for a finding of the existence of a conspiracy and fails to explain how a conspiracy occurred when the Defendants' actions in this case apparently ended before the actions of Defendants Lomas Auto Mall, Inc. and M.D. Lohman d/b/a Lohman Motors (collectively, "Dealerships") began, the Court will grant the motion.

**FACTUAL BACKGROUND**

The Court has already discussed the basic background of this case elsewhere. See Memorandum Opinion and Order at 2-3, entered January 20, 2009 (Doc. 344)("MOO"). Briefly, the Plaintiffs allege that the used 2005 GMC Sierra they bought had a damaged axle and a salvage title that had not been disclosed to them. The Plaintiffs contend that the Dealerships conspired with the Defendants to have the Sierra's title changed from a salvage title to a clean title. The Defendants maintain that they did not conspire with anyone and that they changed the salvage title to a clean title because they committed an honest mistake in issuing a salvage title in the first place.

The Defendants emphasize that they removed the salvage brand on October 26, 2006, but that the Dealerships did not buy the Sierra until November 9, 2006. See Memorandum of Law in Support of Motion of Defendant and Third Party Defendant Independent Auto Dealers Service Corporation, Ltd., and Third Party Defendant New Mexico Independent Automobile Dealers' Association for Partial Summary Judgment on the Issue of Conspiracy ¶ 14, at 4, filed October 14, 2008 (Doc. 282)("Memorandum"); Second Amended Complaint for Damages and for Declaratory Relief and Jury Demand ¶ 32, at 5, filed July 9, 2008 (Doc. 193)("Second Amended Complaint"). The Dealerships also note that Leo Martinez, an employee of IADSC who worked on the title for the Sierra, testified at his deposition that he accidentally branded the title salvage. See Exhibit 1 to

Memorandum, Deposition of Leo Martinez at 42:15-44:5 (taken February 20, 2008)(Doc. 282-2)("Martinez Depo."). Martinez testified that, upon being informed of the error, he called an MVD bureau chief, who authorized the title to be changed to a clean title to correct the error. See Martinez Depo. at 38:11-39:10.

The Plaintiffs point to several pieces of evidence that they contend would allow a jury to infer a conspiracy between the Dealerships and the Defendants. They note that Michael Richesin, the general manager of Lomas Auto Mall, used to be on the board of directors of the Defendants. See Exhibit A to Response, Deposition of Michael Richesin at 98:4-18 (taken August 29, 2008)(Doc. 309-2). The Plaintiffs also assert that a similar incident to the one involved in the present case has occurred before. The Plaintiffs contend that Lohman Motors purchased a 2006 Chevrolet Tahoe and tried to sell the Tahoe as being in good condition when the Tahoe warranted a salvage title. See Exhibit D to Response, Deposition of Benny Wilson at 11:25-12:23, 18:23-19:22 (taken September 15, 2008)(Doc. 309-5). The Plaintiffs contend that Martinez processed the Tahoe's title. See Exhibit G to Response, Application for Vehicle Title and Registration (dated July 16, 2007)(Doc. 309-8). According to the Plaintiffs, there is no indication in the Tahoe's title history of a salvage title. The Plaintiffs also note that Martinez admitted to removing a salvage brand from two other vehicles. See Exhibit H to Response, Martinez Depo. at 57:23-58:13 (Doc. 309-9).

## PROCEDURAL BACKGROUND

The course of the briefing on this motion is somewhat complicated. The Defendants move for summary judgment on the conspiracy claims asserted against them; in their initial briefing, however, they generally refer to the Third-Party Plaintiffs, without naming the parties specifically. The Third-Party Plaintiffs in this case are the Dealerships. The Dealerships filed a response supporting summary judgment on the conspiracy issue, but also arguing that the Dealerships are not

alleging a conspiracy. The Dealerships contend they are seeking indemnification and that a lack of any conspiracy has no effect on the Dealerships' indemnification claims. See Third Party Plaintiffs' Response in Support of Third Party Defendants' Motion for Partial Summary Judgment on the Issue of Conspiracy at 6-10, filed November 10, 2008 (Doc. 299). The same day, the Plaintiffs filed a response in opposition to the motion for summary judgment, maintaining that there was a conspiracy. See Plaintiffs' Opposition to Defendant and Third Party Defendant Independent Auto Dealers Service Corporation, Ltd., and Third Party Defendant New Mexico Independent Automobile Dealers' Association to the Dealerships' Motions for Summary Judgment on the Issue of Excusable Neglect and on the Issue of Conspiracy, filed November 10, 2008 (Doc. 309)("Response"). The Defendants filed an objection to the Dealerships' response, naming the Dealerships specifically. See Objection by Defendant and Third Party Defendant Independent Auto Dealers Service Corporation, Ltd., and Third Party Defendant New Mexico Independent Automobile Dealers' Association to the Dealerships' Response Opposing Partial Summary Judgment on Excusable Neglect and Conspiracy, filed November 24, 2008 (Doc. 320). The Defendants state that their motion for summary judgment is not targeting the Dealerships and that the Dealerships lack standing to address the pending motion. See id. at 2. Given the issues the Defendants raise, and the arguments at the hearing, it is apparent that they are moving for summary judgment against the Plaintiffs, not the Third-Party Plaintiffs, and the Court will treat the motion as such.

