IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DELFINO PEDROZA and LILIANA
ANDRADE,

      Plaintiffs,

vs.                                                                           No. CIV 07-0591 JB/RHS

LOMAS AUTO MALL, INC.; M.D. LOHMAN d/b/a
LOHMAN MOTORS; WESTERN SURETY COMPANY;
and USAA CASUALTY INSURANCE COMPANY d/b/a USAA,

      Defendants.

LOMAS AUTO MALL, INC. and M.D.
LOHMAN d/b/a LOHMAN MOTORS,

      Third Party Plaintiffs,

vs.

INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD. and NEW MEXICO
INDEPENDENT AUTOMOBILE DEALERS'
ASSOCIATION, INC.,

      Third Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant USAA Casualty Insurance Company d/b/a USAA's Motion for Continuance of Trial Date Due to Grave Illness of Principal Witness and Brief in Support, filed February 3, 2009 (Doc. 364). The Court held hearings on February 4 and 11, 2009. The primary issue is whether the Court should continue the February 23, 2009 trial setting because USAA's principal fact witness and corporate representative, Sharon Kunz, has been diagnosed with breast cancer and requires immediate diagnostic procedures, surgery, and medical treatment. Because the Court concludes that Kunz' unfortunate diagnosis of breast cancer requires

her to remain in a sedentary, non-stressful environment, the Court does not believe that it is appropriate to require the trial or a trial deposition at this time, and the Court will grant the motion for a ninety-day extension of time on the trial.  Specifically, the Court will reschedule the trial for May 18, 2009 through May 29, 2009 -- less May 25, 2009, which is a federal holiday.  The Court will not grant any further extensions of time based on Kunz' illness.

 The Court initially heard argument on this motion on February 4, 2009, but deferred ruling at that time until the Court had received more information about Kunz' status.  On February 10, 2009, USAA provided the Court with an update, and with letters from Kunz' surgeon and her oncologist.  See Defendant USAA Casualty Insurance Company d/b/a USAA's Advisory to the Court, filed February 10, 2009 (Doc. 376)("Advisory").  In a letter dated February 9, 2009, Dr. Rene Jaso, the surgeon, writes that Kunz will undergo surgery within ten days and that she "is not able to travel and cannot undergo any emotional stress."  Exhibit A to Advisory, Letter from Rene Jaso, M.D. (dated February 9, 2009)(Doc. 376-2).  Dr. Jaso states that Kunz' "medical condition is such that [Dr. Jaso] will not release Ms. Kunz to participate in any trial preparation, deposition testimony, or trial testimony."  Id.  Jayasree Rao, Kunz' oncologist, writes that Kunz will undergo daily radiation treatment after surgery, and that she "is not physically or emotionally capable of participating in stressful events like deposition, trial preparation, or trial testimony," which "will have a negative impact on her health and recovery."  Exhibit B to Advisory, Letter from Jayasree Rao, M.D. (dated February 10, 2009)(Doc. 376-2).  Dr. Rao estimates that Kunz will not have fully recovered until May or June 2009.  See id.

 Based on these letters that USAA has provided the Court, the Court does not believe that it would be appropriate at this time to require Kunz to participate in the trial or to be deposed as an alternative to live testimony.  Robert E. Valdez, counsel for USAA, argued at both hearings that

Kunz is USAA's key witness and that her testimony is the centerpiece of the defense he intends to offer. The Court believes that Mr. Valdez' concerns about proceeding to trial without Kunz -- at least through a trial deposition -- are legitimate and that it would be unfair to USAA to force it to go to trial without Kunz' testimony at this time. Her illness could not have been reasonably anticipated, and USAA had no practical reason to take her deposition and preserve her testimony for trial. The Court also, however, must protect the rights of the Plaintiffs. The Court will reset the start date of the trial to May 18, 2009, which the parties represent is a mutually agreeable time, but will not grant further continuances on the basis of Kunz' health. If USAA later decides that Kunz will not be available for the May trial setting, it may take a trial deposition of Kunz. The Court will limit such a deposition to two hours for USAA, twenty minutes for the other Defendants, thirty minutes for the Plaintiffs, and a further ten minutes of re-direct for USAA. The parties may modify these limitations if all the parties are in agreement on the changes.

**IT IS ORDERED** that Defendant USAA Casualty Insurance Company d/b/a USAA's Motion for Continuance of Trial Date Due to Grave Illness of Principal Witness and Brief in Support is granted. The Court will reschedule the trial for May 18, 2009 through May 29, 2009 -- less May 25, 2009, which is a federal holiday

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Richard N. Feferman
Rob Treinen
Charles S. Parnall
Feferman & Warren
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

William F. Davis
Charles R. Hughson
Brett Steinbook
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants and Third Party Plaintiffs*
      *Lomas Auto Mall, Inc., and M.D. Lohman d/b/a Lohman Motors*

Judd C. West
Michael Neill
Doughty and West, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Western Surety Company*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

-- and –

Charles J. Vigil
Leslie McCarthy Apodaca
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Jeffrey W. McElroy
John Paul Valdez
Ray, Valdez, McChristian & Jeans, P.C.
El Paso, Texas

-- and --

Robert E. Valdez
Lynn Rada
Ray, Valdez, McChristian & Jeans, P.C.
San Antonio, Texas

>   *Attorneys for Defendant USAA Casualty Insurance Company*
>       *d/b/a USAA*

Michael L. Danoff
Michael L. Danoff & Associates, P.C.
Albuquerque, New Mexico

>   *Attorneys for Defendant and Third-Party Defendant Independent Automobile*
>       *Dealers Service Corporation, Ltd. and Third-Party Defendant New Mexico*
>       *Independent Automobile Dealers Association, Inc.*