IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DELFINO PEDROZA and LILIANA
ANDRADE,

       Plaintiffs,

vs.                                                                                                             No. CIV 07-0591 JB/RHS

LOMAS AUTO MALL, INC.; M.D. LOHMAN d/b/a
LOHMAN MOTORS; WESTERN SURETY COMPANY;
and USAA CASUALTY INSURANCE COMPANY d/b/a USAA,

       Defendants.

LOMAS AUTO MALL, INC. and M.D.
LOHMAN d/b/a LOHMAN MOTORS,

       Third Party Plaintiffs,

vs.

INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD. and NEW MEXICO
INDEPENDENT AUTOMOBILE DEALERS'
ASSOCIATION, INC.,

       Third Party Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant USAA's Motion in Limine, filed February 9, 2009 (Doc. 371)("Motion"). The Court held a hearing on February 20, 2009. The primary issues are whether the Court should exclude: (i) references to other claims or cases asserted against Defendant USAA Casualty Insurance Company d/b/a USAA; (ii) references to other situations in which USAA has requested salvage titles until the Plaintiffs have demonstrated the admissibility of such evidence; (iii) references to prior mediation or settlement attempts by any

party; (iv) references to any subsequent remedial measures USAA may have taken after the lawsuit was filed; and (v) references to USAA's net worth or assets until the Plaintiffs have established a prima-facie entitlement to punitive damages. The Court will grant most of USAA's requests. The Court will exclude the single reference to another case that the Plaintiffs would like to introduce at trial, will exclude references to settlement attempts other than the telephone call the Plaintiffs received before this case was initiated, will exclude references to any subsequent remedial measures, and will require the Plaintiffs to lay a sufficient foundation before introducing evidence about USAA's net worth. The Court will not, however, at this time exclude references to other situations in which USAA has requested salvage titles for vehicles. That issue is premature. If necessary, USAA may reraise the issue about other situations in which USAA requested salvage titles at a later date, with a more particularized showing.

## PROCEDURAL BACKGROUND

USAA moves to exclude several categories of evidence from the upcoming trial: (i) references to other claims or cases asserted against USAA; (ii) references to other situations in which USAA has requested salvage titles until the Plaintiffs have demonstrated the admissibility of such evidence; (iii) references to prior mediation or settlement attempts by any party; (iv) references to any subsequent remedial measures USAA may have taken after the lawsuit was filed; and (v) references to USAA's net worth or assets until the Plaintiffs have established a prima-facie entitlement to punitive damages. See Motion at 1-2.

The Plaintiffs first counter, in response to USAA's request to exclude references to other claims or cases, that the complaint in Don Johnson Motors Inc. v. USAA Insurance Agency, No. 2008-07-3771-A (Tex. Dist. Ct., Cameron County) is admissible evidence in support of their claim for punitive damages. See Plaintiffs' Response to Defendant USAA Casualty Insurance Company

d/b/a USAA's Motion in Limine at 3, filed February 17, 2009 (Doc. 385)("Response").  They contend that, in Don Johnson Motors Inc. v. USAA Insurance Agency, USAA sold a 2006 Saturn Vue, which one of its insureds had wrecked, on a clean title, despite having declared the Vue a total loss.  See Response at 3.  The Plaintiffs maintain that this complaint will be relevant to rebutting any defense of mistake and to helping prove to the jury that the jury should award punitive damages because USAA has a pattern or practice, under rule 404(b) of the Federal Rules of Evidence, of selling damaged vehicles on clean titles.  See Response at 4.

Next, the Plaintiffs assert that USAA's request to exclude other instances in which USAA has requested salvage titles is premature.  The Plaintiffs note that they have not yet deposed CoPart Auto Auctions.  According to the Plaintiffs, USAA has sold thousands of cars declared uneconomical to repair or a total loss through CoPart, and the CoPart deposition may turn up relevant evidence of title washing.  See id. at 5.  The Plaintiffs also contend that they have uncovered evidence of USAA "flipping" titles -- procuring clean titles in a different state for vehicles bearing a salvage title in another state.  Id. at 5-6.  They maintain that, until discovery is complete on these issues, the admissibility of the evidence is not a ripe issue.

