**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DELFINO PEDROZA and LILIANA ANDRADE,

    Plaintiffs,

vs.                                                                                                       No. CIV 07-0591  JB/RHS

LOMAS AUTO MALL, INC.; M.D. LOHMAN d/b/a
LOHMAN MOTORS; WESTERN SURETY COMPANY;
USAA CASUALTY INSURANCE COMPANY d/b/a USAA;
and INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD.,

    Defendants.

LOMAS AUTO MALL, INC. and M.D. LOHMAN d/b/a
LOHMAN MOTORS,

    Third Party Plaintiffs,

vs.

INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD. and NEW MEXICO INDEPENDENT
AUTOMOBILE DEALERS' ASSOCIATION, INC.,

    Third Party Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine, filed February 9, 2009 (Doc. 372). The Court held a hearing on February 20, 2009. The primary issues are: (i) whether the Court should permit the Defendants to admit evidence of or to discuss the Plaintiffs' attorney's fees; (ii) whether the Court should permit the Defendants to discuss or to introduce evidence of the Plaintiffs' criminal convictions and prior civil lawsuits; (iii) whether the Court should allow the Defendants to introduce evidence of Defendant Lomas Auto Mall Inc.'s "as is"

clause;[1] (iv) whether the Court should allow the Defendants to discuss and to introduce evidence of settlement discussions, if offered as mitigation-of-damages evidence; (v) whether the Court should allow testimony by Defendant USAA Casualty Insurance Company d/b/a USAA's new corporate representative that contradicts previous testimony by USAA's prior corporate representative; (vi) whether the Court should admit the alleged New Mexico Motor Vehicle Division ("MVD") statements to Leo Martinez, Guy Appelman, or Sharon Kunz;[2] and (vii) whether the Court should admit exhibit 41 to Kunz' deposition. Based on the parties' agreement at the hearing the Court will: (i) exclude evidence of the Plaintiffs' attorney's fees; (ii) not exclude the "as is" clause, but permit the Plaintiffs to seek a jury instruction on the clause; (iii) exclude most evidence of settlement discussions, except for evidence that the 2005 GMC Sierra the Plaintiffs bought was paid off, that the Plaintiffs' trade-in was paid off, and evidence of events that occurred before this case was filed; and (iv) exclude exhibit 41 to Kunz' deposition. On the other issues, the Court will: (i) exclude evidence of the Plaintiffs' convictions and past litigation under rule 403 of the Federal Rules of Evidence; (ii) will not exclude statements from any new corporate representative USAA may designate that are inconsistent with Kunz' statements, because a corporate representative's statements are not conclusively binding on the corporation; and (iii) will not exclude the statements MVD officials allegedly made to various employees of the Defendants, because the Defendants seek to introduce those statements for a permissible, non-hearsay purpose.

---

[1] Lomas Auto Mall's contract with the Plaintiffs apparently contains a clause that the Sierra was sold "as is," without any warranties.

[2] Martinez is an employee of Defendant Independent Auto Dealers Service Corporation, Ltd., who worked on the Sierra's title. Appleman was Martinez' boss at the time. Kunz is an employee of USAA who handled the insurance claim made on the Sierra before it was sold at auction.

**FACTUAL BACKGROUND**

The Court has already discussed much of the background of this case. See Pedroza v. Lomas Auto Mall, Inc., 2009 WL 683704 at *1-2 (D.N.M.)(slip copy), Memorandum Opinion and Order at 2-3, entered January 20, 2009 (Doc. 344). Briefly, the case involves a used Sierra that the Plaintiffs bought, which they allege had a salvage title and a damaged axle that were not disclosed to them. Only a few additional facts are necessary here.

Before and after this case began, the Plaintiffs have had some encounters with the legal system that the Defendants wish to introduce at trial. Plaintiff Liliana Andrade has two convictions for driving under the influence. See Brief in Support of Plaintiff's Motion in Limine at 4, filed February 9, 2009 (Doc. 373)("Brief"). These convictions came in 2007 and in 2008, after the events that precipitated this case. See Transcript of Hearing at 8:18 (taken February 20, 2009)(Treinen)("Tr.").[3]

