## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DELFINO PEDROZA and LILIANA
ANDRADE,

       Plaintiffs,

vs.                                                                    No. CIV 07-0591 JB/RHS

LOMAS AUTO MALL, INC.; M.D. LOHMAN, d/b/a
LOHMAN MOTORS; WESTERN SURETY COMPANY;
USAA CASUALTY INSURANCE COMPANY d/b/a USAA;
INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD.

       Defendants.

LOMAS AUTO MALL, INC. and M.D.
LOHMAN d/b/a LOHMAN MOTORS,

       Counterclaimants,

vs.

DELFINO PEDROZA and LILIANA
ANDRADE,

       Counter-Defendants.

LOMAS AUTO MALL, INC. and M.D.
LOHMAN d/b/a LOHMAN MOTORS,

       Cross-Claimants,

vs.

USAA CASUALTY INSURANCE COMPANY d/b/a USAA,

       Cross-Claim Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' and the Defendants' oral requests

a hearing held on May 12, 2009.  The primary issue is how many peremptory challenges each party

in this case should be allowed to exercise during voir dire.  Based upon the alignment of interests

in this case and the need to ensure that a jury can be empaneled, the Court will allow Defendants

New Mexico Independent Automobile Dealers' Association, Inc. ("NMIADA") and Independent

Auto Dealers Service Corporation, Ltd. ("IADSC") to jointly exercise three peremptory challenges,

Defendant and Cross-claim Defendant USAA Casualty Insurance Company d/b/a USAA to exercise

two peremptory challenges, Defendants, Counterclaimants, and Cross-Claimants Lomas Auto Mall,

Inc. and M.D. Lohman d/b/a Lohman Motors (collectively, "Dealerships") to jointly exercise two

peremptory challenges, and the Plaintiffs and Counter-Defendants to jointly exercise four

peremptory challenges.

## PROCEDURAL BACKGROUND

During the hearing on May 12, 2009, Michael Danoff, NMIADA's and IADSC's attorney,

asked the Court to determine how many peremptory challenges to prospective jurors each party

should receive during voir dire.  There are a number of Defendants in various postures in this case,

as well as counterclaims and cross-claims remaining.  Mr. Danoff asked to be given three

peremptory challenges for his clients, because they did not have a unity of interest with the other

Defendants.  See Transcript of Hearing at 89:18-90:3 (Danoff & Court)(taken May 12,

2009)("Tr.").[1]  Charles Vigil, USAA's counsel, emphasized that USAA had a cross-claim against

it and suggested that each of the three sets of Defendants -- NMIADA and IADSC, USAA, and the

Dealerships -- be given two peremptory challenges.  See id. at 90:15-21 (Vigil).  Brett Steinbook,

the Dealerships' attorney, concurred with Mr. Vigil's suggestion.  See id. at 92:16-17 (Steinbook).

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

Mr. Danoff maintained that he should have three challenges because of his clients' unique situation.

See id. at 92:12-14.  Rob Treinen, the Plaintiffs' counsel, requested more challenges if the number

of overall challenges on the Defendants' side were going to be increased, although he expressed a

desire to ensure that a jury could be picked.  See id. at 91:14-17 (Treinen).  The Court informed the

parties that, at this stage, no more summonses were possible and the forty potential jurors already

summoned were going to be the available pool.  See id. at 91:18-21 (Court).[2]

## ANALYSIS

There are multiple parties in this case, some of them with divergent interests.  Given the size

of the jury pool -- approximately forty-seven -- from which eight jurors will need to be selected, the

Court must place some limits on the number of peremptory challenges each party may exercise.  The

Court will give three challenges to NMIADA and IADSC, two challenges to USAA, two challenges

to the Dealerships, and four challenges to the Plaintiffs.

Determining the number of peremptory challenges each party should be allotted is primarily

a matter of the Court's discretion.  See Standard Industries, Inc. v. Mobil Oil Corp., 475 F.2d 220,

225 (10th Cir. 1973).  There is, however, a statute that provides the starting point:

> In civil cases, each party shall be entitled to three peremptory challenges. Several
> defendants or several plaintiffs may be considered as a single party for the purposes
> of making challenges, or the court may allow additional peremptory challenges and
> permit them to be exercised separately or jointly.
>
> All challenges for cause or favor, whether to the array or panel or to individual
> jurors, shall be determined by the court.

