IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DELFINO PEDROZA and LILIANA
ANDRADE,

        Plaintiffs,

vs.                                                                                                                              No. CIV 07-0591 JB/RHS

LOMAS AUTO MALL, INC.; M.D. LOHMAN, d/b/a
LOHMAN MOTORS; WESTERN SURETY COMPANY;
USAA CASUALTY INSURANCE COMPANY d/b/a USAA;
and INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD.

        Defendants.

LOMAS AUTO MALL, INC. and M.D. LOHMAN, d/b/a
LOHMAN MOTORS,

        Counterclaimants,

vs.

DELFINO PEDROZA and LILIANA
ANDRADE,

        Counterclaim Defendants.

### MEMORANDUM OPINION AND ORDER

        **THIS MATTER** comes before the Court on the Plaintiffs' Motion to Exclude Defendant USAA Casualty Insurance Company d/b/a USAA's Witness David Christensen and Motion for Expedited Resolution of this Motion, filed May 7, 2009 (Doc. 409). The Court held a hearing on May 12, 2009. The primary issue is whether the Court should allow Defendant USAA Casualty Insurance Company d/b/a USAA to introduce testimony regarding reductions USAA believes should be made to its annual statement to provide a figure of USAA's new worth. Because the Court

believes that allowing USAA to use reductions for catastrophic-loss reserves would be contrary to the Court's orders and unfair to the Plaintiffs at this late stage, the Court will exclude testimony regarding those reserves.

## PROCEDURAL BACKGROUND

On September 29, 2008, the Plaintiffs moved to compel discovery from USAA, contending that USAA had failed to respond to discovery requests for financial information about USAA's net worth that might be relevant to punitive damages. See Plaintiffs' Third Motion to Compel Casualty Insurance Company d/b/a USAA (Doc. 267). As relevant here, the Plaintiffs argued that USAA had not responded to a request for production asking for "[a]ll USAA's income statements, profit and loss statements and tax returns for the most current year for which these documents are available." Plaintiffs' Third Set of Discovery to USAA Casualty Insurance Company d/b/a USAA, Request for Production No. 16, at 3 (Doc. 268-7). USAA provided some documentation in response to Request to Production No. 16, see Exhibit C to Plaintiffs' Supplemental Brief in Support of Third Motion to Compel USAA Casualty Insurance Company d/b/a USAA, Annual Statement for the year 2007 of the USAA Casualty Insurance Company: Liabilities, Surplus and Other Funds at 3 (Doc. 275-4)("Surplus Statement"), but the Plaintiffs were not satisfied with the production.

At a hearing on December 17, 2008, the Court noted that the documents showed USAA had a surplus of over two billion dollars. See Transcript of Hearing at 15:12-14 (Court)(taken December 17, 2008)("December 17 Tr.").[1] Rob Treinen, the Plaintiffs' attorney, said he was not sure whether the surplus figure would be net worth in the accounting sense. See id. at 15:15-16 (Treinen); id. at 16:1-5 (Court & Treinen). Mark Klecan, USAA's attorney, stated that the page produced was what

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

USAA normally produced when this "kind of request came up," but that USAA could produce the whole report.  Id. at 16:10-14 (Klecan).  The Court asked Mr. Treinen what the rest of the report would get him that the page produced would not, and Mr. Treinen responded that he was concerned that USAA might argue that there were additional calculations that went into determining net worth that were not contained in the document.  See id. at 16:15-23 (Court & Treinen).  The Court decided that USAA did not need to produce any further documents, as long as USAA was agreeable with Mr. Treinen arguing to the jury that USAA had six-billion dollars in assets, but that "if USAA is going to introduce any evidence about their net worth or something that's different from that, if they're going to try to contest that in any way, they need to give Mr. Treinen the information that he needs to do that."  Id. at 18:1-4 (Court).  After the hearing on the motion, the Court issued a written order:

> The Court will not order USAA to respond further to Request for Production No. 16. If USAA, however, intends to contest the figures in the documentation provided in response to Request for Production No. 16 -- such as contesting that it does not have six-billion dollars in assets, or contesting the net worth stated in the documentation or otherwise contradicting the information in the document provided to the Plaintiffs -- then USAA will be required to produce to the Plaintiffs, before trial, the information that USAA will be relying on and introducing at trial.

