IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DELFINO PEDROZA and LILIANA
ANDRADE,

      Plaintiffs,

vs.                                                                                                                                                                   No. CIV 07-0591 JB/RHS

LOMAS AUTO MALL, INC.; M.D. LOHMAN, d/b/a
LOHMAN MOTORS; WESTERN SURETY COMPANY;
USAA CASUALTY INSURANCE COMPANY d/b/a USAA;
and INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD,

      Defendants.

LOMAS AUTO MALL, INC. and M.D. LOHMAN, d/b/a
LOHMAN MOTORS,

      Counter claimants,

vs.

DELFINO PEDROZA and LILIANA
ANDRADE,

      Counterclaim Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant USAA's Notice of Objection to Deposition Testimony, filed May 13, 2009 (Doc. 424)("Objection"). The Court discussed the objection with the parties during the trial, on May 19, 2009. The primary issue is whether the Court should allow the Plaintiffs to read into the record portions of Benny Wilson's deposition testimony from <u>Polack v. Lomas Auto Mall</u>, No. 08-1740 (Bernalillo County District Court). Because Defendant USAA Casualty Insurance Company d/b/a USAA was not present for the deposition, had

no reasonable notice of the deposition, and is not a party or a successor in interest to any party at that deposition, and because the Plaintiffs do not oppose the objection, the Court will sustain the objection.

## PROCEDURAL BACKGROUND

On May 6, 2009, the Plaintiffs informed USAA that it intended to read part of Wilson's deposition testimony into evidence at trial. See Exhibit A to Objection, Letter from Rob Treinen to Other Counsel at 1-2 (dated May 6, 2009)(Doc. 424-2). According to USAA, that deposition testimony concerns an unrelated case involving allegations that Defendant Lomas Auto Mall misrepresented the condition of a Chevrolet Tahoe it sold at an auction on September 6, 2007. See Objection ¶ 2, at 2. USAA contends that this testimony is inadmissible because it is irrelevant, confusing, and as a result of being confusing, prejudicial. See id. ¶¶ 3-4, at 2. USAA also argues that USAA was not able to depose Wilson because it was not a party to that lawsuit and therefore the Court should exclude the evidence under rule 32(a)(1) of the Federal Rules of Civil Procedure and rule 804(b)(1) of the Federal Rules of Evidence. See Objection ¶ 5, at 2-3. On May 19, 2009, Rob Treinen, the Plaintiffs' attorney, informed the Court that the Plaintiffs did not oppose the objection and did not intend to call Wilson. See Transcript of Trial: Day Two at 216:3-18 (taken May 19, 2009).[1]

## ANALYSIS

The Court will not allow the Plaintiffs to use Wilson's deposition testimony against USAA. Both rule 32(a)(1) of the Federal Rules of Civil Procedure and rule 804(b)(1) of the Federal Rules of Evidence bar the Plaintiffs from using the deposition against USAA in the circumstances here.

---

[1] The Court's citations to the transcript of the trial refer to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

Moreover, the Plaintiffs have now stated that they do not contest the objection.

      Under rule 32(a)(1) of the Federal Rules of Civil Procedure:

(1) In General. At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

      (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

      (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

      (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1). USAA focuses on rule 32(a)(1)(A), which requires that the party a deposition is used against have been present or represented at the deposition or had reasonable notice of the deposition. There is no dispute that USAA falls into none of these categories. Accordingly, the deposition testimony cannot properly be offered against USAA.

      Rule 804(b)(1) of the Federal Rules of Evidence provides a hearsay exception that is similar to the standard in rule 32(a)(1)(A) of the Federal Rules of Civil Procedure. Rule 804(b)(1) provides that, if a witness is unavailable:

Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, <u>if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination</u>.

Fed. R. Evid. 804(b)(1) (emphasis added). Again, there is no dispute here that USAA was not a party, or successor in interest to any of the parties, in <u>Polack v. Lomas Auto Mall</u>. Accordingly, absent some other hearsay exception, Wilson's deposition testimony would be hearsay if offered against USAA. Based upon rule 32(a)(1) of the Federal Rules of Civil Procedure, rule 804(b)(1) of the Federal Rules of Evidence, and the Plaintiffs' concession, the Court will not allow the Plaintiffs

to offer the deposition testimony against USAA.

**IT IS ORDERED** that Defendant USAA's Notice of Objection to Deposition Testimony is sustained.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Richard N. Feferman
Rob Treinen
Charles S. Parnall
Feferman & Warren
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs and Counterclaim Defendants*

William F. Davis
Charles R. Hughson
Brett Steinbook
William F. Davis & Assoc., P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants and Counter claimants Lomas Auto Mall, Inc.*
      *and M.D. Lohman d/b/a Lohman Motors*

Judd C. West
Michael Neill
Doughty and West, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Western Surety Company*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

-- and --

Charles J. Vigil
Leslie McCarthy Apodaca
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Jeffrey W. McElroy
John Paul Valdez
Ray, Valdez, McChristian & Jeans, P.C.
El Paso, Texas

-- and --

Robert E. Valdez
Lynn Rada
Ray, Valdez, McChristian & Jeans, P.C.
San Antonio, Texas

  *Attorneys for Defendant USAA Casualty Insurance Company d/b/a USAA*

Michael L. Danoff
Michael L. Danoff & Associates, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendant Independent Automobile Dealers Service*
   *Corporation, Ltd. and New Mexico Independent Automobile Dealers*
   *Association, Inc.*