# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DELFINO PEDROZA and LILIANA ANDRADE,

       Plaintiffs,

vs.                                     No. CIV 07-0591 JB/RHS

LOMAS AUTO MALL, INC.; M.D. LOHMAN d/b/a
LOHMAN MOTORS; WESTERN SURETY COMPANY;
USAA CASUALTY INSURANCE COMPANY d/b/a USAA;
and INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD.,

       Defendants.

LOMAS AUTO MALL, INC. and M.D. LOHMAN d/b/a
LOHMAN MOTORS,

       Third Party Plaintiffs,

vs.

INDEPENDENT AUTO DEALERS SERVICE
CORPORATION, LTD. and NEW MEXICO INDEPENDENT
AUTOMOBILE DEALERS' ASSOCIATION, INC.,

       Third Party Defendants.

WESTERN SURETY COMPANY,

       Crossclaimant,

vs.

LOMAS AUTO MALL, INC. and M.D.
LOHMAN d/b/a LOHMAN MOTORS,

       Crossclaim Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes  before the Court on: (i) the Joint Motion of Plaintiffs, Defendant

M.D. Lohman d/b/a Lohman Motors and Defendant Lomas Auto Mall, Inc. to Modify the Judgment Order, filed June 12, 2009 (Doc. 470); and (ii) Motion in Opposition to Plaintiff's Proposed Judgment as to USAA, filed June 12, 2009 (Doc. 472)("Opposition").  The Court held a hearing on August 10, 2009.  The primary issues are: (i) whether the Court should change the interest rate in the proposed judgment the Court will enter; and (ii) whether the Court should include an assessment of $100.00 in statutory damages against Defendant USAA Casualty Insurance Company d/b/a USAA in the judgment, despite the jury finding that USAA's violations of the New Mexico Unfair Practices Act ("UPA") were not the cause of any damages to the Plaintiffs.  Because the request to change the interest rate in the proposed judgment is unopposed, the Court will grant that motion. When the Court enters the judgment it will indicate that the applicable interest is determined by 28 U.S.C. § 1961 rather than the rates in the original proposed judgment.  Because the Supreme Court of New Mexico has interpreted the UPA to not require a plaintiff to show that a UPA violation caused him or her actual damages to recover the statutory award of $100.00, the Court will include that award in the judgment.

## PROCEDURAL BACKGROUND

This case concerns claims of fraud and unfair practices against several Defendants involved in the various stages through which a theft-recovered 2005 GMC Sierra passed before being sold to the Plaintiffs on a clean title.  One of the claims that the Plaintiffs have advanced in this case is that USAA, who was the insurer of the Sierra when it was stolen and who auctioned off the Sierra after its recovery to other Defendants, violated the UPA by procuring a clean title for the Sierra.  On January 28, 2009, the Court granted the Plaintiffs' motion for partial summary judgment, finding that the Sierra warranted a salvage title and that USAA violated the UPA by seeking a clean title for the Sierra.  See Memorandum Opinion and Order at  7-8, 15 (Doc. 356)("MOO").  The Court,

however, reserved for the jury the questions of "causation or damages," and limited its ruling "to

the issue of liability under the UPA."   MOO at 15.

The case continued on and was eventually tried to a jury.  A special verdict form was given

to the jury and the jury was asked two questions regarding USAA and the UPA:

> 19.    Was Defendant USAA Casualty Insurance Company d/b/a USAA's violation
>        of the Unfair Practices Act a cause of any of Plaintiffs' damages?
>
>        _____ Yes        _____ No
>
> 20.    Did Defendant USAA Casualty Insurance Company d/b/a USAA act
>        willfully in violating the Unfair Practices Act?
>
>        _____ Yes        _____ No

Special Verdict Form at 4, filed May 28, 2009 (Doc. 461)("Verdict").  The jury answered both

questions no.  Similar questions were asked regarding the other Defendants, except that the jury was

first asked whether the Defendant in question violated the UPA.  The jury found that Defendant

M.D. Lohman d/b/a Lohman Motors wilfully violated the UPA and caused damages to the Plaintiffs,

and also found that Lohman Motors and Defendant Lomas Auto Mall, Inc. conspired to violate the

UPA.  See Verdict ¶¶ 16-18, 32-33, at 3-4, 6.

The parties agreed on a verdict form that had discrete categories of damages which could be

supported by any of several findings of liability.  Based upon the finding that Lohman Motors

violated the UPA and thereby caused the Plaintiffs damages, the jury was instructed that it could

award compensatory damages for aggravation and humiliation, for loss of use of the Sierra, for

replacement transportation, and for out-of-pocket expenses.  See Verdict ¶¶ 36-39, at 6-7.  The jury

awarded $2,500.00 for aggravation and humiliation, $3,196.00 for loss of use, $14.95 for out-of-

pocket expenses, and nothing for replacement transportation.  See id.  The jury also found that

Lohman Motors committed fraud, which was identified as grounds for awarding the other

-3-

compensatory damages.