     The Defendants argue that there is insufficient evidence to support them being involved in a conspiracy. They first argue that Martinez made a honest mistake in issuing a salvage title for the Sierra and that there is no evidence of any improper actions on their part. See Memorandum at 6-8. They contend that they had no motive for being in any conspiracy; they only worked on the title for a nominal fee. See id. at 8. They further argue that any action they took that is relevant to this case

ended by October 26, 2006, before any title transfers that might be part of a conspiracy and before the Dealerships bought the Sierra. See id. at 10-11. Ultimately, they contend that they are being improperly blamed for the alleged actions of others of which they had no knowledge and that occurred after their involvement with the Sierra's title, on the basis of having committed an honest error that was quickly corrected. See id. at 12.

The Plaintiffs argue that they dispute a number of the facts on which the Defendants rely. See Response at 3-11. The Plaintiffs contend that the Defendants' arguments that their actions caused no damage to the Plaintiffs "ignores how American courts universally handle damage claims." Id. at 11. The Plaintiffs maintain that privity is unnecessary for tort damages and that the Dealerships selling the Sierra to the Plaintiffs was foreseeable to the Defendants. See id. at 12-13. The Plaintiffs also assemble their evidence for conspiracy. The Plaintiffs contend that Richesin, Lomas Auto Mall's general manager, once sat on the board of the Defendants. The Plaintiffs further maintain that the Defendants profited from the alleged title washing and that there is evidence of similar incidents, which likely resulted in increased business for the Defendants. See id. at 22-23.

The Defendants counter that their explanation for removing the salvage title -- that the initial branding was an honest mistake -- remains unimpeached. See Reply of Defendant and Third Party Defendant Independent Auto Dealers Service Corporation, Ltd., and Third Party Defendant New Mexico Independent Automobile Dealers' Association to Plaintiffs' Response Opposing Partial Summary Judgment on the Issues of Excusable Neglect and Conspiracy at 2-5, filed November 24, 2008 (Doc. 322)("Reply"). The Defendants argue that they are not responsible for indemnifying subsequent purchasers for title defects of which they were not aware, which they contend would incorrectly make title service companies liable for performing ministerial acts regarding vehicles that they never see. See id. at 7-8. The Defendants contend that the cases on which the Plaintiffs

rely for their theory are variously inapplicable, distinguishable, or otherwise irrelevant, and that none of the cases the Plaintiffs cite involve clerical errors. See id. at 9-10. The Defendants maintain that they never made any fraudulent representations to the Plaintiffs, whose existence of which they were not even aware. See id. at 11-12.

At the hearing, Michael L. Danoff, the Defendants' attorney, emphasized that there was no evidence that the Defendants were in contact with the Dealerships, that there was no evidence of a profit motive for the Defendants engaging in conspiracy, and that there was no evidence the Defendants were involved in anything relevant to the case after October 26, 2006. See Transcript of Hearing at 74:3-75:18; 82:9-83:12 (taken December 17, 2008)(Danoff)("Tr.").[1] The Court asked Rob Treinen, the Plaintiffs' counsel, whether, given that USAA was being sued for failing to acquire a salvage title, rather than having a title removed, USAA and the Defendants were in a conspiracy. See id. at 75:21-76:2 (Court). Mr. Treinen specified that the conspiracy runs between the Defendants and the Dealerships, not between the Defendants and USAA. See id. at 76:3-77:2 (Treinen & Court). Mr. Treinen also focused on Martinez not following MVD regulations as evidence of a conspiracy and in particular on similar situations having occurred with Martinez. See id. at 77:3-80:12 (Court & Treinen).