On USAA's third point, the Plaintiffs agree that references to settlement attempts should be excluded, but ask that the prohibition not extend to events taking place before the lawsuit.  Before litigation began, the Plaintiffs assert, they sought to determine why Defendant Lomas Auto Mall, Inc. had not provided them with a license plate and title, and why Lomas Auto Mall employees called, demanding the return of the Sierra.  See id. at 7.  The Plaintiffs maintain that such evidence should not fall within the scope of the exclusion.  They also point out that they have sought to exclude references to settlement negotiations in their motion in limine and ask that the exclusion apply equally to all parties.  See id. at 7-8.

The Plaintiffs then argue that exclusion of remedial-measures evidence is a moot issue, because they are not aware of any such evidence they could introduce. See id. at 8. Finally, the Plaintiffs contend that they should be permitted to publish evidence to the jury about USAA's net worth. They maintain that, by allowing discovery of its net worth, USAA has conceded that the Plaintiffs have "at least a non-spurious claim for punitive damages." Id. Even if USAA has not conceded the issue, they contend that there is overwhelming evidence on this issue and, in particular, point out that the Court has already ruled that USAA is liable on a claim under the Unfair Trade Practices Act. See Response at 9 (citing Memorandum Opinion and Order at 2, entered January 21, 2009 (Doc. 356)). Additionally, the Plaintiffs assert that the Court has also already established the competence of USAA's net worth being estimated at $6,050,601,742.00. See Response at 8 (citing Order at 2, entered January 10, 2009 (Doc. 331)).

At the hearing, Charles J. Vigil, USAA's counsel, argued that admitting out-of-state cases for punitive damages would be contrary to State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996). See Transcript of Hearing at 43:5-11 (taken February 20, 2009)(Vigil). Rob Treinen, the Plaintiffs' attorney, contended that the Texas case they would seek to introduce at trial was admissible as pattern and practice evidence and that the evidence would only be used for punitive damages. See id. at 44:17-45:7 (Treinen); 45:16-22 (Court & Treinen).[1] Other than the punitive-damages issue, the Court was able to resolve most of the other evidentiary issues USAA raised during the hearing.

## ANALYSIS

Most of the issues that USAA raised in its Motion the Court were resolved at the hearing.

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

Whether the Court should permit the Plaintiffs to introduce the complaint from <u>Don Johnson Motors Inc. v. USAA Insurance Agency</u> is the only significant issue remaining. That complaint, which is a recitation of allegations, not facts, and involves conduct after this lawsuit, is inadmissible to help prove an entitlement to punitive damages in this case. On the other issues, as stated at the hearing, the Court will exclude references to settlement attempts other than the telephone call the Plaintiffs received before this case began, will exclude references to subsequent remedial measures USAA may have taken, and will require the Plaintiffs to lay a sufficient foundation before introducing evidence about USAA's net worth, but will not at this time exclude references to other situations in which USAA has requested salvage titles.

**I.     THE COURT WILL EXCLUDE THE COMPLAINT IN <u>DON JOHNSON MOTORS, INC. V. USAA INSURANCE AGENCY</u>.**

USAA seeks to exclude evidence of other cases filed against it. The Plaintiffs have indicated that they wish to introduce the complaint from one case in Texas in support of their claim for punitive damages. USAA contends that the Texas case was filed after this case, is out-of-state conduct, involves only allegations at this point, and is dissimilar from the conduct at issue here, involving largely negligence claims. Although many of USAA's arguments fail, the Court agrees that, in the context of this case, the jury should not use allegations of later conduct in another situations and so will exclude the complaint.