Plaintiff Delfino Pedroza pled guilty to an automobile burglary charge in January 2002. He received a deferred sentence of probation, and the charge was dismissed when Pedroza fulfilled his probation obligations. See Brief at 5; Exhibit A to Brief, State v. Pedroza Delfino: Case Detail at 1 (dated July 27, 2007)(Doc. 373-2). During his deposition, Pedroza erroneously referred to this charge as "grand theft auto." Exhibit B to Brief, Deposition of Delfino Pedroza at 33:23-34:6 (taken September 30, 2008)(Doc. 373-3)("Pedroza Depo."). Apparently, according to Rob Treinen, the Plaintiffs' counsel, Pedroza stole about $250.00 worth of tire rims from the trunk of a car. See Tr. at 5:1-10 (Treinen). Pedroza also testified at his deposition to pleading guilty to driving under the influence. See Pedroza Depo. at 76:1-10. At the hearing, Mr. Treinen also stated that Pedroza had

---

[3] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

received several tickets for various minor infractions, such as improper window tinting, driving with a broken taillight, and not having insurance. See Tr. at 10:17-11:9 (Treinen). In addition, Pedroza had filed for bankruptcy after a judgment was entered against him in a lawsuit involving a car accident. See Brief at 6. The bankruptcy occurred in 2004, while the lawsuit provoking the bankruptcy came some time before 2004. See Tr. at 10:14-16 (Treinen).

## PROCEDURAL BACKGROUND

The Plaintiffs move the Court to exclude certain evidence from trial. Specifically, they ask that the Court exclude seven categories of evidence that they believe the Defendants may attempt to introduce: (i) the Plaintiffs' attorney's fees; (ii) the Plaintiffs' criminal convictions and prior civil lawsuits; (iii) Lomas Auto Mall Inc.'s "as is" clause; (iv) settlement negotiations; (v) testimony from a new USAA corporate representative that may be inconsistent with Kunz' testimony; (vi) MVD statements made to Martinez, Appelman, or Kunz; and (vii) exhibit 41 to Kunz' deposition, a purported USAA policy document that USAA could not authenticate. The Plaintiffs argue that evidence about their prior convictions and lawsuits are not relevant, and are unduly prejudicial. They also contend that their convictions do not meet rule 609's thresholds. None of their convictions, they maintain, either involved an element of dishonesty, or had potential sentences of a year or more. See Brief at 4. While acknowledging that Pedroza pled guilty to automobile burglary, the Plaintiffs contend that he received a deferred sentence and that the charge was later dismissed, resulting in no conviction at all. See id. at 5. The Plaintiffs also ask that the Court bar the Defendants from raising Pedroza's statement in a deposition that he was convicted of "'grand theft auto,'" which is not the correct term for his crime, on the grounds that the statement would confuse the jury. Id. (quoting Pedroza Depo. at 34:6). Finally, the Plaintiffs argue that evidence involving Pedroza's bankruptcy and the underlying reason for the bankruptcy are irrelevant.

See Brief at 6.

Next, the Plaintiffs argue that the "as is" clause in Lomas Auto Mall's contract is not relevant in a case premised on fraud and that introducing the clause will only confuse the jury about New Mexico law. See id. at 6-7. The Plaintiffs ask that the Court exclude evidence about settlement discussions and contend that the Defendants want to use such evidence for mitigation of damages. According to the Plaintiffs, just as such evidence would not be admissible for liability under rule 408, it should not be admissible to prove the opposite; that is, failure to mitigate. See Brief at 7. The Plaintiffs further contend that they have no duty to mitigate damages in this case anyway. See id. at 8.

Given Kunz' health,[4] the Plaintiffs fear that USAA may end up appointing a corporate representative who is different from Kunz, who testified as USAA's 30(b)(6) representative at deposition, and request that any new representative not contradict Kunz' testimony as the mouthpiece of the corporation. See Brief at 9. The Plaintiffs then request that the Court exclude as inadmissible hearsay the statements MVD officials allegedly made to the Defendants' employees, and further note that some of the MVD statements incorrectly describe New Mexico law and should be excluded as confusing. See id. at 10. Finally, the Plaintiffs ask that the Court exclude a USAA policy document, exhibit 41 to Kunz' deposition, because USAA could not authenticate it or confirm that the document expressed USAA policy. See Brief at 10-11.