28 U.S.C. § 1870.  In multiple party cases, the statutory language stating that "[s]everal defendants

or several plaintiffs may be considered as a single party for the purposes of making challenges"

_____

[2] After the hearing, the Court learned that approximately forty-seven potential jurors would
be available for the jury pool.

confers substantial discretion on a district court.  See Standard Industries, Inc. v. Mobil Oil Corp.,

475 F.2d at 225.  In Standard Industries, Inc. v. Mobil Oil Corp., the United States Court of Appeals

for the Tenth Circuit upheld a district court's decision to apportion three challenges to each of the

two plaintiffs and two challenges to each of the five defendants.  See id.  Courts may thus require

individual parties in multiple-party litigation to have less than the three challenges normally granted

a party.  See id.  See also Fedorchick v. Massey-Ferguson, Inc., 577 F.2d 856, 858 (3d Cir. 1978).

The Court believes that the fairest allocation of challenges in this case would be to allow

NMIADA and IADSC to jointly exercise three challenges, USAA to exercise two challenges, and

Lomas Auto Mall and Lohman Motors to jointly exercise two challenges, while allowing the

Plaintiffs to jointly exercise four challenges.  This framework is consistent with 28 U.S.C. § 1870

and the Tenth Circuit's interpretation in Standard Industries, Inc. v. Mobil Oil Corp.  Accordingly,

the Court will use that apportionment.  Indeed, this division of challenges is quite similar to the

allotment of three challenges to each plaintiff and two challenges to each defendant that the Tenth

Circuit upheld in Standard Industries, Inc. v. Mobil Oil Corp.

All the parties are in agreement that NMIADA and IADSC are essentially one unit, the

Dealerships are essentially one unit, and the Plaintiffs are essentially one unit for the purposes of

this litigation despite each unit comprising two parties.  The same counsel represent each unit and

each unit has identical or almost identical interests.  USAA, as a single party, can of course be

treated as a whole unit.  Although Defendant and Cross-claimant Western Surety Company remains

a party in this case, the Court has bifurcated the trial, and therefore Western Surety need not be

considered at this point.  See Order at 1-2, entered January 21, 2009 (Doc. 346).

With these groupings in mind, the first question becomes how to assign challenges to each

separate unit of Defendants.  All of the Defendants have some unity of interest as Defendants, and

the Court believes that it is unnecessary to afford each unit three challenges.  On the other hand, the

various Defendants have divergent interests that counsel in favor of allowing separate challenges

and, to ensure a workable system, of increasing the number of challenges overall for the Defendants.

Mr. Vigil's suggestion of two challenge apiece for the three different Defendant groups

strikes the Court as reasonable.  Mr. Danoff, however, maintains that NMIADA and IADSC should

be afforded three challenges.  Three challenges for NMIADA and IADSC, two for USAA, and two

for the Dealerships is an appropriate solution to this impasse.

A number of claims remain for trial against USAA and the Dealerships.  In particular,

several of the claims are claims for joint enterprise and conspiracy between USAA and the

Dealerships.  See  Second Amended Complaint for Damages and for Declaratory Relief and Jury

Demand ¶¶ 109-14, at 14, ¶¶ 115-119, at 14-15, ¶¶ 120-24, at 15, & ¶¶ 138-40, at 17, filed July 9,

2008 (Doc. 193)("SAC").  Given the claims in this case, USAA and the Dealerships have a unity

of interest on a number of aspects of this case.  The Dealerships, however, have asserted cross-

claims against USAA.  See First Amended Answer of Lomas Auto Mall, Inc. and Lohman to

Plaintiffs' Second Amended Complaint for Damages and for Declaratory Relief and Jury Demand

¶¶ 72-88, at 14-16, filed July 29, 2008 (Doc. 215).  With these cross-claims in the picture, the Court

cannot fairly treat the Dealerships and USAA as being a single party.  At the same time, giving, for

instance, three challenges to each would be excessive in light of the significant overlap in interests.

Mr. Vigil's suggestion of two challenges each is an appropriate number that balances the competing

interests.

The Court has granted summary judgment to NMIADA and IADSC, holding that there is

insufficient evidence that they were involved in a title-washing conspiracy with the Dealerships.