Amended Order at 2, entered January 12, 2009 (Doc. 333).

In the Pretrial Order, USAA stated that David Christensen, USAA's Assistant Vice-President of Accounting Policy and External Reporting, will testify "concerning issues surrounding USAA's financial statement and new worth."  Pretrial Order ¶ 2e, at 48, filed May 13, 2009 (Doc. 418).  The Plaintiffs move to exclude this testimony, contending that USAA seeks to contradict the financial statements provided to the Plaintiffs under the guise of explaining those statements.  See Plaintiffs' Brief in Support of Motion to Exclude Defendant USAA Casualty Insurance Company d/b/a USAA's Witness David Christensen and Motion for Expedited Resolution of this Motion at 3, filed

May 7, 2009 (Doc. 410). The Plaintiffs also seek expedited resolution of their motion. See id. at 4.

At the hearing on May 12, 2009, the Plaintiffs and USAA agreed that Christensen would produce an affidavit stating what Christensen interpreted USAA's net worth to be based upon the balance sheet provided to the Plaintiffs and that the Plaintiffs would raise the issue with the Court if there were any further objections at that point. See Transcript of Hearing at 54:3-22 (Court, Treinen & Valdez)(taken May 12, 2009). The next day, Charles Vigil, USAA's counsel, sent Rob Treinen, the Plaintiffs' attorney, an affidavit that Christensen wrote. In this affidavit, Christensen asserted that, "although USAA CIC reported a surplus of $2,849,362,985 in the 2007 Annual Statement, this amount does not take into account amounts reserved or set aside for payment of claims," USAA's "true net excess assets" were $103,839,492.00, based upon a statutory surplus of $2,849,362,985.00 less $1,068,871,931.00 in regulatory capital requirements and less $1,676,651,562.00 in reserves for catastrophic losses. Affidavit of David Christensen Relating to Plaintiffs' Request for Production of Information Disclosing the New Worth of USAA Casualty Company ("USAA CIC") ¶ 4, at 2 (dated May 13, 2009). According to Christensen, this last reduction, relating to "losses that are probable to be incurred in future periods due to catastrophic events," is a figure that "accounting rules do not allow [USAA] to set aside funds for losses until such losses occur." Id. Christensen states that the "$(1,676,651,562)" represents "[p]robable maximum loss based on two one in 500 year natural catastrophes." Id.

Christensen does not support this "$(1,676,651,562)" figure with any date or documents, but with an example:

> As an example of why excess capital is important, during USAA CIC's three worst years of catastrophic events (2004, 2005 and 2008), USAA CIC paid $783,482,023 in catastrophic claims loss payments and loss adjustment expenses, which represents

>payments made over and above loss payment and expense related to claims in the normal course of business. The totals for catastrophic claims for each year are as follows:
>
>>2004 – $228,092,632
>>
>>2005 – $235,017,688
>>
>>2008 – $320,371,706

Id. ¶ 5, at 2-3. Christensen then states:

>If USAA CIC did not maintain the reserve amounts as outlined above both for payment of claims in the normal course of business (as required by regulators), as well as reserves for payment of catastrophic events (such as those paid in 2004, 2005 and 2008) it would be unable to remain financially viable or satisfy its obligations to policy holders for payment of claims.

Id. ¶ 6, at 3.

On May 18, 2009, before the trial began, the Plaintiffs stated that they had been unable to work out a solution with USAA. Richard Feferman, co-counsel for the Plaintiffs, stated that the Plaintiffs were fine with the reduction for the regulatory capital requirements, but objected to Christensen's reduction for catastrophic losses. USAA maintained that it should be allowed to use both deductions.

## ANALYSIS

When the Court held that USAA need not produce any further documents beyond the annual-statement page it produced to the Plaintiffs, the Court stated that, if USAA contested the figures in the statement, USAA would need to provide the basis for that challenge. The Plaintiffs argue that Christensen's testimony amounts to contradicting and not explaining. USAA contends the opposite. The Court concludes that the Plaintiffs have the better of the argument and will preclude USAA from arguing that its net-worth figures should be reduced by the $1,676,651,562.00 set aside for catastrophic losses.