After the verdict was returned, the Plaintiffs proposed a form of judgment.  <u>See</u> Exhibit to June 5, 2009 Hearing.  With two exceptions, the parties agree that the proposed judgment is proper. USAA objects to a provision in the judgment that includes an award of $100.00 in statutory damages against USAA for violating the UPA, and asks that the Court delete that provision from the proposed judgment.  In addition, Lohman Motors and Lomas Auto Mall have filed a joint, unopposed motion asking the Court to modify the rate of interest the Plaintiffs seek on their damages awards.

In opposition to the Plaintiffs' request for statutory damages, USAA first contends that such an award would constitute double recovery given that the Plaintiffs have been awarded actual compensatory damages in excess of the statutory amount.  <u>See</u> Opposition at 3-4.  Second, USAA argues the Plaintiffs' request is contrary to the jury's verdict and the manner in which the trial was litigated.  <u>See</u> <u>id.</u> at 4-6.  Finally, USAA contends that New Mexico case law requires that a UPA violation be a cause of a plaintiff's loss before statutory damages can be awarded.  <u>See</u> Opposition at 6-11.

The Plaintiffs counter that the Supreme Court of New Mexico, in <u>Page & Wirtz Construction Company v. Solomon</u>, 110 N.M. 206, 794 P.2d 349 (1990), has held that causation is not necessary for a recovery of statutory damages.  <u>See</u> Plaintiff's Response to USAA's Opposition to Proposed Form of Judgment at 3-7, filed June 19, 2009 (Doc. 479)("Response").  The Plaintiffs maintain that the case law USAA cites for its position can be read as consistent with the Plaintiffs' view of <u>Page & Wirtz Construction Company v. Solomon</u>, and that the Supreme Court of New Mexico's interpretation of the UPA triumphs in the event of any conflict.  <u>See</u> Response at 8-11.  The Plaintiffs also contend that USAA's double-recovery argument ignores the rule that damages can be awarded against joint defendants based on non-overlapping conduct.  <u>See</u> <u>id.</u> at 11-14.  In

-4-

addition to that contention, the Plaintiffs state that they are limiting their recovery of actual damages against Lohman Motors to fraud damages and are not seeking damages under the UPA against Lohman Motors.  See Response at 13.

USAA argues that this purported damages waiver does not work to avoid the prohibition against double recovery, and that the Plaintiffs' actions are an attempt to evade the jury's findings. See Reply in Support of Defendant USAA's Motion in Opposition to Plaintiff's Proposed Judgment at 4-8, filed June 29, 2009 (Doc. 482)("Reply").  Moreover, USAA maintains that the UPA's plain language limits statutory damages to situations in which a UPA violation causes an actual loss. See Reply at 8-10.  Lastly, USAA contends that Page & Wirtz Construction Company v. Solomon and its progeny are distinguishable from the case here.  See Reply at 10-13.

At the hearing, Robert Feferman, the Plaintiffs' attorney, asserted that the key issue was whether New Mexico law required causation to recover statutory damages and contended that New Mexico law did not.  See Transcript of Hearing at 5:13-7:4 (Feferman & Court)(taken August 10, 2009)("Tr.").[1]  Mr. Feferman argued that USAA's double-recovery argument was off base because USAA violated the UPA by getting a clean title, while the UPA violations of different Defendants dealt with other conduct.  See Tr. at 11:12-24 (Feferman).  Charles Vigil, USAA's counsel, stated that it was possible that Page & Wirtz Construction Company v. Solomon would allow for statutory damages without showing the amount of loss, but that a finding that a violation caused some loss was still necessary.  See Tr. at 15:1-16:22, 23:20-27:19 (Court & Vigil).  Mr. Vigil also emphasized that the Court's instructions to the jury included a causation element for the UPA claims.  See Tr. at 27:20-28:18 (Vigil).   Mr. Vigil also argued that accepting the Plaintiffs' interpretation

_____

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

eliminating a causation requirement would create a standing problem in which anyone could sue over a UPA violation.  <u>See</u> Tr. at 37:12-38:5.

<u>**LAW REGARDING DAMAGE AWARDS UNDER THE UPA**</u>

Under the UPA, "[a]ny person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a[n] . . . [unfair practice] . . . may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater."  NMSA 1978, § 57-12-10B.  The Supreme Court of New Mexico has discussed this provision and when it authorizes an award of statutory damages:

> The Unfair Trade Practices Act authorizes two types of private remedies. Under Section 57-12-10(A):
>
>> A person likely to be damaged by an unfair or deceptive trade practice or by an unconscionable trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive or take unfair advantage of any person is not required.
>
> Under Section 57-12-10(B):
>
>> Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater. Where the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court may award up to three times actual damages or three hundred dollars ($300), whichever is greater, to the party complaining of the practice.
>
> The first remedy under the statute, injunctive relief, expressly is not conditioned upon proof of monetary loss. Any person likely to be damaged by an unfair or deceptive trade practice of another may obtain such relief; monetary loss is "not required." Section 57-12-10(A). For example, relief under this provision might be had by one commercial enterprise from the deceptive advertising campaign of another. A competitor might complain that their company could suffer loss of market

-6-

share and profits because the public might be deceived. *E.g., Anheuser-Bush, Inc. v. Florist's Ass'n of Greater Cleveland, Inc.*, 603 F.Supp. 35 (N.D. Ohio 1984) (brewer denied an injunction against florist's promotional campaign under Ohio Deceptive Trade Practices Act); *Claybourne v. Imsland*, 414 N.W.2d 449 (Minn.Ct.App.1987) (operator of computer sales and service business granted an injunction against competitor's use of deceptive trade name under Minnesota Deceptive Trade Practices Act).