## ANALYSIS

In New Mexico, the elements of civil conspiracy are: "(1) the existence of a conspiracy; (2) wrongful act done pursuant to the conspiracy; and (3) resulting damages." Saylor v. Valles ¶ 25, 133 N.M. 432, 439, 63 P.3d 1152, 1159 (Ct. App. 2002). A civil conspiracy is "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

unlawful means." <u>Las Luminarias of the New Mexico Council of the Blind v. Isengard</u>, 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct. App. 1978). The Defendants contend that they were not part of any conspiracy, that they did not commit any wrongful act, caused no damages, and that they were not aware of the Plaintiffs' existence.

The Defendants argue that they did not commit any wrongful act, but only an honest mistake. As the Court held in ruling on the Defendants' excusable neglect defense, there is at least a genuine issue of material fact whether the Defendants acted wrongfully in removing the salvage brand -- even if the brand was erroneously placed -- from the Sierra's title. <u>See</u> Memorandum Opinion and Order at 7, entered January 21, 2009, (Doc. 348). Because of this ruling, there is at least a genuine factual issue about the wrongful-act segment of the second element of civil conspiracy.

The Defendants also argue that their actions did not harm the Plaintiffs. The Defendants contend that the Plaintiffs' arguments about downstream liability are inapt, because the Defendants are not in the Sierra's chain of title. The Court agrees with the Plaintiffs, however, that the Defendants do not need to be in the chain of title to be held liable.

One of the Defendants' main contentions is that the Plaintiffs' theory would hold them and similar companies liable for performing ministerial acts regarding the titles of vehicles that they never see. This concern is somewhat misplaced, however, because the Plaintiffs do not contend that the Defendants were aware of the Sierra's condition. Rather, the Plaintiffs' claims focus on whether the Defendants' ministerial acts were appropriate. The Plaintiffs' contentions are that the Defendants were originally told to issue a salvage title and then later washed the title as part of a conspiracy. Alternatively, even if the Defendants incorrectly issued a salvage title, the Plaintiffs maintain that the Defendants failed to comply with MVD policy in removing the brand.

More importantly, the Defendants' argument misses one of the key features of a civil

conspiracy claim -- vicarious liability. "The purpose of a civil conspiracy claim is to impute liability to make members of the conspiracy jointly and severally liable for the torts of any of its members." Ettenson v. Burke ¶ 12, 130 N.M. 67, 72, 17 P.3d 440, 445 (Ct. App. 2000). Assuming the Plaintiffs have sufficient evidence to demonstrate a conspiracy, the Court does not see how the Defendants would not be liable for their actions. If there were a conspiracy, the Defendants removal of the salvage brand would be an important link in the chain of events. The Defendants need not have known the actual condition of the Sierra or the ultimate purchaser of the Sierra, because it would be reasonably foreseeable that the removal of a salvage brand would ultimately cause some purchaser down the line to pay more a vehicle than he or she otherwise would have. In other words, in these circumstances, the Court does not see that the damages element can be reasonably separated from the existence of a conspiracy. If the Plaintiffs have evidence of a title-washing conspiracy, the damages element will necessarily be met. Without the existence of a conspiracy, the damages element will not be met.

The key question then becomes whether there is sufficient evidence of a conspiracy. The remaining issues are intertwined and highly factual: (i) whether there is sufficient evidence that the Defendants were part of a conspiracy; and (ii) whether there is sufficient evidence that their removal of the salvage brand was pursuant to a conspiracy. As New Mexico courts have recognized, "[a] conspiracy may be established by circumstantial evidence; generally, the agreement is a matter of inference from the facts and circumstances, including the acts of the persons alleged to be conspirators." Morris v. Dodge Country, Inc., 85 N.M. 491, 492, 513 P.2d 1273, 1274 (Ct. App. 1973).

It is important to be clear about the specifics of the conspiracy count. The Plaintiffs are alleging a conspiracy between the Defendants and the Dealerships. See Tr. at 75:21-76:11 (Court

-8-

& Treinen). The evidence that the Plaintiffs offer is: (i) that Richesin, general manager of Lomas Auto Mall, used to be on the board of one of the Defendants; (ii) that there has been at least three other incidents where Martinez allegedly accidentally branded a title salvage and then removed the brand, including at least one where the Dealerships were the ultimate sellers of the vehicle; (iii) that the Defendants profited from their actions; and (iv) that the Defendants did not follow MVD regulations in removing the salvage brand.