Looking to <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u> and <u>BMW of North America, Inc. v. Gore</u> for some guidance, the Court will exclude this evidence, although not necessarily because it involves out-of-state conduct. The Court will use these cases to inform its analysis, under rule 403, of the probative value and potential unfair prejudice of the evidence. In <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, the Supreme Court of the United States held that Utah courts erred in imposing

a large punitive damages award based substantially upon State Farm's nationwide practices. Federalism concerns played a large role in the Supreme Court's decision on this point. The Supreme Court noted that, "as a general rule, . . . a State [does not] have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction." 538 U.S. at 421. Although this Court is a federal court, the basis for punitive damages here would be New Mexico law. Because the Court would be acting as a conduit for New Mexico law and its underlying policies, the same concerns about a state's legitimate policies are thus implicated. See Smith v. Ingersoll-Rand Co., 214 F.3d 1235, 1253 (10th Cir. 2000)(applying BMW of North America, Inc. v. Gore's holding on out-of-state conduct to district court). BMW of North America, Inc. v. Gore and State Farm Mut. Auto. Ins. Co. v. Campbell, however, do not preclude reliance on all out-of-state conduct. As the Supreme Court explained, "[a] State cannot punish a defendant for conduct that may have been lawful where it occurred." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. at 421. The complaint the Plaintiffs want to use, however, is alleging that the conduct in that case is unlawful where it occurred. Moreover, "out-of-state acts are clearly admissible 'to show the degree of reprehensibility of a defendant's conduct.'" Smith v. Ingersoll-Rand Co., 214 F.3d at 1253 (quoting BMW of North America, Inc. v. Gore, 517 U.S. at 574).

Additionally, the conduct alleged in the complaint in Don Johnson Motors Inc. v. USAA Insurance Agency is similar to the conduct here. Most of the causes of action are, as USAA notes, premised on negligence. The complaint, however, includes a fraud claim, and more importantly the underlying allegations are similar to the facts of this case.

Many factors thus seem to favor the Plaintiffs. They run into trouble, however, because "[d]ue process does not permit courts, in the calculation of punitive damages, to adjudicate the

merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis."  State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. at 423.  While factually similar to here, the allegations in Don Johnson Motors Inc. v. USAA Insurance Agency remain that, allegations.  A complaint demonstrates that another person has a grievance similar to the one raised here, but it does not provide evidence of USAA's conduct, as, for instance, a judgment against USAA, or the testimony of the plaintiffs in that case, would.  While a verified complaint would at least have the same force as an affidavit, see Conaway v. Smith, 853 F.2d 789, 792 (10th Cir. 1988)(noting that verified complaints may be treated as affidavits for summary judgment), an unverified complaint like the one the Plaintiffs seek to introduce is no more than a set of allegations.

Arguably, the Court could, consistent with State Farm Mut. Auto. Ins. Co. v. Campbell, allow the Texas complaint into evidence to establish entitlement to liability on punitive damages, but not for the mathematical "calculation" of punitive damages.  538 U.S. at 423.  Such use, however, would still require the Court "to adjudicate the merits of the parties' hypothetical claims against [USAA] under the guise of a reprehensibility analysis."  Id.  There is no sound reason to allow these allegations in for the determination of liability for and entitlement to punitive damages, but not consider them in the calculation of punitive damages.  The problems of letting these allegations in the case remain in either scenario.

More recently, in Philip Morris USA v. Williams, 549 U.S. 346 (2007), the Supreme Court emphasized that the "Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent."  Id. at 353.  This restriction, however, is on liability and not necessarily a restriction on the admissibility of evidence.  "[H]arm to others shows more reprehensible conduct," which is one factor in the

punitive-damages calculus. Id. at 355. "Evidence of <u>actual harm</u> to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible," and is thus admissible evidence, so long the jury does not "go further than this and use a punitive damages verdict to punish a defendant directly on account of harms it is <u>alleged</u> to have visited on nonparties." Id. (emphasis added). On the one hand, the Supreme Court's reference to evidence of actual harm supports the conclusion that unverified allegations in a complaint are insufficient to form a basis even for showing reprehensibility. On the other hand, the Supreme Court also referred to "alleged" harms to nonparties. There is some tension in these two statements, but the most consistent reading is that "evidence of actual harm" will not prove the harm and thus the harm remains an allegation in a sense, as a punitive damages verdict would not adjudicate the merits of the harm or prevent the defendant from contesting whether such harm occurred if the issue were raised directly in a future case. <u>Philip Morris USA v. Williams</u> thus also indicates that some evidence of actual harm, rather than unverified pleadings, is necessary to support a showing of reprehensibility.