The Defendants filed several separate responses to the Plaintiffs' motion. Lomas Auto Mall and Defendant M.D. Lohman d/b/a Lohman Motors (collectively, "Dealerships"), argue that they should be allowed to introduce the "as is" clause. They maintain that the clause is relevant to the

---

[4] See Memorandum Opinion and Order at 1-3, entered February 20, 2009 (Doc. 387)(discussing Kunz' health and continuing trial setting).

reliance element of the Plaintiffs' fraud claim and also to the breach-of-warranty-of-title claim. See Defendant M.D. Lohman's and Lomas Auto Mall, Inc.'s Objection to Plaintiffs' Motion in Limine at 2-5, filed February 17, 2008 (Doc. 382)("Dealerships' Response"). Although agreeing that the details of settlement discussions should be excluded, the Dealerships contend that the Plaintiffs have received money from a settlement with Wachovia Dealer Services d/b/a WFS Financial and the jury should be allowed to take that settlement into account. See id. at 5-6. The Dealerships also maintain that evidence about the Plaintiffs' driving history, which may include charges of reckless driving and auto burglary, and knowledge of cars will be relevant. See id. at 6-7.

Defendants Independent Auto Dealers Service Corporation, Ltd. ("IADSC") and New Mexico Independent Automobile Dealers' Association, Inc. ("NMIADA") oppose only the Plaintiffs' request to exclude the MVD statements. They contend that the statements from Toby Williams, an MVD supervisor, to Martinez, an IADSC employee, are being offered to show why Martinez removed the salvage brand, and not for the truth of Williams' assertions. See Defendant/Third Party Defendants' Response to Plaintiffs' Brief in Support of Plaintiffs' Motion in Limine that Testimony About Alleged Statements Made by MVD is Inadmissible Hearsay at 2-3, filed February 17, 2009 (Doc. 383). Alternatively, they maintain that Williams' statements are admissible to show Martinez' state of mind when he removed the salvage brand. See id. at 3-4.

USAA opposes several of the Plaintiffs' requests. USAA first contends that, regardless whether rule 609 bars the Plaintiffs' past convictions and lawsuits for impeachment purposes, those incidents are admissible for other purposes. See Defendant USAA's Response to Plaintiff's Motion in Limine at 2, filed February 17, 2009 (Doc. 386)("USAA's Response"). In USAA's view, the Plaintiffs' damages claims are largely going to be rooted in humiliation and other emotional distress. USAA contends that it should be allowed to test the extent of the distress in this case by comparison

with these earlier events in the Plaintiffs' lives. See id. at 2-3. USAA further argues that Pedroza's guilty plea to automobile burglary is admissible under rule 608(b) because theft is a crime probative of truthfulness. See USAA Response at 4. As a final alternative, USAA argues that the automobile burglary is admissible as a prior inconsistent statement under rule 801(d)(1)(a) because Pedroza testified at his deposition that he had not been involved in any criminal cases other than a DUI conviction. See USAA Response at 4-5.

With respect to the settlement discussions, USAA argues that earlier settlement offers are admissible to show the Plaintiffs' state of mind and the extent of their emotional distress. See id. at 5. Next, USAA characterizes the Plaintiffs' request to exclude any contradictory statements a new corporate representative might make as a "gag order" that "would be impossible to implement as a practical matter." Id. at 6. USAA contends that the Plaintiffs can impeach any contradictions and that this mode should suffice to protect the Plaintiffs. See id.

USAA's last opposition is to exclusion of MVD employee statements to Kunz. Like IADSC and NMIADA, USAA contends that such statements are admissible because they are not intended for the truth of the matters asserted. USAA maintains this will be important for the fraud claim asserted against it, which requires a known or reckless misrepresentation. See id. at 6-7. USAA does not oppose exclusion of references to the Plaintiffs' attorney's fees or exclusion of the USAA policy document, see id. at 1-2, 8, and takes no position on the "as is" clause in the contract between Lomas Auto Mall and the Plaintiffs, see id. at 5.

A number of the issues were resolved at the hearing. All the parties agreed that the Plaintiffs' attorney's fees should be excluded; that Lomas Auto Mall's "as is" clause should not be excluded, albeit with a jury instruction addressing the issue; that settlement discussions should be excluded, except for certain evidence; and that exhibit 41 to Kunz' deposition should be excluded.

-7-

The remaining issues, however, were not resolved at the hearing.