See Memorandum Opinion and Order at 8-11, entered January 21, 2009 (Doc. 349).  The Court has

also held that IADSC and NMIADA cannot be liable for indemnification to the Dealerships.  See

Order at 2, entered January 28, 2009 (Doc. 357).  Those rulings leave the Plaintiffs with claims for

fraud and violations of the New Mexico Unfair Practices Act against IADSC and NMIADA, and

no one else with claims against them.  See SAC ¶¶ 98-102, at 13, ¶¶ 125-130, at 16.  The remaining

allegations against IADSC and NMIADA are isolated and concern their role in removing the salvage

brand from the Sierra's title.  They are thus in a rather unique spot in this litigation, and the Court

believes that it can therefore fairly grant Mr. Danoff's request for three separate peremptory

challenges for his clients.

The Defendants thus have, as a whole, seven peremptory challenges.  Parties do not need to

have an equal number of challenges, and that rule includes plaintiffs not having a right, as whole,

to having an equal number of challenges to the defendants, as a whole.  See Standard Industries, Inc.

v. Mobil Oil Corp., 475 F.2d at 225; Nehring v. Empresa Lineas Maritimas Argentinas, 401 F.2d

767, 767-68 (5th Cir. 1968)(per curiam), cert. denied, 396 U.S. 819 (1969).  Nonetheless, the Court

believes that increasing the number of challenges the Plaintiffs may exercise is appropriate to help

even out the possibility that the Defendants have greater leverage in selecting the jury pool.  Given

the cross-claims in play, some of the challenges on the Defendants' side may be used with those

claims in mind more than the Plaintiffs' claims.  Thus, it may be the case that the Plaintiffs are not

facing as significant an imbalance as seven challenges might imply at first glance.  Raising the

number of the challenges the Plaintiffs may exercise to five or more may also risk the ability to form

a jury, a risk which the Plaintiffs have stated they do not want to run to a high level.  See Tr. at

91:16-17 (Treinen)("I don't want to go too far given the jury pool's only 40.").  With these factors

in mind, the Court concludes that giving an extra peremptory challenge to the Plaintiffs, increasing

their total number of challenges to four, is appropriate.

**IT IS ORDERED** that the Plaintiffs' and Defendants' requests for additional peremptory challenges is granted.  The Court will allow Defendants New Mexico Independent Automobile Dealers' Association, Inc. and Independent Auto Dealers Service Corporation, Ltd. to jointly exercise three peremptory challenges, Defendant and Cross-claim Defendant USAA Casualty Insurance Company d/b/a USAA to exercise two peremptory challenges, Defendants, Counterclaimants, and Cross-Claimants Lomas Auto Mall, Inc. and M.D. Lohman d/b/a Lohman Motors to jointly exercise two peremptory challenges, and the Plaintiffs and Counter-Defendants to jointly exercise four peremptory challenges.

_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

Richard N. Feferman
Rob Treinen
Charles S. Parnall
Feferman & Warren
Albuquerque, New Mexico

       *Attorneys for the Plaintiffs and Counter-Defendants*

William F. Davis
Charles R. Hughson
Brett Steinbook
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

       *Attorneys for Defendants, Counterclaimants, and Cross-claimants*
        *Lomas Auto Mall, Inc. and M.D. Lohman d/b/a Lohman Motors*

Judd C. West
Michael Neill
Doughty and West, P.A.
Albuquerque, New Mexico

       *Attorneys for Defendant Western Surety Company*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

-- and --

Charles J. Vigil
Leslie McCarthy Apodaca
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Jeffrey W. McElroy
John Paul Valdez
Ray, Valdez, McChristian & Jeans, P.C.
El Paso, Texas

-- and --

Robert E. Valdez
Lynn Rada
Ray, Valdez, McChristian & Jeans, P.C.
San Antonio, Texas

       *Attorneys for Defendant and Cross-claim Defendant USAA Casualty*
        *Insurance Company d/b/a USAA*

Michael L. Danoff
Michael L. Danoff & Associates, P.C.
Albuquerque, New Mexico

       *Attorneys for Defendants Independent Automobile Dealers Service*
        *Corporation, Ltd. and New Mexico Independent Automobile Dealers*
        *Association, Inc.*