The Court's order at the December 17, 2008 hearing and its subsequent written order were meant to preclude and foreclose USAA's current distinction, and to avoid this very situation. USAA contends that Christensen's reductions are explanations, and not contradictions. At the December 17, 2008 hearing, however, Mr. Treinen stated that he was concerned that USAA might argue that there were additional calculations that went into determining net worth that were not contained in the single page of information that USAA produced, see December 17 Tr. at 16:15-23 (Court & Treinen), which is precisely what USAA is now attempting to argue. The Court held that, "if USAA is going to introduce any evidence about their net worth or something that's different from that, if they're going to try to contest that in any way, they need to give Mr. Treinen the information that he needs to [respond to USAA's evidence]." Id. at 18:1-4 (Court). Based upon the Court's ruling at the hearing and its context, USAA's current attempt to introduce further evidence about its net worth falls within the scope of contesting or contradicting the information it had provided to the Plaintiffs.

Reviewing the Surplus Statement and the reductions that USAA proposes further demonstrates that what USAA seeks to do is to contradict the statement it produced earlier. The Surplus Statement does not contain the two reductions that USAA wishes to make to the surplus to reach a net-worth figure. Given this fact, the Court believes that Christensen's testimony falls more within the realm of contradicting than explaining the annual statement. USAA invents a new category of argument or information. The Court did not contemplate that USAA would be able to "explain" its prior discovery; it contemplated either uncontested or contested information. Fundamentally, the Court envisioned that, if USAA would stand by the figure at trial it gave the Plaintiffs in discovery, the Court would not require USAA to produce more financial information for punitive damages purposes. The Plaintiffs would need to undertake further discovery to be able

to contest these proposed deductions. While USAA has provided the Plaintiffs with Christensen's affidavit, the Court does not believe that, without a deposition of Christensen and possibly additional information and documentation, the Plaintiffs will have the information upon which the proposed deductions are based and therefore be able to fairly contest them at trial.

Christensen does not give the Plaintiffs the ability to question his figure. Rather than explain where the "$(1,676,651,562)" figure comes from, he gives "an example." The "example" selects -- without explanation -- three non-consecutive years: 2004, 2005, and 2008. These three years, however, total $783,482,023, not "$(1,676,651,562)." Thus, the Plaintiffs do not have the ability to question effectively the "$(1,676,651,562)" figure. USAA has thus contested the figures it gave the Plaintiffs earlier and has not provided the information that the Plaintiffs sought earlier. It would be unfair to preclude the Plaintiffs from compelling balance sheet information earlier and to now allow USAA, on the eve of trial, to call into question the information it did produce.

Before the trial on March 18, 2009, the Plaintiffs stated that their only dispute was with USAA reducing its net-worth figures based upon amounts set aside to cover potential catastrophic losses. The Court accordingly will exclude only the $1,676,651,562.00 reduction that USAA proposes. This exclusion would leave USAA with a net worth of $1,780,491,054.00.

**IT IS ORDERED** that the Plaintiffs' Motion to Exclude Defendant USAA Casualty Insurance Company d/b/a USAA's Witness David Christensen and Motion for Expedited Resolution of this Motion is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Richard N. Feferman
Rob Treinen
Charles S. Parnall
Feferman & Warren
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs and Counterclaim Defendants*

William F. Davis
Charles R. Hughson
Brett Steinbook
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants and Counterclaimants Lomas Auto Mall, Inc.*
      *and M.D. Lohman d/b/a Lohman Motors*

Judd C. West
Michael Neill
Doughty and West, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Western Surety Company*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

-- and --

Charles J. Vigil
Leslie McCarthy Apodaca
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Jeffrey W. McElroy
John Paul Valdez
Ray, Valdez, McChristian & Jeans, P.C.
El Paso, Texas

-- and --

x

Robert E. Valdez
Lynn Rada
Ray, Valdez, McChristian & Jeans, P.C.
San Antonio, Texas

    *Attorneys for Defendant USAA Casualty Insurance Company d/b/a USAA*

Michael L. Danoff
Michael L. Danoff & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Independent Automobile Dealers Service*
      *Corporation, Ltd. and New Mexico Independent Automobile Dealers*
      *Association, Inc.*