In contrast, recovery of damages under paragraph (B) includes only those persons "who suffer any loss of money or property." The paragraph authorizes recovery of "actual damages" or the sum of one hundred dollars, whichever is greater. Section 57-12-10(B). Such damages might be suffered either by a consumer of goods or services, or the commercial competitor of an enterprise engaged in deceptive trade practices. However, in either case the aggrieved party must produce evidence of "loss of money or property" as a result of the practice. *Id.*

The record in this case reflects no such loss. Therefore, recovery is limited to one hundred dollars, which may be trebled by the court when the party willfully has engaged in the unfair or deceptive practice. *Id.* We do not address whether any violation here was willful as the question has not been raised. Page & Wirtz requested that if the judgment with respect to the Unfair Trade Practices Act is affirmed, Solomon's damages should be limited to $300.

The decision of the district court is reversed. We remand this case to the district court with instructions to enter an award in favor of Page & Wirtz in the amount of $80,772.94 based upon the unpaid amount due on the remodeling contract, and to enter an award of $300 in favor of Solomon on his claims under the Unfair Trade Practices Act.

Page & Wirtz Construction Company v. Solomon, 110 N.M. at 211-12, 794 P.2d at 354-55. Several

New Mexico courts have considered this language.

In Jones v. General Motors Corp., 124 N.M. 606, 953 P.2d 1104 (Ct. App. 1998), the New

Mexico Court of Appeals read Page & Wirtz Construction Company v. Solomon as holding "that

if a plaintiff produces no evidence showing loss of money or property" then the plaintiff's damages

are limited to the statutory damages. Jones v. General Motors Corp. ¶ 23, 124 N.M. at 611, 953 P.2d

at 1109. Thus, the Court of Appeals held that, "[i]n the absence of actual losses, Plaintiff is still

entitled . . . to recover the statutory damages of one hundred dollars." Id. This understanding was

reiterated in <u>Lohman v. Daimler-Chrysler Corp.</u>, 142 N.M. 437, 166 P.3d 1091 (Ct. App. 2007), with the Court of Appeals following <u>Jones v. General Motors Corp.</u>'s reading of <u>Page & Wirtz Construction Company v. Solomon</u> and finding that "[t]hese authorities clearly establish that the UPA does not require proof of actual monetary or property loss." <u>Lohman v. Daimler-Chrysler Corp.</u> ¶ 44, 142 N.M. at 446, 166 P.3d at 1100. Though critical of <u>Page & Wirtz Construction Company v. Solomon</u>'s holding, the Honorable Martha Vazquez, Chief United States District Judge, has observed that, "[w]hile the language of [§ 52-12-10B] appears to require proof of a loss of money or property prior to the award of any damages," <u>Page & Wirtz Construction Co. v. Solomon</u> awarded statutory damages in the absence of any proof of actual loss. <u>Mulford v. Altria Group, Inc.</u>, 242 F.R.D. 615, 621 n.4 (D.N.M. 2007)(Vazquez., C. J.).

Other cases from New Mexico have also considered damages under the UPA. For instance, in <u>Chavarria v. Fleetwood Retail Corp.</u>, 137 N.M. 783, 115 P.3d 799 (Ct. App. 2005), <u>rev'd in part on other grounds</u> by <u>Chavarria v. Fleetwood Retail Corp.</u>, 140 N.M. 478, 143 P.3d 717 (2006), the New Mexico Court of Appeals reversed a trial court's award of UPA damages because it found the evidence presented at trial "insufficient to establish that Plaintiffs sustained any actual injury as a result of the deceptive practice in question." <u>Chavarria v. Fleetwood Retail Corp.</u> ¶ 25, 137 N.M. at 794, 115 P.3d at 810. And in <u>Smoot v. Physicians Life Ins. Co.</u>, 135 N.M. 265, 87 P.3d 545 (Ct. App. 2004), the Court of Appeals, in the context of comparing reliance and causation, observed that "the UPA . . . require[s] proof of a causal link between conduct and loss." <u>Smoot v. Physicians Life Ins. Co.</u> ¶ 21, 135 N.M. at 270, 87 P.3d at 550.

## ANALYSIS

There are two issues with the proposed judgment in this case. The first issue is the post-judgment interest rate. As the parties now agree, 28 U.S.C. § 1961 sets the applicable rates for

federal court.  The other issue, whether the Plaintiffs are entitled to statutory damages under the

UPA, requires more analysis.  For the most part, the Court agrees with the Plaintiffs that they need

not show causation or amount of loss to recover the minimum statutory award for a UPA violation,

and will therefore include an award of statutory damages in the judgment.

## I.    POST-JUDGMENT INTEREST ON STATE CLAIMS IN FEDERAL COURT IS CALCULATED UNDER FEDERAL LAW.

The Plaintiffs' initial proposed judgment seeks post-judgment interest on actual and punitive

damages at a rate of fifteen-percent interest per year, and post-judgment interest on humiliation and

aggravation damages at eight-and-three-quarters percent interest per year.[2]  Lomas Auto Mall and

Lohman Motors ask that the Court change those rates.  Federal law governs the calculation of post-

judgment interest in federal court, which is considered a procedural matter, even on state-law claims.