Ultimately, this evidence relies heavily on speculation. The timing of events also undermines the possibility of a conspiracy, as Mr. Danoff emphasized at the hearing. It is undisputed that the Defendants removed the salvage brand on October 26, 2006. The Dealerships did not purchase the Sierra in the online auction until November 9, 2006. See Memorandum ¶ 14, at 4; Second Amended Complaint ¶ 32, at 5. The Plaintiffs have no evidence that would help them bridge this temporal gap. The evidence the Defendants have advanced pointing to a conspiracy is slight, but viewed against this timeline, the possibility of a conspiracy is particularly conjectural. The Plaintiffs need at least some evidence explaining how the Dealerships conspired with the Defendants to wash the title of a vehicle that the Dealerships bought at auction two weeks after the Defendants removed the salvage brand.

Most of the evidence that the Plaintiffs offer is relatively speculative. The Court agrees that the offered evidence is relevant on the issue of conspiracy -- the evidence does have some probative value. The evidence is insufficient, however, to allow a reasonable jury to find that a conspiracy existed. The Plaintiffs must do more than just provide some marginal evidence supporting their side; they must designate specific facts showing that there is a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). When the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. See

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The evidence the Plaintiffs offer, taken as a whole, is insufficient evidence of a conspiracy between the Defendants and the Dealerships.

Richesin's former position with the Defendants is minimal evidence of a conspiracy.  The Plaintiffs do not show any current interactions between the Defendants and the Dealerships that might help to establish a conspiracy.  The pattern evidence the Plaintiffs offer is also minimal.  There is, at best for the Plaintiffs, a handful of situations similar to this one.  It is difficult to assign much weight to this evidence indicating a conspiracy, however, without some sense of the significance of the three other alleged incidents involving Martinez where a salvage title was changed to a clean title because of an alleged clerical error.  The evidence does not show whether such occurrences were greater than would statistically be expected given the volume of titles on which Martinez worked or whether such alleged errors were more common when the Dealerships were involved.

The Plaintiffs' arguments about the financial gains to the Defendants are also largely speculation.  While it is likely that the Defendants gained their standard fees for the title transaction, the Plaintiffs offer little evidence in support of their theory that the Defendants profit from extra business that is directed their way because of their willingness to wash titles.  The only evidence to which the Plaintiffs point is the other potential episodes of title washing.  Again, this handful of other potential episodes do not show a pattern, much less support the further inference that the Defendants have a reputation for title washing that allows them to gain extra business from unscrupulous dealers.  That the Defendants gained some profit from the deal is unremarkable, given they are in the business of processing titles.  The Plaintiffs need some additional evidence, such as of increased profits or volume of business, to allow for a reasonable inference that the Defendants

engaged in a title-washing conspiracy based on a financial motive.

Finally, evidence that Martinez may not have followed MVD regulations in removing the salvage does not hint at a conspiracy. If Martinez disregarded MVD regulations, a conspiracy could be one explanation for Martinez' actions. Conspiracy is not, however, necessarily a plausible reason without something more.

In sum, the Plaintiffs offer a small amount of evidence, but the evidence presented is insufficient for a reasonable jury to infer a conspiracy. A reasonable jury could not, on the basis of the evidence the Plaintiffs have offered, conclude that the Defendants and the Dealerships were involved in a title-washing conspiracy. While the Court is mindful that conspiracy will generally be proven with circumstantial evidence, the evidence at best does not hint at the possibility of an agreement between the Defendants and the Dealerships. Without some stronger evidence of an agreement to wash titles, the Plaintiffs' civil conspiracy claims are lacking a key element. The Court will therefore grant the motion.

**IT IS ORDERED** that the Motion of Defendant and Third Party Defendant Independent Auto Dealers Service Corporation, Ltd., and Third Party Defendant New Mexico Independent Automobile Dealers' Association for Partial Summary Judgment on the Issue of Conspiracy is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Rob Treinen
Charles S. Parnall
Feferman & Warren
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

William F. Davis
Charles R. Hughson
Brett Steinbook
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Lomas Auto Mall, Inc.*
      *and M.D. Lohman d/b/a Lohman Motors*

Judd C. West
Michael Neill
Doughty and West PA
Albuquerque, New Mexico

    *Attorneys for Defendant Western Surety Company*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

-- and --

Charles J. Vigil
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Jeffrey W. McElroy
John Paul Valdez
Ray, Valdez, McChristian & Jeans, PC
El Paso, Texas

-- and --

Robert E. Valdez
Ray, Valdez, McChristian & Jeans, PC
San Antonio, Texas

>   *Attorneys for Defendant USAA Casualty Insurance Company*
>    *d/b/a USAA*

Michael L. Danoff
Michael Danoff & Associates, P.C.
Albuquerque, New Mexico

>   *Attorneys for Third-Party Defendants Independent Automobile*
>    *Dealers Service Corporation, Ltd. and New Mexico Independent*
>    *Automobile Dealers Association, Inc.*