Another problem with allowing the complaint into evidence is that the alleged conduct in <u>Don Johnson Motors Inc. v. USAA Insurance Agency</u> took place after the conduct here, raising concerns about whether it could properly be considered for punitive damages. "Although '[the Supreme Court's] holdings that a <u>recidivist</u> may be punished more severely than a first offender recognize that repeated misconduct is more reprehensible than an individual instance of malfeasance,' in the context of civil actions courts must ensure the conduct in question <u>replicates the prior transgressions</u>." <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. at 423 (quoting <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. at 577)(emphasis added)(citation omitted). Recidivist behavior may be properly considered when determining reprehensibility, but later conduct

-8-

is not evidence that earlier conduct is recidivist. Later conduct does not amount to "prior transgressions." <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. at 423. USAA's alleged conduct in this case might be proper evidence in <u>Don Johnson Motors Inc. v. USAA Insurance Agency</u>, but not the reverse.

While the Court is not aware of any court specifically excluding evidence for punitive damages on the basis that the evidence involved later actions -- or, for that matter, any court relying on such evidence in upholding a punitive damages award -- the decisions discussing punitive damage have invariably referred to prior acts. <u>See</u>, <u>e.g.</u>, <u>Williams v. ConAgra Poultry Co.</u>, 378 F.3d 790, 797 (8th Cir. 2004)(discussing need for "prior bad acts" and "prior incidents" to be sufficiently related to conduct at issue in case); <u>Berardi v. Village of Sauget, Ill.</u>, 2008 WL 2782925 at *5 (S.D.Ill.)(refusing to admit evidence of "prior incidents"). Arguably, the later conduct at issue in <u>Don Johnson Motors Inc. v. USAA Insurance Agency</u> could show that USAA was becoming a recidivist, but it does not show that USAA's actions in this case were recidivist.[2]

The Court need not decide whether all allegations of misconduct that occurred after the conduct at issue in a case, rather than evidence of past conduct, also runs afoul of the due-process limitations on punitive damages. All the Court need decide here is that, in the circumstances of this case, such allegations are not admissible as a basis for punitive damages or as evidence of reprehensibility. The allegations remain allegations, there is only one set of allegations, and one set

---

[2] The Supreme Court does not explain why recidivism may be reprehensible but why prior incidents -- and apparently not later incidents -- may be considered in the reprehensibility analysis. It may be that the theoretical underpinnings of any such concept are that, when a person or entity commits a bad act and then later commits other bad acts, the initial slice of time -- the first bad act -- should be viewed in isolation. At that first time, the person or entity has not shown any other related bad behavior, and looking to future events and imposing punishment for subsequent events arguably conflicts with basic notions of fairness.

of allegations about events in another state does not establish and is not particularly probative of any pattern. The Court will therefore exclude, under rule 403, the complaint from <u>Don Johnson Motors Inc. v. USAA Insurance Agency</u>. The allegations have limited probative value, are unduly prejudicial, and will require the trial of another set of allegations in a case that is complicated enough.

### II.     THE COURT WILL NOT, AT THIS TIME, EXCLUDE REFERENCES TO OTHER INSTANCES IN WHICH USAA SOUGHT A SALVAGE TITLE.

USAA also wishes to exclude references to other instances in which USAA sought a salvage title. As stated at the hearing, because discovery involving these events is ongoing, the Court will deny the request without prejudice to USAA renewing its motion at a future date. The Plaintiffs have forty-five days from the date of the hearing to send a letter to USAA identifying any instances that the Plaintiffs will seek to use at trial. USAA will have ten days from receipt of the letter to respond to the Plaintiffs, and the Plaintiffs will then have five days for any further response back to USAA. If the parties are unable to reach an agreement at that point, USAA may raise the issue with the Court, with a more particularized showing that the incidents are not relevant or are unduly prejudicial.