## ANALYSIS

The Plaintiffs request that the Court exclude seven categories of evidence. In accordance with the parties' agreement and the Court's rulings at the hearing, the Court will exclude evidence of the Plaintiffs' attorney's fees and exhibit 41 to Kunz' deposition. The Court will also exclude evidence of settlement negotiations, except for evidence regarding pre-lawsuit events and evidence that the Sierra was paid off and that the Plaintiffs' trade-in was paid off. The Court will not exclude the "as is" clause, but will allow the Plaintiffs to seek a jury instruction on that issue. Regarding the issues not resolved at the hearing: (i) the Court will exclude evidence of the Defendants' convictions and past lawsuits; (ii) the Court will not preclude any new USAA corporate representative from contradicting Kunz' testimony; and (iii) the Court will not exclude statements that MVD officers may have made to the Defendants' employees, as long as those statements are not offered to prove the truth of the matters asserted therein; if necessary, the Court will give the jury a limiting instruction.

**I.    THE COURT WILL NOT ALLOW THE DEFENDANTS TO INTRODUCE EVIDENCE OF, OR TO OTHERWISE DISCUSS, THE PLAINTIFFS' ATTORNEY'S FEES.**

None of the Defendants object to excluding evidence about the Plaintiffs' attorney's fees. As stated at the hearing, the Court will therefore exclude any evidence or reference to the Plaintiffs' attorney's fees.

**II.   THE COURT WILL NOT ALLOW THE DEFENDANTS TO DISCUSS OR TO INTRODUCE EVIDENCE OF THE PLAINTIFFS' CRIMINAL CONVICTIONS AND PRIOR CIVIL LAWSUITS.**

During the hearing, the Dealerships indicated that they no longer had an objection to excluding evidence of the Plaintiffs' convictions and past litigation, because they initially believed

that Pedroza's automobile burglary conviction involved theft of an automobile, which might be probative of knowledge about the mechanics of cars, but that further information revealed that the conviction did not involve such conduct. See Tr. at 12:12-13:12 (Steinbook). USAA, however, continued to oppose the Plaintiffs' request and focused its arguments on the relevance of the evidence to the Plaintiffs' claim for emotional damages. USAA also advanced several arguments in its written response. None of the arguments, however, are availing.

### A. THE CRIMINAL CONVICTIONS ARE NOT ADMISSIBLE UNDER RULE 609, RULE 608, OR RULE 801.

Rule 609 restricts when a criminal conviction can be used to attack a witness' character for truthfulness. Most of the Plaintiffs' convictions are for DUI. None of the maximum possible sentences for the Plaintiffs' DUI convictions exceeded a year,[5] nor does a conviction for DUI require "proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). The DUI convictions are thus inadmissible under rule 609, and none of the Defendants challenge that conclusion.

USAA argues in its written response that Pedroza's automobile burglary conviction, despite being dismissed after he completed his deferred sentence of probation, is nonetheless admissible under rule 608(b) as past misconduct that is probative of untruthfulness. In support of this contention, USAA cites an out-of-circuit case and a treatise. See USAA Response at 4 (citing United States v. Smith, 80 F.3d 1188, 1193 (7th Cir. 1996), and McCormick on Evidence § 191 (3d. ed. 1984)). The United States Court of Appeals for the Tenth Circuit, however, has rejected such a categorical approach. In United States v. Dunson, 142 F.3d 1213 (10th Cir. 1998), the Tenth

---

[5] New Mexico law sets the maximum punishment for a first DUI offense at sixty days, see NMSA 1978, § 66-8-102E, and the maximum punishment for a second offense at three hundred sixty-four days, see id. § 66-8-102F.

Circuit affirmed a district court's exclusion of shoplifting evidence under rule 609(a)(2), because shoplifting is not automatically a crime of dishonesty. See 142 F.3d at 1215 (citing United States v. Mejia-Alarcon, 995 F.2d 982 (10th Cir. 1993)). With respect to whether theft is probative of dishonesty, the Court sees no difference between rule 609(a)(2) and rule 608(b). While stealing, in the right circumstances, might help show untruthfulness, stealing rims from a trunk is a straightforward theft devoid of any sort of indication of dishonesty or false statements. It is not probative of untruthfulnes and not a proper subject for cross-examination under rule 608(b).