See Transpower Constructors v. Grand River Dam Authority, 905 F.2d 1413, 1423-24 (10th Cir.

1990).  Under 28 U.S.C. § 1961, post-judgment interest is tied to United States Treasury bond rates.

Because the request is unopposed, and because it is in accord with the law on the subject, the Court

will grant Lomas Auto Mall's and Lohman Motors' motion.  When the Court enters the judgment,

the judgment will reflect that interest is to be calculated pursuant to § 1961.

## II.   THE COURT WILL AWARD STATUTORY DAMAGES FOR USAA'S VIOLATION OF THE UPA.

The primary issue is whether Page & Wirtz Construction Company v. Solomon holds that,

in a situation such as here, where a jury finds that a defendant did not cause any actual loss to a

plaintiff, statutory damages under the UPA are to be awarded.  The Court believes that Page & Wirtz

---

[2] The most recent proposed judgment, see Exhibit A to Response, states that the interest rate will be calculated under 28 U.S.C. § 1961.  The Court will formally rule on the matter, however, to make it clear that the judgment the Court will enter will use the federal statute.

Construction Company v. Solomon requires such an award here and, under the Erie doctrine, that

holding binds the Court.   Additionally, USAA raises other challenges whether Page & Wirtz

Construction Company v. Solomon applies to the facts here, whether the Plaintiffs are

circumventing the verdict, and whether a statutory award would constitute double recovery.   The

Court finds these additional challenges unpersuasive.

### A.   PROOF OF ACTUAL LOSS IS NOT NECESSARY FOR A PLAINTIFF TO RECOVER THE MINIMUM STATUTORY DAMAGES UNDER THE UPA.

The statutory language tends to lead the Court in a different direction, but the Supreme Court

of New Mexico has held that proof of loss is not a prerequisite to the recovery of statutory damages.

Other case law from New Mexico confirms and supports the Court's interpretation of Page & Wirtz

Construction Company v. Solomon.   Under the Erie doctrine, the Court must follow the Supreme

Court of New Mexico's decision on this topic, and so the Court finds that the Plaintiffs need not

prove actual loss, or causation, to recover statutory damages against USAA.

Damages may be awarded for UPA violations, pursuant to NMSA 1978, § 57-12-10B, which

reads:

> Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater.

NMSA 1978, § 57-12-10B.   If the Court were writing on a clean slate, it would hold that the plain

language of this provision requires that a plaintiff seeking damages prove actual loss.   The prefatory

language regarding who may sue -- "Any person who suffers any loss of money or property . . . as

a result of [a UPA violation]" -- governs both the recovery of actual damages and the statutory

$100.00 damages.   The Plaintiffs contend that the statutory damages, which are listed after the

disjunctive "or," is not modified by the phrase "who suffers any loss of money or property, real or

personal."  This construction presents problems.  The "who suffers" language is arguably an indivisible part of the prefatory clause.  There is no way to read the provision the way the Plaintiffs want without ignoring English grammar.  The language about actual loss as a result of a UPA violation is necessary for the provision to make sense.[3]  Reading the provision in a natural way requires reading the prefatory language to apply to the statutory damages.  The statutory damages are part of a disjunctive clause, but the disjunctive clause is between two remedies, with both halves of the clause subject to the conditions requiring actual loss.

Though the plain language points to a requirement of actual loss, the Court is not writing on a clean slate.  The Supreme Court of New Mexico has spoken on the topic, in Page & Wirtz Construction Company v. Solomon.  Federalism principles, as expressed in the Erie doctrine, require that the Court defer to the Supreme Court of New Mexico's interpretation of the statute.  See Wade v. EMCASCO Ins. Co., 483 F.3d 657, 665-66 (10th Cir. 2007).  Thus, the primary issue is not what the statute says, but what the Supreme Court of New Mexico has said about the statute.  Page & Wirtz Construction Company v. Solomon is somewhat opaque when it discusses whether a plaintiff must prove loss.  To guide the Court in interpreting what Page & Wirtz Construction Company v. Solomon holds, the Court will look to the statutory language and to other courts interpreting the statute or the pronouncement in Page & Wirtz Construction Company v. Solomon, but the ultimate question will remain how the Supreme Court of New Mexico interprets § 57-12-10B.

---

[3] For example, if the loss language did not govern the statutory damages, then the relevant language would read: "Any person . . . as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover . . . the sum of one hundred dollars ($100)."  And if the "result of" language did not apply to the statutory damages, which would be necessary to make the sentence sensible if the loss language were ignored, then the relevant language would say that "[a]ny person . . . may bring an action to recover . . . the sum of one hundred dollars ($100)," which would then give no indication of what the statute covers.