### III.    THE COURT WILL EXCLUDE REFERENCES TO SETTLEMENT DISCUSSIONS, BUT NOT TO THE PRE-LAWSUIT TELEPHONE CALL THE PLAINTIFFS RECEIVED.

USAA's third request is for the exclusion of any reference to prior mediation or settlement attempts -- a request that the Plaintiffs have also made. <u>See</u> Plaintiffs' Motion in Limine ¶ 4, at 1, filed February 9, 2009 (Doc. 372). Although the parties seem to be in agreement, the Plaintiffs have a caveat. They do not want the exclusion to be construed to extend to pre-lawsuit events. As stated at the hearing, the Court will exclude reference to settlement discussions, but not to the telephone

call that the Plaintiffs received before this lawsuit was filed.[3]

### IV. THE COURT WILL EXCLUDE ANY REFERENCE TO SUBSEQUENT REMEDIAL MEASURES USAA MAY HAVE TAKEN AFTER THIS SUIT WAS FILED.

USAA's fourth request is that the Court, pursuant to rule 407, exclude any references to subsequent remedial measures it may have taken. The Plaintiffs have no opposition to this request, stating that they are not aware of any remedial measures. The Court will therefore exclude any potential evidence of remedial measures.

### V. THE COURT WILL NOT ALLOW THE PLAINTIFFS TO INTRODUCE EVIDENCE OF USAA'S NET WORTH UNTIL THEY HAVE MADE A SUFFICIENT SHOWING OF ENTITLEMENT TO PUNITIVE DAMAGES.

For its fifth and final request, USAA asks that the Court exclude reference to USAA's net worth or assets until the Plaintiffs have made a prima-facie showing of entitlement to punitive damages and "has demonstrated to the Court that it can establish such evidence by competent, admissible evidence." Motion ¶ 5, at 2. As the Plaintiffs point out, the Court has already held that the Plaintiffs may use the net worth documentation that USAA has provided to the Plaintiffs. See January 10, 2009 Order at 2. Requiring the Plaintiffs to make a showing of entitlement to punitive damages before they introduce this documentation, however, is appropriate. As the Court informed the parties at the hearing, when the Plaintiffs wish to introduce the evidence they should approach the bench and the Court will determine whether there is a sufficient foundation for the evidence at that time.

**IT IS ORDERED** that Defendant USAA's Motion in Limine is granted in part and denied in part, as detailed in this Memorandum Opinion and Order.

---

[3] As also stated at the hearing, the Court will not be excluding certain facts regarding payments the Plaintiffs have received, which pertain to mitigation of damages. The Court will address this aspect in more depth in its opinion on the Plaintiffs' Motion in Limine.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Richard N. Feferman
Rob Treinen
Charles S. Parnall
Feferman & Warren
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

William F. Davis
Charles R. Hughson
Brett Steinbook
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants and Third Party Plaintiffs*
      *Lomas Auto Mall, Inc., and M.D. Lohman d/b/a Lohman Motors*

Judd C. West
Michael Neill
Doughty and West, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Western Surety Company*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

-- and --

Charles J. Vigil
Leslie McCarthy Apodaca
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Jeffrey W. McElroy
John Paul Valdez
Ray, Valdez, McChristian & Jeans, P.C.
El Paso, Texas

-- and --

Robert E. Valdez
Lynn Rada
Ray, Valdez, McChristian & Jeans, P.C.
San Antonio, Texas

> *Attorneys for Defendant USAA Casualty Insurance Company
>    d/b/a USAA*

Michael L. Danoff
Michael L. Danoff & Associates, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendant and Third-Party Defendant Independent Automobile
>    Dealers Service Corporation, Ltd. and Third-Party Defendant New Mexico
>    Independent Automobile Dealers Association, Inc.*