Also in its written response, USAA contends that the Court should allow USAA to impeach Pedroza with evidence of the automobile burglary charge and his misdemeanor convictions as prior inconsistent statements under rule 801(d)(1)(A). USAA maintains that Pedroza falsely testified that he had no involvement with any criminal case other than a DUI. Rule 801(d)(1)(A) is a hearsay exception, for impeaching trial testimony with prior inconsistent statements. The alleged inconsistency is, apparently, between the deposition testimony and what is known about Pedroza's automobile burglary charge, seeing as how he has not testified at trial yet. Regardless, any inconsistency is a misreading of the deposition. Pedroza testified about his automobile burglary charge at the deposition. See Pedroza Depo. at 33:23-34:8. Immediately before the transcript portion that USAA cites, Pedroza is talking about the automobile burglary charge, see id. at 74:15-76:1, and is then asked: "Was that the only criminal case in which you've ever been involved?," id. at 76:2-3. At that point, Pedroza admits to another case, the DUI. There is no inconsistency.

  **B. THE PLAINTIFFS' CRIMINAL CONVICTIONS AND PAST CIVIL LITIGATION ARE NOT ADMISSIBLE TO CONTEST THE PLAINTIFFS' REQUEST FOR EMOTIONAL DAMAGES.**

At the hearing, the main argument advanced in favor of admitting the Plaintiffs' prior convictions, civil litigation, and other potentially stressful events was that USAA and the other

Defendants should be able to ask the Plaintiffs about other stressful events in their life, to compare those events with the events in this case for the purpose of defending against the Plaintiffs' claims for emotional distress and similar damages.  Charles Vigil, USAA's attorney, contended that there was no need for the events to be contemporaneous with the events in this case.  See Tr. at 16:8-11 (Vigil).  Comparing dissimilar and non-contemporaneous stressful events from the Plaintiffs' lives with the allegedly stressful events the Plaintiffs endured in this case is of minimal probative value.  Given the potentially inflammatory nature of the events that USAA wants to be able to probe -- past convictions, bankruptcy and civil litigation -- the Court believes that such lines of inquiry should be cut off under rule 403.

      First, the Plaintiffs' convictions and earlier litigation are of minimal relevance.  None of these incidents involve conduct similar to what is alleged here.  The only common factor among them is that they are all potentially stressful events.  People may respond in different ways to different types of events.  What sorts of distress and anguish the Plaintiffs may have experienced because of their convictions or past litigation and the extent of the emotional distress from those situations has little to say about what they may have experienced in this particular case, especially without more of a foundation.

      Aside from being distant in character, the events are also distant in time.  The convictions and litigation either occurred before or after the events in this case.  Many things happen to people over the course of their lives.  With the passage of time, even similar events may become less probative of a person's reaction because people themselves may change.  USAA does not want to use the Plaintiffs' other stressful events to show that something else caused their stress -- which would be difficult given the lack of contemporaneity -- but changing the purpose does not eliminate the effect the passage of time has.  Contemporaneity is probably more important when trying to

-11-

show alternate causation, but even under the theory USAA advances, the Court cannot see the differences in time as being irrelevant.

USAA can cross-examine the Plaintiffs about many aspects of the distress they have allegedly suffered. What happened because of the events in this case is what is important. Other stressful events have little to say on that topic.

Second, in addition to having marginal probative value, the particular incidents into which USAA wants to delve pose a significant risk of unfair prejudice. Criminal convictions, of course, can result in significant and irrelevant prejudice. Even past civil litigation, especially bankruptcy, also poses such a risk. Moreover, bringing all these past events into an already lengthy trial poses a substantial chance of derailing the trial and creating a trial within a trial on numerous tangential concerns. Because the high possibility of unfair prejudice, confusion, and delay significantly outweighs the negligible relevance of the convictions and past lawsuits to the Plaintiffs' emotional-distress damages, the Court will exclude such evidence under rule 403.

**III.    THE COURT WILL ALLOW THE DEFENDANTS TO INTRODUCE EVIDENCE OF LOMAS AUTO MALL'S "AS IS" CLAUSE.**

At the hearing, all the parties agreed that the "as is" clause in Lomas Auto Mall's contract was not an absolute defense for any of the Defendants, but was evidence. The parties agreed that the best approach to mitigate any confusion would be a jury instruction addressing the issue. See Tr. at 18:12-20:16 (Court, Treinen, Danoff & Steinbook). Accordingly, the Court will deny the Plaintiffs' request to exclude the "as is" clause, without prejudice to them seeking a jury instruction on the clause.