While Page & Wirtz Construction Company v. Solomon is far from the unequivocal holding that the Plaintiffs tout it as, the Court agrees that the Supreme Court of New Mexico appears to understand statutory damages to be available in the absence of any actual loss.  At first, the Supreme Court's discussion favors USAA.  The Supreme Court begins by drawing a distinction between injunctive relief under § 57-12-10A, which "expressly is not conditioned upon proof of monetary loss," and "recovery of damages under" § 57-12-10B, "which includes only those persons who suffer any loss of money or property."  Page & Wirtz Construction Company v. Solomon, 110 N.M. at 211, 794 P.2d at 354 (internal quotation marks omitted).  The Supreme Court notes that the latter "paragraph authorizes recovery of 'actual damages' or the sum of one hundred dollars, whichever is greater."  Despite emphasizing the need for a loss of money of property, however, the Supreme Court goes on, more ambiguously, to state:

> Such damages might be suffered either by a consumer of goods or services, or the commercial competitor of an enterprise engaged in deceptive trade practices.  However, in either case the aggrieved party must produce evidence of "loss of money or property" as a result of the practice.
>
> The record in this case reflects no such loss. Therefore, recovery is limited to one hundred dollars, which may be trebled by the court when the party willfully has engaged in the unfair or deceptive practice.

Page & Wirtz Construction Company v. Solomon, 110 N.M. at 211-12, 794 P.2d at 354-55 (citation omitted).  Given the earlier distinctions the Supreme Court drew, it is not immediately apparent whether "no such loss" being shown in the record refers to no evidence of loss or no evidence of loss over $100.00.  The "in either case" language, however, coming on the heels of a sentence noting two possible situations, one involving consumers, the other involving competitors, indicates that the Supreme Court is saying that in either of those two situations a plaintiff must show loss, rather that referring to statutory and actual damages scenarios.  And thus the sentence that "no such loss" was

-12-

shown that follows immediately after this sentence is best read as meaning that no showing of loss was made, rather than no showing of a loss above $100.00.

This interpretation may conflict with what the statute appears to require.  When the highest court of a state has spoken, however, it is not the Court's job to second guess that decision.  When there is no case on point from the highest court, a federal court may consult lower court decisions, cases from other states, federal district court opinions from the state, and general principles of law to predict how the court would rule, but when the highest court has ruled, a federal court's only task is to apply that law.  See Wade v. EMCASCO Ins. Co., 483 F.3d at 665-666.  "The federal court must follow the most recent decisions of the state's highest court."  Id.

No other case from the Supreme Court of New Mexico deals with the issue here.  USAA is able to marshal several decisions from other courts that it contends support its view, but those decisions cannot stand in the face of a contrary decision from the Supreme Court.  Moreover, those cases do not favor USAA as much as USAA maintains, while there are other cases from New Mexico that reinforce the Plaintiffs' construction of the law.

In Chavarria v. Fleetwood Retail Corp., the New Mexico Court of Appeals reversed a trial court's award of UPA damages because it found the evidence presented at trial "insufficient to establish that Plaintiffs sustained any actual injury as a result of the deceptive practice in question." Chavarria v. Fleetwood Retail Corp. ¶ 25, 137 N.M. at 794, 115 P.3d at 810.  What the Court of Appeals was reversing, however, was an award of $1,720.00 for the defendant's unlicensed selling of insurance to the plaintiff. See id. ¶ 24, 137 N.M. at 793, 115 P.3d at 809.  The Court of Appeals did not discuss statutory damages, and whether they were available or unavailable in light of the lack of evidence regarding causation and damages.

Smoot v. Physicians Life Ins. Co. also notes that causation is a requirement for damages

-13-

under the UPA.  The Court of Appeals' discussion, however, occurs in the context of contrasting causation, which it said to be required, with reliance, which the Court of Appeals held was not an element of a UPA claim.  See Smoot v. Physicians Life Ins. Co. ¶¶ 19-21, 135 N.M. at 270-71, 87 P.3d at 550-51.  Statutory damages and Page & Wirtz Construction Company v. Solomon do not figure into the discussion at all.  Smoot v. Physicians Life Ins. Co.'s statement that NMSA 1978 § 52-12-10B requires a showing of causation does not appear to even necessarily conflict with the holding of Page & Wirtz Construction Company v. Solomon, which did not hold that proof of loss was not required under § 52-12-10B for actual damages, but rather held that statutory damages did not require that proof.

The last case from the New Mexico Court of Appeals that USAA cites also does little to aid its cause.  Brooks v. Norwest Corp., 136 N.M. 599, 103 P.3d 39 (Ct. App. 2004), dismissed claims in a class action for failure to show evidence of actual damages.  In doing so, however, the Court of Appeals cited § 52-12-10E, which limits the damages class members in a class action can recover to actual damages, and did not discuss whether the causation requirement also applied to statutory damages.  See Brooks v. Norwest Corp. ¶ 38, 136 N.M. at 611, 103 P.3d at 51.  Like the other cases, Brooks v. Norwest Corp. thus has little to say on the issue here.