**IV.    THE COURT WILL ALLOW EVIDENCE REGARDING PRE-LAWSUIT EVENTS THAT MIGHT BE CONSTRUED AS SETTLEMENT NEGOTIATIONS, EVIDENCE THAT THE SIERRA WAS PAID OFF, AND EVIDENCE THAT THE PLAINTIFFS' TRADE-IN WAS REIMBURSED, BUT WILL OTHERWISE EXCLUDE SETTLEMENT EVIDENCE.**

Both the Plaintiffs and USAA have moved to exclude evidence of settlement negotiations. Both, however, also have particular interpretations of what the exclusion would mean. In an earlier opinion, the Court excluded evidence of settlement discussions, but stated that pre-lawsuit activities, specifically a telephone call to the Plaintiffs from Lomas Auto Mall, would not be excluded. See Memorandum Opinion and Order at 10-11, entered April 2, 2009 (Doc. 395). The Court also noted that it would later address whether to allow USAA to offer evidence from the settlement discussion as evidence for mitigation of damages. See id. at 11 n.3.

At the hearing, Brett Steinbook, the Dealerships' counsel, agreed that his concerns regarding the Plaintiffs' out-of-pocket expenses would be eliminated with the Plaintiffs' stipulation that their out-of-pocket expenses was only fifteen dollars for a Carfax report. See Tr. at 24:7-15 (Treinen, Court & Steinbook). Mr. Vigil, however, for USAA, was not satisfied with that stipulation. Eventually, however, the parties agreed that the settlement negotiations should be excluded, but that the Defendants should be allowed to introduce evidence that the Sierra was paid off and that the Plaintiffs were reimbursed for their trade-in. See id. at 26:2-28:17 (Court, Steinbook, Vigil & Treinen). Additionally, the parties agreed that nothing that occurred pre-lawsuit would be excluded and that, in particular, they would all be allowed to offer their interpretations on the telephone call made to the Plaintiffs before litigation began. See id. at 28:18-30:1 (Court & Treinen). Because these agreements are reasonable, as stated the hearing, the Court will exclude all evidence about settlement negotiations, except for the Sierra being off, the Plaintiffs being reimbursed for their trade-in, and any discussions pre-lawsuit.

## V. THE COURT WILL NOT PREVENT USAA'S NEW CORPORATE REPRESENTATIVE FROM GIVING TESTIMONY THAT CONTRADICTS PREVIOUS TESTIMONY.

Kunz has been USAA's corporate representative at the rule 30(b)(6) deposition of USAA. She may be USAA's corporate representative at trial. Although she is ill, the Court has postponed trial at USAA's request in the hope that she will be able to continue serving as USAA's representative and be a witness at trial. In the event that USAA changes corporate representatives, however, the Plaintiffs ask that the Court prevent the new representative from contradicting Kunz' earlier deposition testimony.

During the hearing, the Court indicated that it was likely to deny the Plaintiffs' request, but stated that it would give the issue more thought. Further reflection has not changed the Court's mind. Some district courts have indicated that rule 30(b)(6) deposition testimony has a conclusive effect. See, e.g., Rainey v. American Forest and Paper Ass'n, Inc., 26 F.Supp.2d 82, 96 (D.D.C. 1998)(refusing to consider affidavit that contradicted rule 30(b)(6) deposition). Other courts -- perhaps the majority -- have held the opposite. See, e.g., Credit Corp. v. Legion Ins. Co., 265 F.3d 630, 637 (7th Cir. 2001)(rejecting Rainey v. American Forest and Paper Ass'n, Inc.'s approach); Degrado v. Jefferson Pilot Financial Ins. Co., 2009 WL 279019 at *21 (D.Colo.)("As noted by several courts, the binding effect of the testimony of a Rule 30(b)(6) representative is merely as an evidentiary admission, which may be controverted or explained by a party. It is not a judicial admission, which is conclusive and cannot be withdrawn without leave of court."). A leading treatise takes a similar line. See 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure, § 2103 (2008)("[T]he testimony of a Rule 30(b)(6) representative, although admissible against the party that designates the representative, is not a judicial admission absolutely binding on that party."); 12B Federal Practice and Procedure: Quick Reference Guide, Rule 30(b), at 658

(2008)("Testimony by a Rule 30(b)(6) representative has the effect of an evidentiary admission, but not a judicial admission, and thus may be controverted or explained by the party"). While the Tenth Circuit has not addressed this issue, the weight of authority seems to favor treating rule 30(b)(6) testimony like other testimony.