In contrast to the, at best, tepid support that these cases provide to USAA, Lohman v. Daimler-Chrysler Corp. and Jones v. General Motors Corp. strongly endorse the Plaintiffs' position. In Jones v. General Motors Corp., the New Mexico Court of Appeals read Page & Wirtz Construction Company v. Solomon as holding "that if a plaintiff produces no evidence showing loss of money or property" then the plaintiff's damages are limited to the statutory damages.  Jones v. General Motors Corp. ¶ 23, 124 N.M. at 611, 953 P.2d at 1109.  Thus, the Court of Appeals held that, "[i]n the absence of actual losses, Plaintiff is still entitled . . . to recover the statutory damages

of one hundred dollars." Id.  This understanding was reinforced in Lohman v. Daimler-Chrysler Corp., which post-dates the cases USAA cites, with the Court of Appeals following Jones v. General Motors Corp.'s reading of Page & Wirtz Construction Company v. Solomon and finding that "[t]hese authorities clearly establish that the UPA does not require proof of actual monetary or property loss." Lohman v. Daimler-Chrysler Corp. ¶ 44, 142 N.M. at 446, 166 P.3d at 1100.

The New Mexico Court of Appeals is not the only other court besides the Supreme Court of New Mexico to consider damages under the UPA.  In a case from this District, Mulford v. Altria Group, Inc., Chief Judge Vazquez observed that, "[w]hile the language of [§ 52-12-10B] appears to require proof of a loss of money or property prior to the award of any damages," Page & Wirtz Construction Co. v. Solomon awarded statutory damages in the absence of any proof of actual loss. Mulford v. Altria Group, Inc., 242 F.R.D. at 621 n.4.  Chief Judge Vazquez noted that this ruling appeared to be inconsistent with the later cases of Brooks v. Norwest Corp. and Smoot v. Physicians Life Ins. Co.  See Mulford v. Altria Group, Inc., 242 F.R.D. at 621 n.4.  Although USAA cites Chief Judge Vazquez as holding that a UPA violation alone will not support recovery of statutory damages, her opinion holds only that, in the class context, class members are limited to actual damages.  See Mulford v. Altria Group, Inc., 242 F.R.D. at 629.  As the Court has noted before, this feature, however, is imposed by statute under § 52-12-10E.  Mulford v. Altria Group, Inc. notes the tension in New Mexico law, but ultimately does not hold that a showing of actual damages is necessary for a recovery of statutory damages.

In fact, Mulford v. Altria Group, Inc. tends to support the Plaintiffs.  Chief Judge Vazquez' reading of Page & Wirtz Construction Co. v. Solomon is that the case stands for allowing statutory damages despite no showing of loss.  Whatever tension may exist in the case law -- and, as the Court has discussed, that tension may not be as great as USAA asserts -- Page & Wirtz Construction Co.

-15-

v. Solomon, as the lone Supreme Court of New Mexico decision on an issue of New Mexico law, trumps.

At the hearing, USAA also argued that Page & Wirtz Construction Company v. Solomon may hold that proof of the amount of loss is not required, but that causation is still required. Logically, this argument is coherent.  Causation and damages are inextricably linked: showing that some action was the cause of damages necessarily implies that there are damages.  It does not make sense to require a plaintiff to prove the defendant's violation caused damages, but not require the defendant to prove any damages, injury, or harm.  It is possible, however, for a plaintiff to convince a jury of causation but fail to establish the amount of damages. The Court does not believe, however, that a reading of the UPA that requires a showing of causation, but not of any damages or injury, is the one that the Supreme Court adopted in Page & Wirtz Construction Company v. Solomon.

In Page & Wirtz Construction Company v. Solomon, the Supreme Court of New Mexico rejected one of the plaintiff's theories about liability under the UPA and therefore had to address whether the remaining theories supported damages.  The Supreme Court found they did not, stating: "Therefore, any damages which Solomon has suffered must stem from these actions rather than some other asserted source.  There is no evidence that either of these actions resulted in any monetary damage to Solomon."  110 N.M. at 211, 794 P.2d at 354 (emphasis added).  Despite this failing, the Supreme Court found that statutory damages were appropriate.  Thus, Page & Wirtz Construction Company v. Solomon's holding addresses causation and not just a failure to establish the amount of damages that has been caused.

The cases discussing Page & Wirtz Construction Company v. Solomon bolster this reading. Jones v. General Motors Corp. reads Page & Wirtz Construction Company v. Solomon as holding that statutory damages are to be awarded "if a plaintiff produces no evidence showing loss of money

or property," and that "[i]n the absence of actual losses," the statutory award is appropriate.  Id. ¶ 23, 124 N.M. at 611, 953 P.2d at 1109.  The wording -- "showing loss" and "absence of actual losses" -- indicates that the New Mexico Court of Appeals is stating statutory damages is appropriate when there is no loss; that is, when there is no causation.  Lohman v. Daimler-Chrysler Corp. similarly says that "the UPA does not require proof of actual monetary or property loss."  Lohman v. Daimler-Chrysler Corp. ¶ 44, 142 N.M. at 446, 166 P.3d at 1100.  Again, "proof of actual . . . loss" is indicative of causation and not amount.  Lack of evidence of the loss itself is a lack of evidence of causation.  These cases read Page & Wirtz Construction Company v. Solomon, as does the Court, as holding that causation is not necessary for statutory damages under the UPA.