Not giving conclusive effect to rule 30(b)(6) testimony strikes the Court as the wiser approach. Rule 30(b)(6) requires organizations to designate representatives to speak for them. Absent rule 30(b)(6), organizations would either have no voice, being legal abstractions, or else speak in a cacophony of disparate statements, given the many people that make up most organizations. Nothing in rule 30(b)(6)'s language, however, indicates that, aside from officially speaking for the organization, the representative's testimony is somehow treated differently than others' testimony.[6] Any fact witness may say one thing at a deposition and another at trial. If rule 30(b)(6) meant for corporate representatives to be treated differently than other witnesses, presumably the rule would have said so. Kunz gave a rule 30(b)(6) deposition. The Plaintiffs have her testimony. Should USAA end up with a new representative and should that representative's

---

[6] Rule 30(b)(6) provides:

> **(6) *Notice or Subpoena Directed to an Organization.*** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

testimony begin to veer away from what Kunz said, the Plaintiffs have the means to impeach the new representative. This safeguard is sufficient.

Practical considerations also weigh against the Plaintiffs' approach. Policing whether a new corporate representative was, in fact, contradicting earlier statements that Kunz made and then precluding those statements or instructing the jury to disregard them would be a difficult task. The Court will not prohibit any new corporate representative for USAA from testifying differently than Kunz testified. USAA will have to live with the consequences of two witnesses telling two different stories.

## VI.    THE COURT WILL ALLOW THE ALLEGED MVD STATEMENTS TO LEO MARTINEZ, GUY APPELMAN AND SHARON KUNZ, BUT NOT FOR THE TRUTH OF THE MATTERS ASSERTED.

Out-of-court statements that are not offered for the truth of the matters asserted therein are not hearsay. See Fed. R. Evid. 801(c) (defining hearsay). All of the Defendants who wish to introduce the statements various MVD officials allegedly made to the Defendants' employees wish to use those statements for a non-hearsay purpose, namely, for the effect the statements had on the listeners and to explain why the employees took the actions they did. What effect those statements may have had on the listeners does not turn on whether the statements are true or not. The Defendants' proposed purpose, so long as they limit their use of the statements to the effect of the statements on the listeners or other non-hearsay uses, is acceptable. The Court will not exclude the MVD officials' statements, but will give the jury a limiting instruction.

## VII.   THE COURT WILL NOT ADMIT EXHIBIT 41 TO KUNZ' DEPOSITION.

No one, including USAA, opposes the exclusion of exhibit 41 to Kunz' deposition, which is a USAA policy document that USAA has apparently been unable to authenticate. The Court will therefore exclude that document.

**IT IS ORDERED** that the Plaintiff's Motion in Limine is granted in part and denied in part, as explained in this memorandum opinion and order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Richard N. Feferman
Rob Treinen
Charles S. Parnall
Feferman & Warren
Albuquerque, New Mexico

>   *Attorneys for the Plaintiffs*

William F. Davis
Charles R. Hughson
Brett Steinbook
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

>   *Attorneys for Defendants and Third Party Plaintiffs*
>     *Lomas Auto Mall, Inc., and M.D. Lohman d/b/a Lohman Motors*

Judd C. West
Michael Neill
Doughty and West, P.A.
Albuquerque, New Mexico

>   *Attorneys for Defendant Western Surety Company*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

-- and --

Charles J. Vigil
Leslie McCarthy Apodaca
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Jeffrey W. McElroy
John Paul Valdez
Ray, Valdez, McChristian & Jeans, P.C.
El Paso, Texas

-- and --

Robert E. Valdez
Lynn Rada
Ray, Valdez, McChristian & Jeans, P.C.
San Antonio, Texas

>*Attorneys for Defendant USAA Casualty Insurance Company d/b/a USAA*

Michael L. Danoff
Michael L. Danoff & Associates, P.C.
Albuquerque, New Mexico

>*Attorneys for Defendant and Third-Party Defendant Independent Automobile Dealers Service Corporation, Ltd. and Third-Party Defendant New Mexico Independent Automobile Dealers Association, Inc.*