In sum, a close reading of Page & Wirtz Construction Co. v. Solomon reveals that the case holds that statutory damages may be awarded without any showing of actual losses.  Cases from both the New Mexico Court of Appeals and the District of New Mexico have interpreted Page & Wirtz Construction Co. v. Solomon as standing for this proposition.  And while there are some cases that might provide some support for USAA's stance, that support is not significant, particularly in light of the stronger language in other cases.  Ultimately, whatever conflict may exist in the case law, there is one Supreme Court case at issue, and that case therefore controls.  The holding of Page & Wirtz Construction Co. v. Solomon may strike some as straining the language, but the Court is not free to substitute its judgment for that of the Supreme Court of New Mexico.

### B.  PAGE & WIRTZ CONSTRUCTION CO. v. SOLOMON APPLIES TO THIS CASE.

In its Reply, USAA attempts to distinguish Page & Wirtz Construction Co. v. Solomon from the facts of this case.  According to USAA, Page & Wirtz Construction Co. v. Solomon is a narrow holding that applies to limited situations.  Neither the New Mexico Court of Appeals, in Lohman

v. Daimler-Chrysler Corp. and Jones v. General Motors Corp., nor Chief Judge Vazquez, in Mulford v. Altria Group, Inc. seemed to think that the case, whatever its merits, was a narrow holding.  And USAA's attempts to distinguish the case are unpersuasive.

USAA correctly notes that, in Page & Wirtz Construction Co. v. Solomon, the Supreme Court of New Mexico found substantial evidence to support a violation of the UPA on certain theories, but found no evidence to support those theories causing monetary damages.  See Reply at 10-11 (citing Page & Wirtz Construction Co. v. Solomon, 110 N.M. at 208-211, 794 P.2d at 351-52).  According to USAA, however, because the Plaintiffs have presented evidence and have been awarded damages -- against co-Defendants, but not USAA -- Page & Wirtz Construction Co. v. Solomon is inapplicable.  USAA appears to be seizing on a minor factual distinction present in this case, but one which has no legal relevance.  The Court sees no sound reason why the Plaintiffs having introduced some evidence rather than none, and having received an award against some Defendants but not USAA, makes Page & Wirtz Construction Co. v. Solomon inapplicable.  Page & Wirtz Construction Co. v. Solomon says that, when a plaintiff fails to show actual losses from a defendant's conduct, the plaintiff is still entitled to statutory damages.  The Plaintiffs failed to show actual losses from USAA's conduct.  Because they proved a violation, however, they are entitled to statutory damages.  The Court acknowledges USAA contends that this construction is in conflict with the statutory language, but the Court must follow the Supreme Court of New Mexico's holding.  That holding may cause unintended consequences not present in Page & Wirtz Construction Co. v. Solomon, but that is not grounds for the Court to disregard a binding decision from New Mexico's highest court on an issue of New Mexico law.

Some of the confusion about Page & Wirtz Construction Co. v. Solomon seems to have been generated by the Supreme Court reviewing for "substantial evidence."  This theme cropped up in

both the Reply and at the hearing.  Substantial evidence, however, is the standard of review that New Mexico appellate courts apply when a challenge to a jury verdict.  See, e.g., Guest v. Allstate Ins. Co. ¶ 16, 145 N.M. 797, 205 P.3d 844, 853 (Ct. App. 2009)("This Court will not disturb a jury verdict unless it is unsupported by substantial evidence.").  The Court does not see the discussion of substantial evidence as having some special meaning in the context of the UPA.  Nor does the Court see Page & Wirtz Construction Co. v. Solomon as creating a standing problem that allows anyone to sue and receive damages for a UPA violation unconnected to them.  In federal court, Article III standing will serve to restrict such lawsuits.   To the extent that Page & Wirtz Construction Co. v. Solomon creates such a problem in state court, that is beyond the Court's power to correct.  It seems likely, however, that a court could, consistent with Page & Wirtz Construction Co. v. Solomon, require that, even if causation is not shown, the plaintiff be the target of an unfair trade practice.

> ### C.    THE PLAINTIFFS' REQUESTED DAMAGES IS NOT A CIRCUMVENTION OF THE VERDICT.

USAA also argues that the Plaintiffs' request for statutory damages at this stage is a circumvention of the jury's verdict.  According to USAA, the Plaintiffs' own proposed verdict form and jury instructions included proximate cause as an element and the Plaintiffs' request for damages at this point makes an end-run around what the jury was instructed.  This argument misses the point. There is no dispute that, to recover actual damages, the Plaintiffs were required to show causation. The Plaintiffs attempted to show causation and recover actual damages on their UPA claim against USAA, but failed.  Now the question is, irrespective of causation, are the Plaintiffs entitled to statutory damages? While the Court is not convinced that, as the Plaintiffs argue, statutory damages are solely the province of the Court -- there seems to be no reason why the jury could not have been

instructed that, if it did not find actual damages, to award $100.00 -- <u>Page & Wirtz Construction Co.</u> <u>v. Solomon</u> shows that a court can award such damages.   In <u>Page & Wirtz Construction Co. v.</u> <u>Solomon</u>, the New Mexico Supreme Court ordered the district court to enter the statutory damages. Whether the statutory award applied is an issue that would probably have been better addressed pre-trial, rather than wrangling about it afterwards, but the Court said that it was leaving the issue of damages on the UPA claim against USAA for trial, <u>see</u> MOO at 15, and the Court cannot see any sound reason for finding that the Plaintiffs are impermissibly attempting to evade the jury verdict.

### D.    THE COURT CAN AWARD STATUTORY DAMAGES WITHOUT THE PLAINTIFFS IMPERMISSIBLY OBTAINING A DOUBLE RECOVERY.

Finally, USAA also challenges that, even if the Plaintiffs are entitled to statutory damages as a general matter here, such an award would be a double recovery and thus prohibited.  The Plaintiffs counter that USAA's conduct is different than that of the other Defendants and they can be separately assessed damages.  Both sides are right to a degree, but the Plaintiffs have the better of the dispute.

New Mexico law prohibits double recovery of damages.  "Where there are different theories of recovery and liability is found on each, but the relief requested was the same, namely compensatory damages, the injured party is entitled to only one compensatory damage award." <u>Hood v. Fulkerson</u>, 102 N.M. 677, 680, 699 P.2d 608, 611 (1985).  USAA maintains that an award of statutory damages would run afoul of this ban, because the UPA permits either a statutory award or recovery of actual damages and the Plaintiffs have been awarded actual damages against other Defendants.  The Plaintiffs are correct, however, that this line of reasoning ignores that USAA can be held liable for its separate conduct.  Multiple liability and duplication of damages are distinct concepts.   The rule against double recovery prevents a plaintiff from recovering the same

compensatory damages twice, but does not prevent multiple parties from being found liable.  The Plaintiffs cannot recover both statutory damages and actual damages from the same party, but the Court sees no reason why one party could not be held liable for statutory damages and another party for actual damages under the UPA.

On the other hand, the Court agrees with USAA that the Plaintiffs' waiver of damages is, at least to some extent, problematic, but does not see any sound reason that the Plaintiffs should not be allowed to collect the $100.00 in statutory damages in addition to the actual damages from the other Defendants.  The Plaintiffs have stated they will limit their damages against Lohman Motors to fraud damages.  The Court does not see any procedural problem with this course of action, whether it is termed waiver or election of remedies.  Hood v. Fulkerson observed that the trial court was correct in requiring an election of remedies when there were multiple bases of liability for the same damages.  See 102 N.M. at 680, 699 P.2d at 611.  And under Page & Wirtz Construction Co. v. Solomon, recovery for statutory damages does not require causation and thus such damages are not tied to any particular harm, and cannot properly be regarded as a double recovery for the compensatory damages awarded against another defendant.  More importantly, the Court sees nothing in the UPA's language or the New Mexico case law that would indicate that the Plaintiffs' receiving actual damages against Lohman Motors precludes the Plaintiffs from recovering $100.00 from USAA.[4]

---

[4] There is an argument that the statutory damages, which are not tied by causation to any particular harm, should be viewed as overlapping with any compensatory damages, and that a contrary rule might, in some instance, place a plaintiff who fails to prove causation in a better situation than if he had proven causation.  The Court does not, however, believe that this argument, whatever its soundness as a policy matter, can succeed in light of Page & Wirtz Construction Co. v. Solomon.  The Supreme Court of New Mexico's decision to not require causation to recover statutory damages might lead to some unusual situations, but the Court remains bound by the Supreme Court's determination.

In sum, the Court will enter a judgment consistent with the most recent proposed judgment from the Plaintiffs.  See Exhibit A to Response.  This most recent proposal provides that 28 U.S.C. § 1961 governs the post-judgment interest, so that change is not necessary in the judgment itself, but the Court notes that it will accept the modification from the first proposed judgment.  The Court will also retain the statutory damages award in the judgment.

**IT IS ORDERED** that the Joint Motion of Plaintiffs, Defendant M.D. Lohman d/b/a Lohman Motors and Defendant Lomas Auto Mall, Inc. to Modify the Judgment Order is granted and the Motion in Opposition to Plaintiff's Proposed Judgment as to USAA is denied.  The Court will enter judgment as described in this opinion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Richard N. Feferman
Rob Treinen
Charles S. Parnall
Feferman & Warren
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs and Counterclaim-Defendants*

William F. Davis
Charles R. Hughson
Brett Steinbook
William F. Davis & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants, Counterclaimants, Third-Party Plaintiffs,*
    *and Crossclaim-Defendants Lomas Auto Mall, Inc. and M.D. Lohman*
    *d/b/a Lohman Motors*

Judd C. West
Michael Neill
Doughty and West, P.A.
Albuquerque, New Mexico

      *Attorneys for Defendant and Crossclaimant Western Surety Company*

Mark J. Klecan
Klecan & Childress
Albuquerque, New Mexico

-- and --

Charles J. Vigil
Leslie McCarthy Apodaca
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Jeffrey W. McElroy
John Paul Valdez
Ray, Valdez, McChristian & Jeans, P.C.
El Paso, Texas

-- and --

Robert E. Valdez
Lynn Rada
Ray, Valdez, McChristian & Jeans, P.C.
San Antonio, Texas

      *Attorneys for Defendant USAA Casualty Insurance Company d/b/a USAA*

Michael L. Danoff
Michael L. Danoff & Associates, P.C.
Albuquerque, New Mexico

      *Attorneys for Defendant and Third-Party Defendant Independent*
        *Automobile Dealers Service Corporation, Ltd. and New Mexico*
        *Independent Automobile Dealers Association, Inc.*